**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
FILED

2022 APR -4 P 1: 56

MARC A. STEPHENS,
Plaintiff,

v.

GURBIR S. GREWAL, ATTORNEY
GENERAL, STATE OF NEW JERSEY,
ATLANTIC COUNTY PROSECUTOR'S
OFFICE, STOCKTON UNIVERSITY,
GALLOWAY TOWNSHIP, ROBERT
BLASKIEWICZ, JR., DETECTIVE
SERGEANT MICHAEL MATTEOLI, All
Defendants sued Individually and in official
capacity.
Defendants

CASE NO.

**CIVIL RIGHTS**
**COMPLAINT,**
**AND TRIAL**
**BY JURY DEMAND**

## INTRODUCTION

1.    This is an action arising under (1) 42 U.S.C. § 1983, (2) the New Jersey

Civil Rights Act, N.J.S.A. 10:6-1, et seq., (3) Article I, Paragraphs 1, 6, and 7 of the

New Jersey Constitution, and (4) the Fifth, and Fourteenth Amendments of the United

States Constitution for an injunction, damages and equitable relief due to violation of

Right to Due Process, Malicious Prosecution, Frivolous Claims, False Evidence,

Negligent Hiring, Intentional Infliction of Emotional Distress, Respondent Superior,

and Defamation of Character against Plaintiffs Marc Stephens .

## JURISDICTION AND VENUE

2.    Pursuant to 28 U.S.CA. § 1391 and § 1343, this Court has subject matter

jurisdiction over this action because it involves federal questions arising under the

the United States Constitution and 42 U.S.C. § 1983 and § 1985.

3.    Venue is proper in this District pursuant to 28 USC § 1391 because

Defendants resides, work, and are located in New Jersey, and all acts giving rise to the

violation of law complained of occurred in this District.

4.    The amount in controversy exclusive of interest and costs exceeds the sum

of $75,000.00.

## THE PARTIES

5.   Plaintiff, Marc A. Stephens, a natural person and citizen of the United

States of America residing in the city of Englewood, New Jersey.

6.   Defendant, Gurbir S. Grewal, Attorney General, State of New Jersey.

7.   Defendant Stockton University, upon information and belief, is a New

Jersey public entity, and at all times relevant herein, Defendant Robert Blaskiewicz, Jr.

employer.

8.   Defendant, Robert Blaskiewicz, Jr., is a resident of the State of New Jersey,

and is, at all relevant times herein, the Assistant Professor of Critical Thinking and

First-Year Studies at Stockton University.

9.   Defendant, Atlantic County Prosecutor's Office, in the State of New Jersey

10.   Defendant, Galloway Township Municipal Government, in the State of

New Jersey.

11.   Defendant, Detective Sergeant Michael Matteoli, is a resident of the State

of New Jersey.

## STATEMENT OF FACTS

## A.  ONLINE HARASSMENT AND VIOLENT ATTACKS AGAINST PLAINTIFF MARC STEPHENS BY DEFENDANT ROBERT BLASKIEWICZ, JR. AND HIS ORGANIZATION CALLED THE SKEPTICS SOCIETY

12.   On **November 22, 2011**, the Burzynski Clinic in Houston Texas was

attacked online by a group of individuals.   The Burzynski Clinic hired Marc

Stephens as a consultant to assist with the attacks, defamation, and death threats

against cancer patients.   Marc Stephens investigated and discovered that the name of

the group is called **"The Skeptics Society"**, which is a international criminal

organization and pedophile ring.   Marc Stephens investigation included providing

the Burzynski Clinic with a video revealing who the skeptics society members are,

**EXHIBIT 1. (a1)**   The skeptics hacked Burzynski's computer and viewed the video.

Defendant Robert J. Blaskiewicz and other skeptics sent Stephens a death threat

stating that his family would be killed, **EXHIBIT 2 (a2)**, and house blown up.

13.   Skeptic member **Kenneth P. White**, who legally advises Defendant

Robert J. Blaskiewicz, contacted Marc Stephens via email regarding Stephens'

request for him to stop making death threats, and posting Marc Stephens' in-laws

home address online encouraging skeptics to attack.

> **Kenneth states**, "You claim the house belongs to a Judge.
> Fine. What Judge, Marc?   But I note that you won't
> answer the question of whether it used to be an address
> you used. You still won't answer whether MAS
> Acquisitions, Inc. (in California and New York) was your
> company.   Is it? If you have nothing to do with this
> address, Marc, why are you so concerned that **I posted a**
> **link** to a public document – a document anyone can find
> on the California Secretary of State's website in seconds –
> if you aren't affiliated with that address? You still haven't
> answered what danger you fear from knowing that address?
> What's the danger, Marc? I do believe you, Marc, that you
> aren't currently living there. **It sounds as if you are**
> **living in Englewood, NJ.   You'll notice I haven't**
> **posted that. I don't have any plans to do so (at least**
> **directly) at this point**", **EXHIBIT 3 (a3)**.

14.   Skeptic member, **Edward McGuire**, posted a **death threat** at Marc

Stephens' mother house in Englewood NJ, which states, **"I see a dead Fav icon"**,

**EXHIBIT 4 (a4)**.   Marc Stephens contacted Edward McGuire at his job, by phone,

and requested for McGuire to remove the picture of Stephens' mother home and home

address because Stephens did not live there, and that he is endangering the residents.

