MATTHEW J. PLATKIN
ACTING ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
P.O. Box 112
25 Market Street
Trenton, New Jersey 08625-0112
Attorney for Defendants, *Stockton University and Robert Blaskiewicz, Jr.*

By:   Timothy P. O'Brien
      Deputy Attorney General
      Attorney ID# 00621984
      (609) 376-2440
      Timothy.Obrien@law.njoag.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| MARC A. STEPHENS<br><br>Plaintiff,<br><br>v.<br><br>GURBIR S. GREWAL, ATTORNEY GENERAL, STATE OF NEW JERSEY, ATLANTIC COUNTY PROSECUTOR'S OFFICE, STOCKTON UNIVERSITY, GALLOWAY TOWNSHIP, ROBERT BLASKIEWICZ, Jr., SERGEANT MICHAEL MATTEOLI<br><br>Defendants. | CIVIL ACTION NO. 1:22-cv-01989 (KMW-MJS)<br><br>**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** |

**TABLE OF CONTENTS**

**Page**

STATEMENT OF FACTS AND PROCEDURAL HISTORY...................... 1

STANDARD OF REVIEW............................................ 1

ARGUMENT..................................................... 3

      PLAINTIFF'S §1983 CLAIMS MUST BE DISMISSED WITH PREJUDICE AS TO STOCKTON UNIVERSITY AND ROBERT BLASKIEWICZ, JR., BECAUSE STATE ENTITIES AND OFFICIALS ARE ENTITLED TO ELEVENTH AMENDMENT IMMUNITY FROM SUIT.

      THIS COURT LACKS SUPPLEMENTAL JURISDICTION TO DECIDE PLAINTIFF'S STATE TORT LAW CLAIMS AS DEFENDANTS ARE IMMUNE FROM SUIT UNDER THE ELEVENTH AMENDMENT.

      PLAINTIFF'S CLAIMS WHICH ARE GROUNDED IN STATE TORT LAW SHOULD BE DISMISSED AS PLAINTIFF HAS FAILED TO FILE A TORT CLAIMS PURSUANT TO N.J.S.A. 59: 8-8(A)

CONCLUSION...................................................10

**TABLE OF AUTHORITIES**

**Page**

**Cases**

Alabama v. Pugh, 438 U.S. 781, 782 (1978) .. .. .. .. .. .. . 7

Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004).. .. .. .. 3

Ashcroft v Iqbal, 555 U.S. 662, 678 (2009)..... .. .. .. .. . 2

Bell Atl. Corp. v Twombly, 550 U.S. 544, 570 (2007)..... ..  2

Beauchamp v Amedio, 164 N.J. 111, 121-22 (2000) .. .. .. .. .. 9

Benn v. First Judicial Dist. of PA., 426 F. 3d 233, 240 (3d Cir. 2005).. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..  4

Bowers v. The Nat'l Collegiate Athletic Ass'n 475 F.3d 524, 545 (3d Cir. 2007).. .. .. .. .. .. .. .. .. .. .. .. ..  3

Conley v Gibson, 355 U.S. 41 45-46 (1957).. .. .. .. .. .. .. 2

D.D. v Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 134 (2013).. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. . 8

Fitchik v N.J. Transit Rail Operations Inc., 873 F.2d 655, 659 (3d Cir.)(en banc) cert. den. 493 U.S. 850 (1989).. .. .. 4

Fowler v UPMC Shadyside, 578 F.3d 203,210-11 (3d Cir. 2009).. 2

Garcia v. Richard Stockton Coll. of New Jersey, 210 F. Supp. 2d 545, 550 (D.N.J. 2002).. .. .. .. .. .. .. .. .. .. .. .. 7

Hammond v City of Patterson, 145 N.J. Super. 452, 455 (App. Div. 1976).. .. .. .. .. .. .. .. .. .. .. .. .. .. 10

Haybarger v. Lawrence County Adult Prob. & Parole, 551 F. 3d 193,198 (3d Cir. 2008).. .. .. .. .. .. .. .. .. .. . 7

Johnsrud v Carter, 620 F.2d 29, 33 (3d Cir. 1980).. .. .. .. . 1

Jones v PI Kappa Alpha Int'l Fraternity Inc., 765 F. Appx. 802 (3d Cir. 2019).. .. .. .. .. .. .. .. .. .. .. .. .. .. 4

Malaindi v Montclair State University, 845 F.3d 77 (3d Cir. 2016) .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. 4, 5, 6, 7

