UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MARC A. STEPHENS,
Plaintiff,

v.

GURBIR S. GREWAL, ATTORNEY GENERAL, STATE OF NEW JERSEY, ATLANTIC COUNTY PROSECUTOR'S OFFICE, STOCKTON UNIVERSITY, GALLOWAY TOWNSHIP, ROBERT BLASKIEWICZ, JR., DETECTIVE SERGEANT MICHAEL MATTEOLI, All Defendants sued Individually and in official capacity.
Defendants

CASE NO. 1:22-cv-01989-KMW-SAK

**PLAINTIFF'S RESPONSE TO STOCKTON DEFENDANT'S MOTION TO DISMISS**

"Pro se litigant's pleadings are not to be held to the same high standards of perfection as lawyers", Haines v. Kerner 404 U.S. 519 (1972) at 521. Cruz v. Beto, 405 U.S. 319,322 (1972).

### POINT I

I. The defendants argue, page 8 of their motion to dismiss, **"PLAINTIFF'S §1983 CLAIMS MUST BE DISMISSED WITH PREJUDICE AS TO STOCKTON AND BLASKIEWICZ BECAUSE STATE ENTITIES AND OFFICIALS ARE ENTITLED TO ELEVENTH AMENDMENT IMMUNITY FROM SUIT".**

"Sovereign immunity does not exempt the State from a challenge based on violation of the federal or state constitutions, because any other rule self-evidently would make constitutional law subservient to the State's will. Moreover, neither the common law nor a state statute can supersede a provision of the federal or state constitutions." Department of Revenue v. Kuhnlein, 646 So. 2d 717 - Fla: Supreme Court 1994 at 721. Although the Eleventh Amendment grants immunity to states from suit for money damages or equitable relief without their consent, in Ex parte Young, 209 U.S. 123 (1908), the Supreme Court ruled that federal courts may enjoin state officials from violating federal law. In Fitzpatrick v. Bitzer, 427 U.S. 445 (1976), the Supreme Court ruled that Congress may abrogate state immunity from suit

under Section 5 of the Fourteenth Amendment. In <u>Central Virginia Community College v. Katz</u>, 546 U.S. 356 (2006), the Court ruled Article I, Section 8, Clause 4 of the Constitution abrogated state immunity in bankruptcy cases. In <u>Lapides v. Board of Regents of University System of Georgia</u>, 535 U.S. 613 (2002), the Supreme Court ruled that when a state invokes a federal court's removal jurisdiction, it waives the Eleventh Amendment in the removed case.

## POINT II

II. The defendants argue, page 11 of their motion to dismiss, **"THIS COURT LACKS SUPPLEMENTAL JURISDICTION TO DECIDE PLAINTIFF'S STATE TORT LAW CLAIMS AS DEFENDANTS ARE IMMUNE FROM SUIT UNDER THE ELEVENTH AMENDMENT"**.

The amount in controversy exclusive of interest and costs exceeds the sum of $75,000.00. Plaintiff sued defendants in their "personal capacity", but the defendant is trying to dupe the court by removing "personal capacity" from the title of their motion to dismiss. In the Summons and Complaint, it states, "All defendants <u>sued individually</u> and in official capacity". **ECF 1-3**. If a plaintiff can demonstrate that the government's action was done in bad faith, the plaintiff can receive damages despite sovereign immunity. Typically, if a party can demonstrate that the government intentionally acted wrongly with the sole purpose of causing damages, that party can recover for injury or economic losses. Under the "abrogation doctrine", while Congress cannot use its Article I powers to subject states to lawsuits in either federal courts, <u>Seminole Tribe v. Florida</u>, or a fortiori its own courts, Alden, supra, it can abrogate a state's sovereign immunity pursuant to the powers granted to it by §5 of the Fourteenth Amendment, and thus subject them to lawsuits. Seminole, supra; <u>Fitzpatrick v. Bitzer</u>.

