MATTHEW J. PLATKIN
ACTING ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
P.O. Box 112
25 Market Street
Trenton, New Jersey 08625-0112
Attorney for Defendants, *Stockton University and Robert Blaskiewicz, Jr.*

By:  Timothy P. O'Brien
     Deputy Attorney General
     Attorney ID# 00621984
     (609) 376-2440
     Timothy.Obrien@law.njoag.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| MARC A. STEPHENS<br><br>Plaintiff,<br><br>v.<br><br>GURBIR S. GREWAL, ATTORNEY GENERAL, STATE OF NEW JERSEY, ATLANTIC COUNTY PROSECUTOR'S OFFICE, STOCKTON UNIVERSITY, GALLOWAY TOWNSHIP, ROBERT BLASKIEWICZ, Jr., SERGEANT MICHAEL MATTEOLI<br><br>Defendants. | CIVIL ACTION NO. 1:22-cv-01989 (KMW-MJS)<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** |

1

## PRELIMINARY STATEMENT

Pro se Plaintiff Marc Stephens (hereinafter "Plaintiff") brings this action against Defendants Stockton University and Robert Blaskiewicz, Jr., alleging ten separate causes of action which are predicated on alleged violations of 42 U.S.C.A. §1983 as well as New Jersey tort law.

Plaintiff has alleged that Stockton is a New Jersey public entity and the employer of Blaskiewicz, who is an Assistant Professor of Critical Thinking and First Year Studies. (ECF-1 ¶ 7, ¶ 8). Plaintiff alleged further that Defendant Stockton is an arm of the state and Defendant Blaskiewicz is a state actor by virtue of his employment at Stockton. (ECF-1 ¶ 52).

Defendants Stockton and Blaskiewicz have moved to dismiss Plaintiff's §1983 and common law tort claims because Stockton and Blaskiewicz, are immune from suit under the Eleventh Amendment.

Stockton and Blaskiewicz also moved to dismiss Plaintiff's common law tort claims due to the Plaintiff's failure to file a Notice of Claim, which is a mandatory prerequisite to instituting suit against the State under the New Jersey Tort Claims Act.

Plaintiff has filed Opposition to that application asserting that he should be relieved from the notice requirements of the Tort Claims Act and, although not specifically pleaded in the body of the Complaint, he contends that Blaskiewicz faces liability in his individual in addition to his official capacity.

Defendants submit the within Reply in response to Plaintiff's arguments regarding the Tort Claims Act as well as his contention that the Complaint supports the imposition of §1983 liability upon Blaskiewicz in his individual capacity.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S SECTION 1983 CLAIMS AGAINST BLASKIEWICZ SHOULD BE DISMISSED AS PLAINTIFF HAS FAILED TO PLEAD SUFFICIENT FACTS THAT BLASKIEWICZ ACTED UNDER COLOR OF STATE LAW**

Section 1983 is a vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials. Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). In order to state a claim under Section 1983, a plaintiff must allege a violation of a right secured by the Constitution and the laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed. 2d. 40 (1988). Dismissal of a Section 1983 claim on a 12(b)(6) is proper if the Complaint is devoid of factual allegations that give rise to a plausible inference of either element. See, e.g. DeGrassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000); Price v Hawaii, 939 F. 2d 636, 647 (9th Cir. 1991).

In the instant case, other than alleging that Defendant Blaskiewicz is a state actor by virtue of his employment at Defendant Stockton, the Complaint contains no allegations that Blaskiewicz acted in that capacity when he allegedly perpetrated various wrongs asserted by the Plaintiff.

Specifically, in the Complaint alleges that Blaskiewicz: engaged in on line harassment, improper email communications, fabricated a complaint and fabricated social media accounts. However, nowhere in the Complaint does Plaintiff allege any nexus between those activities and Blaskiewicz' position as a member of the faculty at Stockton.