Edward McGuire stated to Blaskiewicz:

> "Marc Stephens contacted me personally to say that the
> address posted is not his residence and to ask me kindly if
> I would delete the address and the photo.   His
> information and concern seemed real and I felt it was
> appropriate for me to honor the request". **EX 4 (a5).**

15. Ric Schiffs, of the San Francisco police department, contacted Marc

Stephens regarding the Burzynski Clinic receiving "**death threats**", and their **website**

**being hacked**.    Ric Schiffs, stated the following:

> "Hi Marc, I don't know if you are aware of it, but Dr.
> Burzynski's website was "attacked" last Thursday. They
> looped the link back to Google. So every time someone
> tried to link to Burzynski's website, it took them back to
> Google.    We suspect our friends at '**the Skeptics**
> **Society**' as they are warning of a Birthday present for Dr.
> Burzynski"., **EXHIBIT 5 (a6)**.

16. On **December 27, 2011**, A "Skeptic Society member" by the name of **Tim**

**Farley** posted a comment on a blog owned by another skeptic member named **Dr.**

**David Gorski**, who goes by 'Orac' on the internet, admitting the skeptics society

members are **attacking** Marc Stephens and Dr. Burzynski:

> "Thanks for the measured reaction. I think we've had too
> many of these '**mob-like**' reactions in the **skeptics**
> **community** as of late, one of these days its going to come
> back and bite somebody in the form of a libel lawsuit.
> Some of the Twitter conversations where **'Burzynski**
> **critics'** are **directly shouting at current patients** are
> becoming quite distasteful.    As **Skeptics** we need to be
> careful about going in the direction the evidence is leading
> us, but no further along than it currently merits" ,
> **EXHIBIT 6 (a7)**.

17. Defendant ROBERT BLASKIEWICZ, JR is a member of "The Skeptics

Society" which is a international pedophile ring, which is **admitted** in their Mission

Statement by Skeptics Frits Bernard, Edward Brongersma, Vern L. Bullough, D.H.

Donald Mader, James Randi, and Defendant ROBERT BLASKIEWICZ, JR.

> "The starting point of Paidika is necessarily our
> consciousness of ourselves as Paedophiles". **EX. 7**
> **(a8-a9)**.

18. ROBERT BLASKIEWICZ, JR created websites called **Houston Clinic**

**Quack**, located at https://thehoustoncancerquack.com/about.   The website states,

> "It is run and maintained by a small group of volunteers,
> **Skeptics** for the Protection of Cancer Patients.   Our
> header is a very clever reference to an intimidation tactic
> employed by **Marc Stephens**, a sometime-employee of
> Burzynksi, against a teenaged blogger, Rhys Morgan.
> Stephens sent Rhys Google images of his home and
> threatened to contact Rhys' school. Such thuggery is
> unacceptable.". **EXHIBIT 8 (a10)**.

19. ROBERT BLASKIEWICZ, JR created another website called "**The Other**

**Burzynski Patient Group**". The website DISCLAIMER reads:

> "This website is sponsored by the **Skeptics** for the
> Protection of Cancer Patients.   The editors wish to thank
> **Ken White** of Brown White & Osborn LLP, and who
> writes at **@Popehat**, for pro bono representation and
> advice regarding First Amendment and free speech
> issues".   **EXHIBIT 9 (a11-a12).**

20. On **April 8, 2012,** Marc Stephens mother in law, at the time, Indira

Hale-Tucker, of Long Beach, California was found dead in her Santa Monica,

California home located on 20th Street with a **gunshot wound to her neck**. It was

changed to "suicide", **EX 10 (a13).**   Skeptic Kenneth P. White posted Indira

Hale-Tucker's address on the internet requesting other Skeptics members to attack.

21. On **January 11, 2013**, Marc Stephens filed for a firearm permit to protect

himself against multiple death threats from the Skeptics Society.   The application

was Denied on June 4, 2013.

22. On **February 1, 2013**, Marc Stephens' grandmother in-law was found

dead in her home in Hawaii, the mother of Indira Hale Tucker.

23. On **August 13, 2013**, Marc Stephens filed an appeal for his firearm application with the Superior Court detailing attacks and death threats from the Skeptics Society, and ROBERT BLASKIEWICZ, JR., **EXHIBIT 11 (a14).**

24. In **November 2013**, Dr. Stanislaw Burzynski filed a **complaint with the FBI** regarding the **multiple death threats** against him and his clinic from **ROBERT BLASKIEWICZ, JR**. According to an article written by Blaskiewicz, which also mentions Marc Stephens, the letter to the FBI from Burzynski reads,

> "To Whom It May Concern: Please allow Mrs. Carolyn Powers to file the complaint with the FBI while I am away in San Francisco at a conference. It was extremely disturbing to find out the latest of what **Mr. Robert Blaskiewicz** would like to do to us. **He seems like a psychopath** that will not stop **until we are dead** and the Burzynski Clinic is destroyed. He has harassed me and my clinic for years. Thank you for your help, Stanislaw R. Burzynski, M.D., Ph.D.", see **Blaskiewics websites at**: https://theotherburzynskipatientgroup.wordpress.com/burz ynski-sends-the-fbi-after-a-critic, **EXHIBIT 12 (a18).**