Nietzke v Williams, 490 U.S. 319, 326-27 (1989).. .. .. .. ..  3

Newberry v Twp. of Pemberton, 319 N.J. Super. 671, 675 (App. Div. 1983).. .. .. .. .. .. ... .. .. .. .. .. .. .. .. ..  9

Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 96 (1984) .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. . 7

Pension Benefit Guar. Corp. v White, 998 F.2d 1193 (3d Cir. 1993) .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. 3

Priore v State, 190 N.J. Super. 127, 130 (App. Div. 1983).. .  9

Raygor v. Regents of Univ. of Minn., 534 U.S. 533, 541 (2002)..7

Sands v McCormick, 502 F.3d 263, 268 (3d Cir. 2007).. .. .. .. 3

Velez v City of Jersey City, 180 N.J. 284, 291 (2004).. .. ..  9

**Statutes**

42 U.S.C., Section 1983 .. .. .. .. .. .. .. .. .. .. .. .. ..   3

N.J.S.A. 18A:3B-6 .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..   4

N.J.S.A. 18A:3B-34 .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..  6

N.J.S.A. 18A:3B-39 .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..  6

N.J.S.A. 18A:64-3  .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..  5

N.J.S.A. 18A:64-4  .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..  5

N.J.S.A. 18A:64-5  .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..  5

N.J.S.A. 18A:64-6  .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..  4

N.J.S.A. 18A:64-6(d) .. .. .. .. .. .. .. .. .. .. .. .. .. ..   5

N.J.S.A. 18A:64-6(f) .. .. .. .. .. .. .. .. .. .. .. .. .. ..   5

N.J.S.A. 18A:64-6(g) .. .. .. .. .. .. .. .. .. .. .. .. .. ..   5

N.J.S.A. 18A:64-6(i) .. .. .. .. .. .. .. .. .. .. .. .. .. ..   5

N.J.S.A. 18A:64-18.5 .. .. .. .. .. .. .. .. .. .. .. .. .. ..    6

N.J.S.A. 18A:64-21.1 .. .. .. .. .. .. .. .. .. .. .. .. .. ..    5

N.J.S.A. 18A:66-170 . .. .. .. .. .. .. .. .. .. .. .. .. .. .    5

N.J.S.A. 18A:66-171 . .. .. .. .. .. .. .. .. .. .. .. .. .. .    5

N.J.S.A. 18A:68-6  .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..   6

N.J.S.A. 18A:68-7  .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..   6

N.J.S.A. 34:13A-1  .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..   5

N.J.S.A. 52:14B-2(a).. .. .. .. .. .. .. .. .. .. .. .. .. .. ..  4

N.J.S.A. 59:1-3 .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..   4

N.J.S.A. 59:8-3 .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..   8

N.J.S.A. 59:8-4 .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..   9

N.J.S.A. 59:8-8 . .. .. .. .. .. .. .. .. .. .. .. .. .. ... . 8, 9

**Administrative Code Provisions**

N.J. Admin Code 4A:7-3.1 .. .. .. .. .. .. .. .. .. .. .. ... ..  4

**Rules**

Fed. R. Civ. P. 12(b)(6) .. .. .. .. .. .. .. .. .. .. .. . 1, 2, 3

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Pro se Plaintiff Marc Stephens (hereinafter "Plaintiff") brings this action against Defendants Stockton University (hereinafter "Stockton") and Robert Blaskiewicz, Jr. (hereinafter "Blaskiewicz), alleging ten separate causes of action: (Count 1) Violation of Due Process; (Count 2) Malicious Prosecution; (Count 3) Malicious Abuse of Process; (Count 4) False Evidence; (Count 5) Negligent Hiring; (Count 6) Intentional Infliction of Emotional Distress; (Count 7) Respondeat Superior; (Count 8) Defamation; (Count 9) Malicious Use of Process and  (Count 10)  Violation of 42 U.S.C. §1983.  (ECF 1).  The first and tenth counts are seemingly predicated on §1983.  The remaining counts appear to be grounded in state tort law.

As to the Defendant-movants, Plaintiff specifically alleges that Stockton is a New Jersey public entity and the employer of Blaskiewicz, who is an Assistant Professor of Critical Thinking and First Year Studies. (ECF-1 ¶ 7,¶ 8).

Defendants Stockton and Blaskiewicz now move to dismiss Plaintiffs §1983 and common law tort claims because Stockton and Blaskiewicz, are immune from suit under the Eleventh Amendment.