The "stripping doctrine" permits a state official who used his or her position to act illegally to be sued in his or her individual capacity. A state is not a "person" under section 1983, but a city is a person under the law (<u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 [1989]). Similarly, state officials sued in their official capacities are not deemed persons under section 1983, but if sued in their personal capacities, they are considered to be persons. Thus, if a plaintiff wants to bring a section 1983 claim against a

state official, she or he must name the defendants in their "personal capacity", and not in their professional capacity. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, **shall be liable** to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Brandon v. Holt, 469 US 464 - Supreme Court 1985. "We therefore hold that government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or **constitutional rights** of which a reasonable person would have known". See Procunier v. Navarette, 434 U. S. 555, 565 (1978); Wood v. Strickland, 420 U. S., at 322. Harlow v. Fitzgerald, 457 US 800 - Supreme Court 1982 at 818.

The Court has consistently refused to extend Eleventh Amendment sovereign immunity to counties, cities, or towns, Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) (local school district not an arm of the state based on (1) its designation in state law as a political subdivision, (2) the degree of supervision by the state board of education, (3) the level of funding received from the state, and (4) the districts' empowerment to generate their own revenue through the issuance of bonds or levying taxes, even though such political subdivisions exercise a slice of state power, County Estates v. Tahoe Regional Planning Agency, 440 U.S. 391, 400–01 (1979). Even when such entities enjoy immunity from suit under state law, they do not have Eleventh Amendment immunity in federal court and the states may not confer it, Chicot County v. Sherwood, 148 U.S. 529 (1893). Similarly, entities created pursuant to interstate compacts (and subject to congressional approval) are not immune from suit, absent a showing that the entity was structured so as to take advantage of the state's constitutional protections. Lake County Estates v. Tahoe Regional Planning Agency, 440 U.S. 391 (1979); Petty v. Tennessee-Missouri Bridge Comm'n, 359 U.S. 275 (1959). Fitzpatrick holds that the Fourteenth Amendment prevails in a clash with the Eleventh Amendment. In Fitzpatrick itself, the Court dealt with only one provision of the Fourteenth Amendment, section 5. But if state sovereign immunity does not limit section 5, then neither should it limit

section 1 — or any other provision of the Fourteenth Amendment. Thus, when a state deprives a person of property without just compensation or refuses to refund tax monies unlawfully exacted, **due process demands a remedy** — state sovereign immunity notwithstanding. Rights for which the Fourteenth Amendment itself provides a cause of action cannot be shielded from the courts. Fitzpatrick v. Bitzer, 427 U.S. 445, 453 (1976).

### POINT III

The defendants argue, page 13 of their motion to dismiss, "**PLAINTIFF'S NEGLIGENCE AND INTENTIONAL TORT CLAIMS ARE BARRED BY THE TORT CLAIMS ACT AND AS SUCH COUNTS TWO THROUGH NINE SHOULD BE DISMISSED**"

**A. Plaintiff's claims are not barred by the tort claims act and should not be dismissed.**

On **January 5, 2022**, the court heard oral arguments from both the Prosecutor and Plaintiff Marc Stephens. The Judge issued an Opinion, and ruled in favor of Stephens, dismissing the indictment, see plaintiff's complaint **EXHIBIT 32 (a55-60)**. The court warned Marc Stephens that the prosecutor could still file charges against him and retry the case. On **January 27, 2022**, the prosecutor confirmed that they **will not** be re-trying the case against Marc Stephens, **EXHIBIT 33 (a61)**. On **March 3, 2022**. Marc Stephens contacted the defendants for their Notice of Tort Claim form, attached hereto as **EXHIBIT A**. On **April 5, 2022**, Marc Stephens forwarded a Notice of Tort claim to the Stockton defendants legal counsel Ellen Bailey via mail and email, in which she confirmed receipt, **EXHIBIT B**. Defendant claimed they did not receive it, and advised Plaintiff to forward the notice of tort or complaint to email address NJAG.ElectronicService.CivilMatters@law.njoag.gov, attached hereto as **EXHIBIT C and D**. Marc Stephens requested for "Waiver of Service", which gives defendant more time to investigate the claims.