In order to act under color of state law, an individual must exercise power that is possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.  United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941).  A defendant in a Section 1983 case acts under color of state law when he abuses the position given to him by the state.  West v. Atkins, 487 U.S. 42, 49-50, 108 S.Ct. 2250, 101 L.Ed. 2d. 40 (1988).  That element is generally satisfied when a state employee wrongs someone while acting in his official capacity or while exercising his responsibilities pursuant to state law.  Id.

4

Here, the alleged misconduct by Blaskiewicz towards the plaintiff through his personal on line activity are not specifically alleged to have been performed under color of state law and as such, those alleged activities do not constitute violations under Section 1983.  See, Naffe v Frey, 789 F. 3d 1030 (9th Cir. 2015) (The personal blogging activity of an assistant district attorney, although antagonistic, were unrelated to his office and held not to be under color of state law).  Likewise, Plaintiff has not alleged that Blaskiewicz acted under color of state law when he filed a complaint with the police regarding Plaintiff's email communications.  Likewise, that activity, as pleaded, is unrelated to Blaskiewicz' employment by a state university and therefore was not performed under color of state law.  Myers v Bowman, 713 F. 3d 1319 (11th Cir. 2013). (Magistrate Judge did not act under color of state law when he reported a theft to the police, because in reporting the crime, he acted only as a private individual).

Consequently, Plaintiff has failed to plead sufficient facts so as to impose §1983 liability upon Blaskiewicz and as such, those claims should be dismissed.

5

**POINT II**

**PLAINTIFF'S CLAIMS GROUNDED IN TORT SHOULD BE DISMISSED AS PLAINTIFF HAS FAILED TO TIMELY FILE A TORT CLAIMS NOTICE PURSUANT TO NJSA 59: 8-8(A)**

In the instant case, Plaintiff's Complaint was filed on April 4, 2022. (ECF 1).  Plaintiff has acknowledged that his cause of action in the within matter accrued on January 27, 2022. (ECF 14 at p. 4). Defendants Stockton and Blaskiewicz have sought dismissal of Plaintiff's common law tort claims because Plaintiff's failed to file a tort claims notice pursuant to the Tort Claims Act.

The New Jersey Tort Claims Act ("TCA") requires that a notice of claim be filed within ninety days after the accrual of a cause of action.  After the expiration of six months from the date the notice of claim is received, the claimant may file suit in an appropriate court of law.  See N.J.S.A. 59:8-8(a).  Where an individual fails to comply with that procedural requirement, he or she shall be forever barred from recovery against a New Jersey public entity or employee. Martin v. Unknown U.S. Marshalls, 965 F. Supp. 2d 502, 549 (D.N.J. 2013), Hashem v Hunterdon County, No. 15-8585 (FLW) (DEA), 2016 U.S. Dist. LEXIS 134055 at *31 (D.N.J. Sep. 29, 2016).  Here, since Plaintiff has failed to timely file the requisite Tort Claims Notice, pursuant

to the dictates of the statute, his common law tort claims must be dismissed as to the Defendants herein.

Plaintiff responds by asserting: (1) that he filed a tort claims notice, (2) that he has up to one year to file a notice of claim, (3) since he is proceeding pro se, his carelessness and negligence may be excusable, (4) he has substantially complied with the statute, (5) statutes do not supersede the common law and due process, and (6) a lack of prejudice to the Defendants.

Although Plaintiff alleges that he "forwarded a Notice of Tort claim to the Stockton defendants legal counsel" (ECF 14 at p. 4), an examination of Plaintiff's cited Exhibits, reveals that rather than filing the required Tort Claims Notice, Plaintiff attempted to serve a copy of the Complaint which he had already filed in the within matter. (ECF 14 at pp. 8-11) In actuality, as set forth in our original motion papers, Plaintiff has never filed a Tort Claims Notice with respect to Stockton or Blaskiewicz. (ECF 9 Exhibit A) As such, Plaintiff, in violation of the statute, brought the within lawsuit without having first filed a Tort Claims Notice within 90 days of the accrual of his cause of action.