25. On **November 8, 2013**, a video was published on YouTube regarding a skeptics conference called "The Amazing Meeting" (TAM). In the video, ROBERT BLASKIEWICZ, JR., talks about his Skeptics attack on Dr. Stanislaw Burzynski, and Marc Stephens, https://www.youtube.com/watch?v=NqA5eWjr4pk. **EXHIBIT 13 (a20).**

26. On **February 11, 2014**, the Superior Court in Hackensack, New Jersey advised Marc Stephens to file a police report regarding the "death threats" from ROBERT BLASKIEWICZ, JR.'s Skeptics Society organization, **EXHIBIT 14 (a21-a22).**

27. On **December 22, 2014**, Marc Stephens filed a Civil Complaint in The United States District Court in Newark regarding the death threats from ROBERT BLASKIEWICZ, JR.'s Skeptics Society organization.    The case went up to the Supreme Court of the United States were Stephens Petition of Writ of Certiorari was denied February 21, 2017, see Stephens vs Jerejian, Case#: 15-3992. **EXHIBIT 15.** **(a23).**   The Englewood Police testified in court that the death threats against Marc Stephens from Robert Blaskiewicz and the Skeptic Society are "serious threats",

**EXHIBIT 16 (a24)**

28. On **August 8, 2015**, Superior Court Judge Marcus O. Tucker was pronounced dead in Los Angeles, husband of Indira Hale Tucker. Judge Tucker was Marc Stephens' father in law. The same Judge discussed by Kenneth P. White who posted the judge's address, **see Ex.3**.

29. The local police in Texas, Los Angeles, and Englewood ignored both Dr. Burzynski and Marc Stephens' complaints of death threats.    Marc Stephens submitted evidence that the skeptics have control over the media, politicians, judges, courts, and law enforcement.

30. Danielle Chaney, the 20 year old daughter of Betty Chaney who is a childhood friend of Marc Stephens, was killed by **gunshot wound to the head** in Texas, **see EX 17 (a25).**    Marc Stephens submitted evidence to the Englewood Police Department and Detective Michael Barrow of the Houston Police Department, **case #:141507-18.**    Detective Barrow agreed with Marc Stephens that there is a connection between Danielle Chaney's death and ROBERT BLASKIEWICZ, JR.'s Skeptics Society organization. **EXHIBIT 18 (a26).**    The Skeptics also threatened to **murder a FBI agent** and his wife, case#: DAL-2017-Ro5013-2.

B. **EMAIL COMMUNICATION BETWEEN MARC STEPHENS AND BLASKIEWICZ REGARDING DEATH THREATS AND HACKING**

31. On **January 8, 2016**, Marc Stephens sent a "**First Notice**" email to

ROBERT BLASKIEWICZ, JR regarding hacking Stephens' computers and sending

multiple death threats. **EXHIBIT 19 (a27-28).**

32. On **February 3, 2017**, Marc Stephens sent a "**Second Notice**" email to

ROBERT BLASKIEWICZ, JR and **included all Local Police** regarding Blaskiewicz

and the organization that he controls called "The Skeptics Society", sending death

threats to Marc Stephens.    In this email, Stephens demanded, as a Public Safety

Concern, that Blaskiewicz (1) "stop hacking his computer" and (2) skeptics to "stop

murdering innocent people". **EXHIBIT 20 (a29).**    Stephens contacted Blaskiewicz

employer in a attempt to help prevent the killing of innocent people.

33. On **February 5, 2017**, Blaskiewicz responded to Stephens email by

stating,

> "I'm afraid you are mistaken. I simply do not have the
> skills to do what you allege **as far as your web rankings
> are involved**.    Nor do I have the time or inclination.    I
> will be forwarding this to **Ken White**, who advises me
> regarding **my Burzynski site**. Just so that he is aware of it".
> **EXHIBIT 21 (a30).**

34. On **February 6, 2017**, Marc Stephens replied to Blaskiewicz email by

quoting Blaskiewicz, "I simply do not have the skills to do what you allege as far as

your web rankings are involved".    Stephens replied,

> "So you basically agree that you are doing everything else
> that l listed, Except Hacking". **EXHIBIT 22 (a31).**

35. On **February 6, 2017**, Marc Stephens sends to all local police a "**First**

**Warning**" email regarding Blaskiewicz admitting to murdering people and

threatening Stephens' family and friends. **EXHIBIT 23 (a32-33).**

36. On **November 28, 2017**, Marc Stephens sends a "**Third Notice**" email to

ROBERT BLASKIEWICZ, JR, Kenneth P. White, and **all Local Police** regarding

Blaskiewicz, and the organization that Blaskiewicz controls called "The Skeptics

Society", sending death threats to Marc Stephens. **EXHIBIT 24 (a34).**

37. On **February 2, 2018**, Marc Stephens forwarded evidence regarding the

daughter of his childhood friend being shot in the head.    Danielle Vanessa Chaney,

20 years old, was found murdered inside of her apartment located at 8000 W. Tidwell

Rd., Apt 1809, Houston, Texas 77040.    The report **illegally** changed from murder to

"suicide".    There was **no gun found** near Chaney's body or anywhere at the crime

scene.    There was no weapon found inside the apartment, as reported by ABC News.

https://abc13.com/aspiring-model-shot-in-head-inside-nw-houston-apartment/303873

0/, **EXHIBIT 25** (a35-36).