Stockton and Blaskiewicz also move to dismiss Plaintiff's common law tort claims due to the Plaintiff's failure to file a Notice of Claim, which is a mandatory prerequisite to instituting suit against the State under the New Jersey Tort Claims Act.

**STANDARD OF REVIEW**

Fed. R. Civ. P. 12(b)(6) allows a defendant to move for dismissal based on the pleader's "failure to state a claim upon which relief can be granted."  A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint.  Johnsrud

1

v. Carter, 620 F.2d 29, 33 (3d Cir. 1980) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

To survive a Rule 12(b)(6) motion, a plaintiff must plead sufficient factual matter that, if accepted as true, states a facially plausible claim to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

The Supreme Court has stressed that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action . . . do not suffice." Iqbal, 556 U.S. at 678. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555. In light of Twombly and Iqbal, the Third Circuit has established a two-part test to apply when considering a motion to dismiss under Rule 12(b)(6):

> [f]irst, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief.
> [(Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotations omitted)).].

In deciding a motion to dismiss, the court considers "the allegations contained in the complaint, exhibits attached to the

2

complaint and matters of public record," and any "undisputedly authentic document[.]" Pension Benefit Guar. Corp., 998 F.2d at 1196; Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007) ("in ruling on a motion to dismiss, a district court relies [only] on the complaint, attached exhibits, and matters of public record."). A motion to dismiss must be granted where the plaintiff "could prove no set of facts that would entitle him to relief." Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004). "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989).

**LEGAL ARGUMENT**

**POINT I**

**PLAINTIFF'S §1983 CLAIMS MUST BE DISMISSED WITH PREJUDICE AS TO STOCKTON AND BLASKIEWICZ BECAUSE STATE ENTITIES AND OFFICIALS ARE ENTITLED TO ELEVENTH AMENDMENT IMMUNITY FROM SUIT.**

In the instant case, Plaintiff alleges that Stockton is a New Jersey public entity and the employer of Blaskiewicz a professor employed by Stockton. (ECF-1 ¶ 7, ¶ 8). Plaintiff's Complaint should be dismissed with respect to Plaintiff's §1983 claims because although §1983 permits a private citizen to sue for deprivation of a constitutional right, it does not waive the sovereign immunity of the State, its entities, or State officials.

Sovereign immunity extends beyond the state itself to immunize "entities that are considered arms of the state." Bowers v. The Nat'l Collegiate Athletic Ass'n., 475 F.3d 524, 545 (3d Cir. 2007). The Third Circuit applies a three part test in order determine whether an entity is an arm of the state: first; whether

3

the payment of the judgment would come from the state, second the status of the entity under state law and third, the degree of autonomy enjoyed by the entity. Fitchik v. N.J. Transit Rail Operations, Inc., 873 F.2d 655, 659 (3d Cir.) (en banc), cert. den., 493 U.S. 850 (1989). All three factors carry the same weight and are considered to be co-equals when conducting the immunity analysis. Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 240 (3d Cir. 2005).

Stockton is an arm of the state entitled to sovereign immunity and as such, Stockton and its employee Blaskiewicz are immune from suit under §1983. See, Malaindi v. Montclair State University, 845 F.3d 77 (3d Cir. 2016) (finding Montclair State University to be an arm of the state), see also, Jones v. PI Kappa Alpha Int'l Fraternity, Inc., 765 Fed. Appx. 802 (3d Cir. 2019) (finding Ramapo College of New Jersey to be an arm of the state).

Here, Stockton in materially indistinguishable from Montclair and Ramapo in that two out of the three Fitchik factors (the entity's status under state law and the degree of autonomy) which weigh in favor of immunity are present.

Concerning Stockton's state law status, Stockton is not statutorily authorized to sue and be sued. (NJSA 18A:64-6, NJSA 18A:3B-6). Since Stockton lacks the power to sue and be sued it falls within the definition of the "State" under the New Jersey Tort Claims Act. (NJSA 59:1-3).

Moreover, Stockton is vested with the power of eminent domain. (NJSA 18A:64-6(1)). It is also considered to be a state agency authorized to adjudicate contested cases under the Administrative Procedure Act. (See, NJSA 52:14B-2(a)).

In addition, Stockton is a state employer and as such it is required to abide by and enforce state policy prohibiting discrimination in the workplace, a policy that applies exclusively to State employers. See, NJ Admin Code 4A:7-3.1 Also, the Governor

4

represents Stockton in its negotiations with the employees' collective bargaining units which are governed by the New Jersey Employer-Employee Relations Act, NJSA 34:13A-1 et. seq., NJSA 18A: 64-21.1. Finally, Stockton employees participate in the state's health benefits and pension programs. See, NJSA 18A:66-170-171. All of these aspects of Stockton's state status weigh in favor of immunity. See, Malaindi v. Montclair State University, 845 F.3d 77 (3d Cir. 2016).