**B. Marc Stephens has up to 1 year to file a Notice of Tort Claim**

N.J.S.A. 59:8–9 permits the filing of a motion for leave to file a late notice. This motion may be granted if the claimant has shown "sufficient reasons constituting extraordinary circumstances for his failure to file notice of claim" within the statutory period of ninety days, and "that the public entity or the public employee has not been substantially prejudiced thereby." Plaintiff still has not received the **Final Judgment** and Order from the court.

### C. Marc Stephens is proceeding as Pro Se and carelessness and negligence may be excusable

"[C]arelessness may be excusable when attributable to an honest mistake that is compatible with due diligence and reasonable prudence." Housing Authority of Town of Morristown v. Little, 135 N.J. 274, 284 (N.J., 1994). "At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights", United States v. Olano, 507 US 725 - Supreme Court 1993. "[w]e have never been a judicial system that goes on total complete technicality", Bank v. Kim, 825 A. 2d 566 - NJ: Appellate Div. 2003 at 574. Accordingly, this Court can and should excuse inadvertent failures to comply with the Court's rules when they result from the difficulties inherent in proceeding pro se. Cf. Schacht v. United States, 398 U.S. 58, 64 (1970) ("The procedural rules adopted by the Court for the orderly transaction of its business ... can be relaxed by the Court in the exercise of its discretion when the ends of justice so require."). "Our rules of procedure are based on the assumption that litigation is normally conducted by lawyers", McNeil v. United States, 508 US 106 - Supreme Court 1993 at 113.

### D. Plaintiff substantially complied with the state statues, and the court should not dismiss the case base on technicalities.

N.J.S.A. 59:8-4 is "designed to provide the public entity with sufficient information to enable it promptly to evaluate its liability and potential exposure and, if it chooses, to correct a defective condition and also to engage in settlement negotiations prior to the commencement of suit." Newberry v. Twp. of Pemberton, 319 N.J. Super. 671, 675 (App. Div. 1999). Substantial Compliance, "is a doctrine based on justice and fairness, designed to avoid technical rejection of legitimate claims. Zamel, supra, 56 N.J. at 6, 264 A.2d 201", Galik v. Clara Maass Med. Center, 771 A. 2d 1141 - NJ: Supreme Court 2001 at 1148-49. Indeed, the Legislature did not intend "to `create a minefield of hyper-technicalities in order to doom innocent litigants possessing meritorious claims.'" Ryan, supra, 203 N.J. at 51, 999 A.2d 427 (quotation omitted), Ryan v. Renny, 999 A. 2d 427 - NJ: Supreme Court 2010 at 435-436.

**E. State Statutes do not supersede common law and constitutional rights to due process and right to trial.**

"Where rights secured by the Constitution are involved, there can be <u>no rule making or legislation</u> which would abrogate them." Miranda v. Arizona, 384 US 436 at 491. No right granted or secured by the Constitution of the United States can be <u>impaired or destroyed by a state enactment</u>". Connolly v. Union Sewer Pipe Co., 184 US 540 at 558.

**<u>Right to Due Process</u>**: The 5th and 14th Amendment of the Constitution of the United States reads, "No person shall be deprived of life, liberty, or property, without due process of law". "At its core, the right to due process reflects a fundamental value in our American constitutional system", Boddie v. Connecticut, 401 US 371 - Supreme Court 1971 at 374. The United States Supreme Court held that due process is violated "if a practice **or rule** offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental", <u>Snyder v. Massachusetts</u>, 291 U.S. 97 (1934).