Plaintiff also asserts that Defendants' application should be denied because he has up to one year to file a notice of

7

claim.  However, in order to do so, Plaintiff must comply with NJSA 59:8-9 which, in relevant part provides:

> A claimant who fails to file notice of his claim within 90 days as provided in section 59:8-8 of this act may, in the discretion of a **judge of the Superior Court,** be permitted to file such notice at any time within one year of the accrual of his claim provided that the public entity or the public employee has not been substantially prejudiced thereby. Application to the court for permission to file a late notice of claim shall be made upon motion and supported by affidavits based upon personal knowledge of the affiant showing sufficient reasons constituting **extraordinary circumstances** for his failure to file a notice of claim within the time prescribed by section 59:8-8. (Emphasis added)

Accordingly, Plaintiff is required to file an application before a judge of the Superior Court of New Jersey and demonstrate extraordinary circumstances for his failure to file a notice of claim within the 90 day statutory time frame. See, O'Neil v City of Newark, 304 N.J. Super. 543 (App. Div. 1997).

Here, Plaintiff has taken no steps to comply with NJSA 59:8-9 and has failed to articulate any rationale that would suggest, let alone establish, extraordinary circumstances. Instead, Plaintiff contends that his "carelessness and negligence" in failing to comply with the statute should be excused since he is a *pro se* litigant.

Carelessness and negligence however do not constitute exceptional circumstances. See, Zois v New Jersey Sports Exposition Authority, 286 N.J. Super. 670 (App. Div. 1996).  In

8

addition, ignorance of the 90-day notice requirement, whether it be on the part of counsel or the litigant, does not constitute exceptional circumstances either.  See, Wood v County of Burlington, 302 N.J. Super. 371 (App. Div. 1997); Escalante v Township of Cinnaminson, 283 N.J. Super. 244 (App. Div. 1995).  Consequently, Plaintiff's "carelessness and negligence" does not constitute "exceptional circumstances" under *N.J.S.A. 59:8-8*.

Next, Plaintiff suggests that he has substantially complied with the Tort Claims Act's notice requirements and as such, his claims should not be dismissed.  However, in order to avail oneself of the doctrine of substantial compliance, a Tort Claims Notice must actually be in writing and timely filed. D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 158-59 (2013). It is only under those circumstance that a plaintiff may argue that he or she substantially complied with the notice requirement albeit by providing something less that the complete information called for by the public entity. Id.  Since Plaintiff has failed to timely file a written notice of claim, he may not therefore invoke the doctrine of substantial compliance.[1]

Instead, Plaintiff clearly violated the Act by filing suit rather than serving a notice of claim which deprived the

---

[1] In support of his substantial compliance argument, Plaintiff cites case law applicable to the Affidavit of Merit Statute, NJSA 2A: 53A-27, which pertains to professional malpractice claims rather than the Tort Claims Act.

9

Defendants of the opportunity to evaluate their liability and potential exposure prior to the commencement of suit which is contrary to the underlying goals of the Act. See, Newberry v Twp. of Pemberton, 319 N.J. Super. 671, 675 (App. Div. 1999).

Finally, The Tort Claims Act itself negates Plaintiff's argument that statutes may not supersede common law, due process and the right to trial. See, e.g. Rochinsky v State of N.J. Dept. of Transp., 110 N.J. 399 (1988).

## CONCLUSION

For all of the foregoing reasons, as well as those expressed in their original application, Defendants respectfully request that their motion to dismiss Plaintiff's Complaint in the within matter be granted.

> Respectfully Submitted,
>
> MATTHEW J. PLATKIN
> ACTING ATTORNEY GENERAL OF NEW JERSEY
>
> By: /s/ Timothy P. O'Brien
> Timothy P. O'Brien
> Deputy Attorney General

DATED: July 11, 2022