## C. FABRICATED COMPLAINT FILED AGAINST MARC STEPHENS BY ROBERT BLASKIEWICZ, STOCKTON POLICE, AND ATLANTIC COUNTY PROSECUTOR'S OFFICE

38. On **February 10, 2017**, Defendant ROBERT BLASKIEWICZ, JR, filed a

intentionally fabricated complaint against Plaintiff Marc Stephens, which led to

Stockton University Banning Stephens from the campus, which Stephens has never

visited.

> "According to information received from the Stockton
> University Campus Police you were involved in an
> incident which is currently under our investigation in
> reference to case #1-2017-01548". Accordingly, I am
> informing you that you are now banned from all campus
> facilities". **EXHIBIT 26 (a37)**.

39. On **December 8, 2017**, a Criminal Complaint was filed against Marc

Stephens, with the Stockton University Police, by Defendant ROBERT

BLASKIEWICZ, JR, claiming Cyber Harassment. **EXHIBIT 27 (a38-44)**

## D. FABRICATED TESTIMONY AND FALSE EVIDENCE SUBMITTED BY PROSECUTOR AND OFFICER DURING GRAND JURY HEARING

40. The Defendants ROBERT BLASKIEWICZ, JR., created fabricated social media accounts pretending to be Marc Stephens, and the prosecutor submitted it to the Grand Jury.   Defendant Detective Sergeant Michael Matteoli reviewed the fabricated social media account, and provided intentionally false testimony to the Grand Jury stating that it was Plaintiff Marc Stephens' account.   **EXHIBIT 28 (a45-49)**

41. The Atlantic County Prosecutor, Stockton University Police, and Detective Sergeant Michael Matteoli never conducted any real thorough investigation to see if the account was owned by Plaintiff Marc Stephens, or if it was a person with a similar name.

42. The Defendants conspired to file false criminal charges against Marc Stephens for Cyber Harassment, when not one email sent from Marc Stephens to Blaskiewicz shows any inclination of Cyber Harassment, or threatening physical harm.

43. On **September 18, 2018**, Marc Stephens was Indicted by the Grand Jurors of the State of New Jersey for the County of Atlantic regarding Cyber Harassment and threatening physical harm against ROBERT BLASKIEWICZ, JR. **EXHIBIT 29 (a50-52).**

## E. Issuance of Felony Warrant against Marc Stephens

44. On **November 15, 2018**, a Felony warrant was issued against Marc Stephens.   Stephens was never properly served the Summons and Complaint, and was unaware of a Felony warrant.   The Criminal Complaint clearly states:

> "I certify that I was unable to serve the Complaint-Summons",
> see **EXHIBIT 27 (a41)**.

45. On **September 1, 2020**, based on the intentionally fabricated evidence

prepared by Defendants, and frivolous criminal complaints filed against Marc

Stephens, the Department of State "Denied" Stephens' U.S. Passport.

> "The Department of State has denied your March 9, 2020
> application for a U.S. passport pursuant to 22 C.F.R. §
> 51.60(b)(9). This office was informed that on November
> 15, 2018, the Atlantic County Superior Court in Mays
> Landing, New Jersey, entered a felony warrant for your
> arrest.   Case number 18000238001 charges you with
> failure to appear with an underlying charge of cyber
> harassment". **EXHIBIT 30 (a53)**.

46. On **March 23, 2021**, Plaintiff Marc Stephens filed a motion to dismiss the

felony warrant, and Motion to dismiss the Indictment for violation of due process, and

lack of probable cause.

47. On **April 26, 2021**, the Court GRANTED Plaintiff Motion to

dismiss/quash the bench warrant. **EXHIBIT 31 (a54)**.

## F.  JUDGE HEAR ORAL ARGUMENTS AND GRANTS PLAINTIFFS MOTION TO DISMISS THE INDICTMENT FOR VIOLATION OF DUE PROCESS AND LACK OF PROBABLE CAUSE

48. On **January 5, 2022**, the court heard oral arguments from both the

Prosecutor and Plaintiff Marc Stephens.    The Judge issued an Opinion, and ruled in

favor of Stephens, dismissing the indictment, **EXHIBIT 32 (a55-60)**.

49. On **January 27, 2022**, the prosecutor confirmed that they will not be

re-trying the case against Marc Stephens, **EXHIBIT 33 (a61)**.

## G.  GALLOWAY TOWNSHIP AND STOCKTON UNIVERSITY ARE VICARIOUSLY LIABLE FOR THE MALICIOUS ACTIONS OF DEFENDANT ROBERT BLASKIEWICZ AND DETECTIVE SERGEANT MICHAEL MATTEOLI

50. Plaintiff Marc Stephens, for over 5 years, was forced to deal with attending

multiple court hearings, dealing with a felony warrant for his arrest, and fabricated

criminal charges due to the Defendants conspiring with each other against Marc Stephens.

51. Due to Defendants outrageous and malicious actions, Plaintiff lost multiple job opportunities because a background check was mandatory, and he could not obtain employment due to pending criminal charges, could not obtain a U.S. Passport to travel, and for several months had a felony warrant issued for his arrest.

52. Defendant Stockton University is an arm of the state, and defendant Robert Blaskiewicz is a state actor by virtue of his employment at Stockton.