Regarding issues of autonomy, the governing structure of Stockton indicates that it lacks independence from the State. Significantly, the entire Board of Trustees of Stockton University is appointed by the Governor with the advice and consent of the Senate. See, NJSA 18A:64-3. The time and content of the Board meetings are dictated by statute and the Board is entitled to expense reimbursement. See, NJSA 18A:64-4,-5. The Board, appoints Stockton's President who serves at the Board's pleasure. NJSA 18: 64-6(g). Upon the President's nomination, the Board "appoint[s], remove[s], promote[s] and transfer[s]" all other College officers and employees" as may be required for carrying out the purposes of the college". NJSA 18A:64-6(i).

The Board, in turn, is obligated to report annually on the condition Stockton University to the Governor and the Legislature and it must present its annual budget to the Governor, the Legislature and the State Division of Budget and Accounting. See, NJSA 18A: 64-6(d-f). The Board must also spend Stockton's budget in accordance with the general provisions of the state budget and appropriations acts, it must report any changes in that regard to the State treasury, and it is subject to audit at any time to ensure conformance. NJSA 18A:64-6(f). Additionally, since Stockton University's funds are public monies, the State Treasurer requires that any bank in which the Board makes a deposit must guarantee such deposit if the bank is not otherwise insured by the

5

FDIC.  See, NJSA 18A:64-18.5.

Beyond the gubernatorial appointment of the entire Board, the Secretary of Higher Education, a cabinet level post within the Executive Branch, oversees Stockton as well as other institutions of higher learning. In addition to licensing and approval of the programmatic missions of colleges and universities, NJSA 18A:68-6&7, the Secretary is entitled to review and make recommendations respecting their long range plans which must be provided periodically to the Secretary.  NJSA 18A:3B-39.  Moreover, the Secretary may, with the concurrence of the governor, visit a school at any time to review its financials and compliance with all appropriate laws and regulations. NJSA 18A:3B-34. Consequently, the State exerts sufficient control over Stockton University's autonomy so as to weigh in favor of immunity. See, Malaindi v. Montclair State University, 845 F.3d 77 (3d Cir. 2016).

Stockton, Montclair and Ramapo are materially indistinguishable with regard to the two Fitchik factors which the Third Circuit found to weigh in favor of its finding that Montclair and Ramapo are arms of the state.  Stockton is likewise an arm of the state and is also entitled to sovereign immunity in light of its lack of autonomy and status under state law. Accordingly, Plaintiff's §1983 claims in the First and Tenth Counts of the Complaint are barred as to Stockton and Blaskiewicz and must be dismissed.

### POINT II

**THIS COURT LACKS SUPPLEMENTAL JURISDICTION TO DECIDE PLAINTIFF'S STATE TORT LAW CLAIMS AS DEFENDANTS ARE IMMUNE FROM SUIT UNDER THE ELEVENTH AMENDMENT.**

It is well-settled that District courts lack "jurisdiction to hear supplemental state law claims against sovereign entities

6

absent consent by the entity to suit in federal court." Garcia v. Richard Stockton Coll. of New Jersey, 210 F. Supp. 2d 545, 550 (D.N.J. 2002) (citing Raygor v. Regents of Univ. of Minn., 534 U.S. 533, 541 (2002)) ("[Section] § 1367(a)'s grant of jurisdiction does not extend to claims against nonconsenting state defendants."). The Eleventh Amendment has long precluded federal jurisdiction over a state absent the state's express consent to suit. Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 99 (l984). This immunity from suit extends to state agencies, departments, and state employees. Id. at 101-102; see also Alabama v. Pugh, 438 U.S. 781, 782 (1978); Haybarger v. Lawrence County Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir. 2008).

The Third Circuit has recognized that this Court can only retain subject matter jurisdiction over a Complaint whose federal claims have been dismissed where the Court has supplemental jurisdiction over Plaintiff's state law claim. Garcia, 210 F. Supp. 2d at 550 (citing Raygor, 534 U.S. at 541). Absent a determination by the District Court that New Jersey has waived its immunity to the state law claims, any suit with remaining state law claims must be dismissed. Maliandi v. Montclair State Univ. 845 F.3d 77, 99 (2016).