**<u>Right to Trial</u>**: The seventh Amendment to the Constitution of the United States reads, "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved", <u>Colgrove v. Battin</u>, 413 US 149 - Supreme Court 1973 at 152. "The Seventh Amendment, which was included in the Bill of Rights in 1791 and which has not since been repealed in the only manner provided by the Constitution for repeal of its provisions". <u>Parklane Hosiery Co. v. Shore</u>, 439 US 322 - Supreme Court 1979 at 338. "a provision of the Bill of Rights that protects a right that is <u>fundamental</u> from an American perspective applies equally to the Federal Government **and the States**. See Duncan, 391 U.S., at 149, and n. 14, 88 S.Ct. 1444". <u>McDonald v. City of Chicago, Ill.</u>, 130 S. Ct. 3020 - Supreme Court 2010 at 3050. The court is "free to regulate the procedure of its courts in accordance with its own conception of policy and fairness unless in so doing it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as **fundamental**". <u>Twining v. New Jersey</u>, 211 U.S. 78, 106, 111, 112; Rogers v. Peck, 199 U.S. 425, 434; <u>Maxwell v. Dow</u>, 176 U.S. 581, 604; <u>Hurtado v. California</u>, 110 U.S. 516; <u>Frank v. Mangum</u>, 237 U.S. 309, 326; <u>Powell v. Alabama</u>, 287 U.S. 45, 67.

**F. The defendants will not be prejudice and can request for more time to investigate the Plaintiff's claims**

"Prejudice involves impairment of defendant's ability to defend on the merits, rather than foregoing such a procedural or technical advantage." National Union Fire Ins. Co. v. Barney Assoc., 130 F.R.D. 291, 294 (S.D.N.Y. 1990)." US v. Kushner, Dist. Court, D. New Jersey 2018.

## CONCLUSION

The Plaintiff is respectfully asking the court to dismiss defendants motion, and set a discovery schedule.

Dated: June 27, 2022

Respectfully submitted,

S// Marc Stephens
Marc A. Stephens
Plaintiff, pro se

# EXHIBIT A

 Gmail

Marc Stephens <marcstephens3@gmail.com>

---

**Notice of Tort and Civil Complaint**

---

**Marc Stephens** <marcstephens3@gmail.com>  Tue, Apr 5, 2022 at 11:57 AM
To: "Bailey, Ellen" <Ellen.Bailey@stockton.edu>

Good Morning,

Attached please find a courtesy copy of my **civil complaint and exhibits** filed with the District Court in Newark. Once the complaint is on the docket, I will forward a stamped copy and serve the Summons and Complaint.

Regards,

Marc Stephens
Plaintiff, pro se

---

2 attachments

- Civil Complaint - Cyber 4-4-22.pdf
  293K
- 0 EXHIBITS 4-4-22.pdf
  25173K

# EXHIBIT B

 Gmail

Marc Stephens <marcstephens3@gmail.com>

**Notice of Tort and Civil Complaint**

Bailey, Ellen <Ellen.Bailey@stockton.edu>  Tue, Apr 5, 2022 at 3:13 PM
To: Marc Stephens <marcstephens3@gmail.com>

Good afternoon Marc Stephens:

Formal service of the complaint should be made to the Stockton University Office of General Counsel, 101 Vera King Farris Dr., West Quad 110, Galloway, NJ 08205. Please note that the University ban prohibiting you from entering onto University property remains in effect.

Thank you.

_____

Ellen D. Bailey, Esq.

Deputy General Counsel

Stockton University Office of General Counsel

T: 609-626-5571 | F: 609-626-3843

ellen.bailey@stockton.edu

# EXHIBIT C

 Gmail

Marc Stephens <marcstephens3@gmail.com>

---

**SUMMONS AND COMPLAINT: Marc Stephens vs GREWAL et al - Case No: 1:22-cv-01989-KMW-SAK**

---

**Marc Stephens** <marcstephens3@gmail.com>    Fri, Apr 22, 2022 at 3:44 PM
To: Kelli Danieli <KDanieli@gtnj.org>, "Bailey, Ellen" <ellen.bailey@stockton.edu>, Paige Jedlicka <jedlicka_p@acpo.org>, Robert.Blaskiewicz@stockton.edu, NJAG.ElectronicService.CivilMatters@law.njoag.gov

**To Defendants:** NJ Attorney General, Stockton University, Robert Blaskiewicz, Jr., Galloway Township, Detective Sergeant Michael Matteoli, Atlantic County Prosecutor.