53. A state official, however, who is sued in his or her official capacity for prospective injunctive relief is a person under § 1983 because "official-capacity actions for prospective relief are **not** treated as actions against the State." Id. at 71 n.10 (quoting Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985); Ex parte Young, 209 U.S. at 159–60)). Thus, a claim brought against an employee of an entity that is an arm of the state in his official capacity pursuant to § 1983 for violations of federal law seeking solely prospective injunctive relief is actionable. Plaintiff is entitled to prospective injunctive relief because there is a likelihood of the plaintiff suffering substantial and immediate "irreparable" harm, and that there exists no other remedy to adequately address this threat of harm.

## CAUSES OF ACTION

54. Plaintiff repeats and reiterates each and every allegation contained in the Statement of Facts above and incorporates each in all Cause of Action.

## FIRST CAUSES OF ACTION
Violation of Due Process

55. Defendants Galloway Township, Stockton University, Robert Blaskiewicz, Jr., Atlantic County Prosecutor's Office, Detective Sergeant Michael Matteoli, and the Stockton Police Department jointly, severally and/or individually through its agents, servants and/or employees failed to conduct a thorough investigation, filed fabricated complaints, deliberately suppressed evidence from the Grand Jury in favor of Plaintiff, and provided false testimony to a Grand Jury, which resulted in Plaintiff Marc Stephens being indicted, and a warrant issued out for his arrest. Defendants made an improper, illegal, and perverted use of the process and that there existed an ulterior motive or purpose on part of the defendants. In the past, Detective Sergeant Michael Matteoli was found guilty in other criminal cases for fabricating testimony and evidence.

56. The United States Supreme Court stated, "Qualified immunity does not protect police officers who are "plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L. Ed.2d 271, 278 (1986). The common law has never granted police officers an absolute and unqualified immunity, Pierson v. Ray, 386 US 547 - Supreme Court 1967, at 555. The United States Supreme Court has made it "clear that procedural regularity notwithstanding, the Due Process Clause is violated by the knowing use of perjured testimony or the deliberate suppression of evidence favorable to the accused." (Albright v. Oliver (1994) 510 U.S. 266, 299 [127 L.Ed.2d 114, 114 S.Ct. 807] (dis. opn. of Stevens, J.).) "A police officer who fabricates evidence against a criminal defendant to obtain his conviction violates the defendant's constitutional right to due process of law". **Halsey v. Pfeiffer, 750 F. 3d 273 - Court of Appeals, 3rd Circuit 2014 at 279.**

57. As a direct and proximate result of Defendants actions, Plaintiff has suffered injury to his reputation including suffering physical, psychological and emotional distress, humiliation, embarrassment, discomfort, anxiety, inconvenience, mental and emotional anguish, loss of freedom and education, and other damages in an amount to be determined by the jury and the Court, but no less than $2,000,000.

58. Defendants' actions were fraudulent, malicious and oppressive.    Plaintiff is thus entitled to and herein seeks punitive and exemplary damages from Defendants, in an amount according to proof at trial, to punish Defendants and deter Defendants and others from engaging in similar future conduct.

**WHEREFORE**, Plaintiff Stephens demands judgment against Defendants jointly, severally and/or individually for: (a) compensatory and punitive damages; (b) attorney fees, filing fees and cost of suit; and (c) any further relief which the Court may deem equitable and just.

## SECOND CAUSE OF ACTION
Malicious Prosecution

59. Defendants Galloway Township, Stockton University, Robert Blaskiewicz, Jr., Atlantic County Prosecutor's Office, Detective Sergeant Michael Matteoli, and the Stockton Police Department jointly, severally and/or individually through its agents, servants and/or employees failed to conduct a thorough investigation, filed fabricated complaints, deliberately suppressed evidence from the Grand Jury in favor of Plaintiff, and provided false testimony to a Grand Jury, which resulted in Plaintiff Marc Stephens being indicted, and a warrant issued out for his arrest.    Defendants made an improper, illegal, and perverted use of the process and that there existed an ulterior motive or purpose on part of the defendants.

60. As a direct and proximate result of Defendants actions, Plaintiff has suffered injury to his reputation including suffering physical, psychological and emotional distress, humiliation, embarrassment, discomfort, anxiety, inconvenience, mental and emotional anguish, loss of freedom and education, and other damages in an amount to be determined by the jury and the Court, but no less than $2,000,000.

61. Defendants' actions were fraudulent, malicious and oppressive.   Plaintiff is thus entitled to and herein seeks punitive and exemplary damages from Defendants, in an amount according to proof at trial, to punish Defendants and deter Defendants and others from engaging in similar future conduct.

**WHEREFORE**, Plaintiff Stephens demands judgment against Defendants jointly, severally and/or individually for: (a) compensatory and punitive damages; (b) attorney fees, filing fees and cost of suit; and (c) any further relief which the Court may deem equitable and just.

### THIRD CAUSE OF ACTION
Frivolous Claims - Malicious Abuse of Process

62. Defendants Galloway Township, Stockton University, Robert Blaskiewicz, Jr., Atlantic County Prosecutor's Office, Detective Sergeant Michael Matteoli, and the Stockton Police Department jointly, severally and/or individually through its agents, servants and/or employees failed to conduct a thorough investigation, filed fabricated complaints, deliberately suppressed evidence from the Grand Jury in favor of Plaintiff, and provided false testimony to a Grand Jury, which resulted in Plaintiff Marc Stephens being indicted, and a warrant issued out for his arrest.   Defendants made an improper, illegal, and perverted use of the process and that there existed an ulterior motive or purpose on part of the defendants.