Here, Plaintiff has brought a series of common law tort claims against the Defendant-movants herein. As set forth in Point I supra, Defendant Stockton is an arm of the State which has not consented to suit in federal court. Since Stockton has not consented to suit in federal court, Plaintiff's common law tort claims against Stockton and Blaskiewicz are barred by the Eleventh Amendment. Accord Pennhurst, 465 U.S. at 99. As such, this Court cannot retain supplemental jurisdiction over those state law claims. Accord Maliandi. 845 F.3d at 99.

7

**POINT III**

**PLAINTIFF'S NEGLIGENCE AND INTENTIONAL TORT CLAIMS ARE BARRED BY THE TORT CLAIMS ACT AND AS SUCH COUNTS TWO THROUGH NINE SHOULD BE DISMISSED.**

Pursuant to the New Jersey Tort Claims Act, a litigant is required to file a Notice of Tort Claim within ninety (90) days of the accrual of the alleged cause of action before he or she can file a complaint against the State, its entities, or employees. N.J.S.A. 59:8-8. An action may be brought against a public entity or a public employee only when it is alleged in accordance with the procedure set forth in the Tort Claims Act. See N.J.S.A. 59:8-3. A claimant's obligation to file a Notice of Tort Claim as a prerequisite to initiating litigation is "[a]mong the most important limitations that the Act imposes on would-be claimants[.]" D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 134 (2013).

Specifically, the Tort Claims Act requires:
> A claim relating to a cause of action for death or for injury or damage to person or to property shall be presented as provided in this chapter not later than the ninetieth day after accrual of the cause of action. After the expiration of six months from the date notice of claim is received, the claimant may file suit in an appropriate court of law. The claimant shall be forever barred from recovering against a public entity or public employee if: (a) He failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided in section 59:8-9; or (b) Two years have elapsed since the accrual of the claim; or (c) The claimant or his authorized representative entered into a settlement agreement with respect to that claim.
> [N.J.S.A. 59:8-8.]

8

Failure to file a notice of claim within ninety days of accrual of the action bars a claimant from recovering against a public entity or public employee. N.J.S.A. 59:8-8; see Velez v. City of Jersey City, 180 N.J. 284, 291 (2004) (stating that failure to file notice of claim within ninety days is an "absolute bar to recovery." (emphasis added) (internal citation and quotation omitted)). The goals underlying the Notice of Tort Claim provisions of the Tort Claims Act are:

> (1) "to allow the public entity at least six months for administrative review with the opportunity to settle meritorious claims prior to the bringing of suit"; (2) "to provide the public entity with prompt notification of a claim in order to adequately investigate the facts and prepare a defense"; (3) "to afford the public entity a chance to correct the conditions or practices which gave rise to the claim"; and (4) "to inform the [public entity] in advance as to the indebtedness or liability that it may be expected to meet."
> [Beauchamp v. Amedio, 164 N.J. 111, 121-22 (2000) (citations omitted).]

In keeping with these aims, N.J.S.A. 59:8-4 is "designed to provide the public entity with sufficient information to enable it promptly to evaluate its liability and potential exposure and, if it chooses, to correct a defective condition and also to engage in settlement negotiations prior to the commencement of suit." Newberry v. Twp. of Pemberton, 319 N.J. Super. 671, 675 (App. Div. 1999).

The notice requirement also gives the public entity a chance to correct the practices that form the basis of a plaintiff's claim. Id. at 122. Without prompt notice, a public entity would be unable to comply with the principles behind the Tort Claims Act. Thus, a notice of claim filed outside the ninety-day period is a nullity. Priore v. State, 190 N.J. Super. 127, 130 (App. Div. 1983). Claimants bear the burden of proving that a notice of claim

was filed with the public entity. Hammond v. City of Paterson, 145 N.J. Super. 452, 455 (1976).

In the instant case, Plaintiff filed the within law suit which advances common law tort claims without having first filed a notice of claim within the applicable statutory time frame. (Certification of Peter Ramos, attached to Certification of Counsel as "Exhibit A"). As such, the common law tort claims as set forth in the Complaint should be dismissed.

## CONCLUSION

For the reasons set forth herein, Defendants Stockton University and Robert Blaskiewicz, Jr., respectfully request that the Court enter an Order granting their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

                    MATTHEW J. PLATKIN
                    ACTING ATTORNEY GENERAL OF NEW JERSEY

By:   *s/Timothy P. O'Brien*
      Timothy P. O'Brien
      Deputy Attorney General

DATED: June 21, 2022