Attached please find a copy of:

1. the Summons and Complaint
2. Exhibits
3. First request to waive service

Regards,

Marc Stephens
Plaintiff, pro se

---

**4 attachments**

- **Summons FILED 4-19-22.pdf**
  471K
- **Civil Complaint - FILED 4-4-22.pdf**
  11701K
- **0 EXHIBITS FILED 4-4-22_compressed.pdf**
  7663K
- **First request to waive service 4-22-22.pdf**
  193K

# EXHIBIT D

 Gmail

Marc Stephens <marcstephens3@gmail.com>

## SUMMONS AND COMPLAINT: Marc Stephens vs GREWAL et al - Case No: 1:22-cv-01989-KMW-SAK

NJAG.ElectronicService.CivilMatters     Sun, Apr 24, 2022 at 10:17 PM
<NJAG.ElectronicService.CivilMatters@law.njoag.gov>
To: Marc Stephens <marcstephens3@gmail.com>

*Your matter was received.*
*For review*

*Ellen Seitz*
*Agency Service Representative*

**From:** Marc Stephens <marcstephens3@gmail.com>
**Sent:** Friday, April 22, 2022 6:20 PM
**To:** Blaskiewicz, Robert <Robert.Blaskiewicz@stockton.edu>
**Cc:** Bailey, Ellen <Ellen.Bailey@stockton.edu>; Kelli Danieli <KDanieli@gtnj.org>; Paige Jedlicka <jedlicka_p@acpo.org>; NJAG.ElectronicService.CivilMatters <NJAG.ElectronicService.CivilMatters@law.njoag.gov>
**Subject:** [EXTERNAL] Re: SUMMONS AND COMPLAINT: Marc Stephens vs GREWAL et al - Case No: 1:22-cv-01989-KMW-SAK

[Quoted text hidden]

CONFIDENTIALITY NOTICE The information contained in this communication from the Office of the New Jersey Attorney General is privileged and confidential and is intended for the sole use of the persons or entities who are the addressees. If you are not an intended recipient of this e-mail, the dissemination, distribution, copying or use of the information it contains is strictly prohibited. If you have received this communication in error, please immediately contact the Office of the Attorney General at (609) 292-4925 to arrange for the return of this information.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARC A. STEPHENS, Plaintiff, <br><br> v. <br><br> GURBIR S. GREWAL, ATTORNEY GENERAL, STATE OF NEW JERSEY, ATLANTIC COUNTY PROSECUTOR'S OFFICE, STOCKTON UNIVERSITY, GALLOWAY TOWNSHIP, ROBERT BLASKIEWICZ, JR., DETECTIVE SERGEANT MICHAEL MATTEOLI, All Defendants sued Individually and in official capacity. <br> Defendants | CASE NO. 1:22-cv-01989-KMW-SAK <br><br> **NOTICE OF MOTION** |

**PLEASE TAKE NOTICE** that, on a date and at a time to be set by the Court, or as soon thereafter as counsel can be heard, Plaintiff Marc Stephens will move for an order to Dismiss Defendant's Motion to dismiss the complaint.

Dated: June 27, 2022

Respectfully submitted,

S// Marc Stephens
Marc A. Stephens
Plaintiff, pro se


**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARC A. STEPHENS, Plaintiff, <br><br> v. <br><br> GURBIR S. GREWAL, ATTORNEY GENERAL, STATE OF NEW JERSEY, ATLANTIC COUNTY PROSECUTOR'S OFFICE, STOCKTON UNIVERSITY, GALLOWAY TOWNSHIP, ROBERT BLASKIEWICZ, JR., DETECTIVE SERGEANT MICHAEL MATTEOLI, All Defendants sued Individually and in official capacity. <br> Defendants | CASE NO. 1:22-cv-01989-KMW-SAK <br><br> **CERTIFICATE OF SERVICE** |

I hereby certify that:

1. A copy of the within Motions were filed within the time prescribed by the Rules of Court.

2. I, the undersigned, mailed to Attorneys for the State, by the court's electronic submission, email & regular mail, a true copy of the within Brief and Motion.

**I hereby certify that the statements made by me in this document are true. I am aware that if any are willfully false, I am subject to punishment.**

Dated: **June 27, 2022**

Respectfully submitted,

S// Marc Stephens
Marc A. Stephens
Plaintiff, pro se