63. As a direct and proximate result of Defendants actions, Plaintiff has suffered injury to his reputation including suffering physical, psychological and emotional distress, humiliation, embarrassment, discomfort, anxiety, inconvenience, mental and emotional anguish, loss of freedom and education, and other damages in an amount to be determined by the jury and the Court, but no less than $2,000,000.

64. Defendants' actions were fraudulent, malicious and oppressive.  Plaintiff is thus entitled to and herein seeks punitive and exemplary damages from Defendants, in an amount according to proof at trial, to punish Defendants and deter Defendants and others from engaging in similar future conduct.

**WHEREFORE**, Plaintiff Stephens demands judgment against Defendants jointly, severally and/or individually for: (a) compensatory and punitive damages; (b) attorney fees, filing fees and cost of suit; and (c) any further relief which the Court may deem equitable and just.

## FOURTH CAUSE OF ACTION
False Evidence

65. Defendants Galloway Township, Stockton University, Atlantic County Prosecutor's Office, Detective Sergeant Michael Matteoli, and the Stockton Police Department jointly, severally and/or individually through its agents, servants and/or employees failed to conduct a thorough investigation, filed fabricated complaints, deliberately suppressed evidence from the Grand Jury in favor of Plaintiff, and provided false testimony to a Grand Jury, which resulted in Plaintiff Marc Stephens being indicted, and a warrant issued out for his arrest.

66. The United States Supreme Court stated, "Qualified immunity does not protect police officers who are "plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L. Ed.2d 271,

278 (1986). The common law has never granted police officers an absolute and unqualified immunity, Pierson v. Ray, 386 US 547 - Supreme Court 1967, at 555. The United States Supreme Court has made it "clear that procedural regularity notwithstanding, the Due Process Clause is violated by the knowing use of perjured testimony or the deliberate suppression of evidence favorable to the accused." (Albright v. Oliver (1994) 510 U.S. 266, 299 [127 L.Ed.2d 114, 114 S.Ct. 807] (dis. opn. of Stevens, J.).) "A police officer who fabricates evidence against a criminal defendant to obtain his conviction violates the defendant's constitutional right to due process of law". **Halsey v. Pfeiffer, 750 F. 3d 273 - Court of Appeals, 3rd Circuit 2014 at 279.**

67. As a direct and proximate result of Defendants actions, Plaintiff has suffered injury to his reputation including suffering physical, psychological and emotional distress, humiliation, embarrassment, discomfort, anxiety, inconvenience, mental and emotional anguish, loss of freedom and education, and other damages in an amount to be determined by the jury and the Court, but no less than $2,000,000.

68. Defendants' actions were fraudulent, malicious and oppressive. Plaintiff is thus entitled to and herein seeks punitive and exemplary damages from Defendants, in an amount according to proof at trial, to punish Defendants and deter Defendants and others from engaging in similar future conduct.

**WHEREFORE**, Plaintiff Stephens demands judgment against Defendants jointly, severally and/or individually for: (a) compensatory and punitive damages; (b) attorney fees, filing fees and cost of suit; and (c) any further relief which the Court may deem equitable and just.

## FIFTH CAUSE OF ACTION
Negligent Hiring

69. Defendants Galloway Township, Stockton University, and the Stockton Police Department jointly, severally and/or individually through its agents, servants and/or employees failed to exercise reasonable care and were negligent in selecting, hiring and retaining Defendant Robert Blaskiewicz and Detective Sergeant Michael Matteoli to perform work.

70. At the time, Defendants Galloway Township, Stockton University, and the Stockton Police Department jointly, severally and/or individually through its agents, servants and/or employees selected, hired or retained Defendant Robert Blaskiewicz, and Detective Sergeant Michael Matteoli, and at all other relevant times, Defendants knew or reasonably should have known that Defendants would violate Plaintiff Marc Stephens's civil and constitutional rights, and that as a direct and proximate result of those violations, Plaintiff would suffer damages alleged herein.

71. Defendants' Galloway Township, Stockton University, and the Stockton Police Department jointly, severally and/or individually through its agents, servants and/or employees conduct constitutes negligence per se and is actionable under the laws of the State of New Jersey, and the laws of the United States.

72. As a direct and proximate result of Defendants Galloway Township, Stockton University, and the Stockton Police Department jointly, severally and/or individually through its agents, servants and/or employees negligent selection, hiring and retention, Plaintiff has suffered injury to his reputation including suffering physical, psychological and emotional distress, humiliation, embarrassment, discomfort, anxiety, inconvenience, mental and emotional anguish, loss of freedom and education, and other damages in an amount to be determined by the jury and the Court, but no less than $2,000,000.

73. Defendants' actions were fraudulent, malicious and oppressive. Plaintiff is thus entitled to and herein seeks punitive and exemplary damages from Defendants, in an amount according to proof at trial, to punish Defendants and deter Defendants and others from engaging in similar future conduct.

**WHEREFORE**, Plaintiff Stephens demands judgment against Defendants jointly, severally and/or individually for: (a) compensatory and punitive damages; (b) attorney fees, filing fees and cost of suit; and (c) any further relief which the Court may deem equitable and just.

## SIXTH CAUSE OF ACTION
Intentional Infliction of Emotional Distress

74. Defendants Robert Blaskiewicz, Stockton University, Galloway Township, Detective Sergeant Michael Matteoli, and the Stockton Police Department jointly, severally and/or individually through its agents, servants and/or employees selected, actions of implicating the Plaintiff into a crime without due process of the law is a violation of the Plaintiff Marc Stephens's civil rights.

75. Blaskiewicz and Detective Sergeant Michael Matteoli false statements caused Marc Stephens to be criminally indicted by a Grand Jury. Pursuant to **2C:28-4**. False reports to law enforcement authorities; a. **Falsely incriminating another**. A person who knowingly gives or causes to be given false information to any law enforcement officer with purpose to implicate another commits a crime of the fourth degree. b. **Fictitious reports**. A person commits a disorderly persons offense if he: (1) Reports or causes to be reported to law enforcement authorities an offense or other incident within their concern knowing that it did not occur; or (2) Pretends to furnish or causes to be furnished such authorities with information relating

to an offense or incident when he knows he has no information relating to such offense or incident.

76. As a direct and proximate result of Defendants actions jointly, severally and/or individually through its agents, servants and/or employees intentionally falsifying evidence, and filing fabricated criminal complaints, Plaintiff has suffered injury to his reputation including suffering physical, psychological and emotional distress, humiliation, embarrassment, discomfort, anxiety, inconvenience, mental and emotional anguish, loss of freedom and education, and other damages in an amount to be determined by the jury and the Court, but no less than \$2,000,000.

77. Defendants' actions were fraudulent, malicious and oppressive. Plaintiff is thus entitled to and herein seeks punitive and exemplary damages from Defendants, in an amount according to proof at trial, to punish Defendants and deter Defendants and others from engaging in similar future conduct.

**WHEREFORE,** Plaintiff Stephens demands judgment against Defendants jointly, severally and/or individually for: (a) compensatory and punitive damages; (b) attorney fees, filing fees and cost of suit; and (c) any further relief which the Court may deem equitable and just.

## SEVENTH CAUSE OF ACTION
Respondent Superior

78. Defendants Galloway Township, Stockton University, and the Stockton Police Department failed to exercise due care by failing to supervise, prohibit, control, or regulate the Defendants and/or by failing to protect Plaintiff. Under Respondent Superior, the Defendants Galloway Township, Stockton University, and the Stockton Police Department are liable for the acts of, and injury caused by Defendant Detective Sergeant Michael Matteoli, and Robert Blaskiewicz.

79. As a direct and proximate result of Defendants Galloway Township, Stockton University, and the Stockton Police Department jointly, severally and/or individually through its agents, servants and/or employees negligent selection, hiring and retention, and falsifying police reports, and fabricating testimony to indict, Plaintiff has suffered injury to his reputation including suffering physical, psychological and emotional distress, humiliation, embarrassment, discomfort, anxiety, inconvenience, mental and emotional anguish, loss of freedom and education, and other damages in an amount to be determined by the jury and the Court, but no less than $2,000,000.

80. Defendants' actions were fraudulent, malicious and oppressive.    Plaintiff is thus entitled to and herein seeks punitive and exemplary damages from Defendants, in an amount according to proof at trial, to punish Defendants and deter Defendants and others from engaging in similar future conduct.    Defendant Detective Sergeant Michael Matteoli actions were fraudulent, malicious and oppressive.

**WHEREFORE**, Plaintiff Stephens demands judgment against Defendants jointly, severally and/or individually for: (a) compensatory and punitive damages; (b) attorney fees, filing fees and cost of suit; and (c) any further relief which the Court may deem equitable and just.

## EIGHTH CAUSE OF ACTION
Defamation of Character

81. Defendant Robert Blaskiewicz intentionally filed a fabricated complaint with the Stockton Police Department stating that Plaintiff Marc Stephens harassed him online for several years and threatened his life, and others, in which Blaskiewicz called Marc Stephens a "Thug", which is a violent person, especially a criminal.

Falsely accusing someone of a crime is defamation per se.    Harassment and Death
Threats are considered serious crimes.

82. Blaskiewicz false statements caused Marc Stephens to be criminally
indicted by a Grand Jury.    Pursuant to **2C:28-4**. False reports to law enforcement
authorities;    a. **Falsely incriminating another**. A person who knowingly gives or
causes to be given false information to any law enforcement officer with purpose to
implicate another commits a crime of the fourth degree.    b. **Fictitious reports**. A
person commits a disorderly persons offense if he:    (1) Reports or causes to be
reported to law enforcement authorities an offense or other incident within their
concern knowing that it did not occur; or (2) Pretends to furnish or causes to be
furnished such authorities with information relating to an offense or incident when he
knows he has no information relating to such offense or incident.

83. The elements of a defamation are "'(1) the assertion of a false and
defamatory statement concerning another; (2) the unprivileged publication of that
statement to a third party; and (3) fault amounting at least to negligence by the
publisher.'" Leang v. Jersey City Bd. of Educ., 969 A.2d 1097, 1114 (N.J. 2009)
(quoting DeAngelis v. Hill, 847 A.2d 1261, 1267-68 (N.J. 2004)).

84. Under common law, there are 4 statements that are considered
automatically defamatory: (1) accusing someone of a serious crime; (2) a false
statement that "tends to injure another in his or her trade, business or profession," (3)
lying about someone having some "loathsome disease," (4) false statements about a
woman's "unchastity." Anything that falls into one of these 4 categories is called
"libel per se" or "slander per se."

85. As a direct and proximate result of the false statements by Defendants
Robert Blaskiewicz, Stockton University, Galloway Township, and the Stockton

Police Department jointly, severally and/or individually through its agents, Plaintiff has suffered injury to his reputation including suffering physical, psychological and emotional distress, humiliation, embarrassment, discomfort, anxiety, inconvenience, mental and emotional anguish, loss of freedom and job opportunities, and other damages in an amount to be determined by the jury and the Court, but no less than $2,000,000. Plaintiff is thus entitled to and herein seeks punitive and exemplary damages to punish Defendants, and deter Defendants and others from engaging in similar future conduct.

**WHEREFORE**, Plaintiff Stephens demands judgment against Defendants jointly, severally and/or individually for: (a) compensatory and punitive damages; (b) attorney fees, filing fees and cost of suit; and (c) any further relief which the Court may deem equitable and just.

## NINTH CAUSE OF ACTION
Malicious Use of Process

86. Defendant Robert Blaskiewicz intentionally filed a fabricated complaint with the Stockton Police Department stating that Plaintiff Marc Stephens harassed him online for several years and threatened his life, and others, in which Blaskiewicz called Marc Stephens a "Thug", which is a violent criminal. Falsely accusing someone of a crime is defamation per se. Harassment and Death Threats are considered serious crimes.

87. Blaskiewicz false statements caused Marc Stephens to be criminally indicted by a Grand Jury. Pursuant to **2C:28-4**. False reports to law enforcement authorities; a. **Falsely incriminating another**. A person who knowingly gives or causes to be given false information to any law enforcement officer with purpose to implicate another commits a crime of the fourth degree. b. **Fictitious reports**. A

person commits a disorderly persons offense if he: (1) Reports or causes to be reported to law enforcement authorities an offense or other incident within their concern knowing that it did not occur; or (2) Pretends to furnish or causes to be furnished such authorities with information relating to an offense or incident when he knows he has no information relating to such offense or incident.

88. As a direct and proximate result of the false statements by Defendants Robert Blaskiewicz, Stockton University, Galloway Township, and the Stockton Police Department jointly, severally and/or individually through its agents, Plaintiff has suffered injury to his reputation including suffering physical, psychological and emotional distress, humiliation, embarrassment, discomfort, anxiety, inconvenience, mental and emotional anguish, loss of freedom and education, and other damages in an amount to be determined by the jury and the Court, but no less than $2,000,000. Plaintiff is thus entitled to and herein seeks punitive and exemplary damages to punish Defendants, and deter Defendants and others from engaging in similar future conduct.

**WHEREFORE**, Plaintiff Stephens demands judgment against Defendants jointly, severally and/or individually for: (a) compensatory and punitive damages; (b) attorney fees, filing fees and cost of suit; and (c) any further relief which the Court may deem equitable and just.

## TENTH CAUSE OF ACTION
Violation of Civil Rights Pursuant to 42 U.S.C. § 1983
(Failure to Implement Appropriate Policies, Customs, and Practices)

89. On the aforementioned date and time, Defendants Galloway Township, Stockton University, Atlantic County Prosecutor's Office, Detective Sergeant Michael Matteoli, and the Stockton Police Department jointly, severally and/or individually through its agents did violate Plaintiff Marc Stephens's constitutional rights and did

so pursuant and custom to a de-facto pattern and practice of the Defendant's deliberate indifference to the Constitutional rights of Plaintiff Marc Stephens.

90. Defendants implicitly and explicitly adopted and implemented careless and reckless policies, customs, or practices that included among other things displaying a pattern and unlawful practice of law towards the Plaintiff Marc Stephens. The failure of the Defendants to adequately train and supervise the Defendants Detective Sergeant Michael Matteoli and Robert Blaskiewicz amounts to deliberate indifference to the civil rights of Plaintiff Marc Stephens to be free from the deprivation of liberty without due process, and malicious prosecution under the United States Constitution.

91. As a direct and proximate result of the false statements by Defendants Robert Blaskiewicz, Stockton University, Galloway Township, Atlantic County Prosecutor's Office, Detective Sergeant Michael Matteoli, and the Stockton Police Department jointly, severally and/or individually through its agents, Plaintiff has suffered injury to his reputation including suffering physical, psychological and emotional distress, humiliation, embarrassment, discomfort, anxiety, inconvenience, mental and emotional anguish, loss of freedom and job opportunities, and other damages in an amount to be determined by the jury and the Court, but no less than $2,000,000. Plaintiff is thus entitled to and herein seeks punitive and exemplary damages to punish Defendants, and deter Defendants and others from engaging in similar future conduct.

**WHEREFORE**, Plaintiff Stephens demands judgment against Defendants jointly, severally and/or individually for: (a) compensatory and punitive damages; (b) attorney fees, filing fees and cost of suit; and (c) any further relief which the Court may deem equitable and just.

## **JURY DEMAND**

Plaintiffs hereby demands trial by jury on all issues against All Defendants

## **CERTIFICATION PURSUANT TO R 4:5-1**

Plaintiffs hereby certify that the matter in controversy is not the subject of any other action, pending in any court or of a pending arbitration proceeding, nor is any such action or arbitration proceeding presently contemplated.

Ss// Marc Stephens

Marc Stephens
Plaintiff, pro se