**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARC A. STEPHENS, <br> Plaintiff, <br><br> v. <br><br> GURBIR S. GREWAL, ATTORNEY GENERAL, STATE OF NEW JERSEY, ATLANTIC COUNTY PROSECUTOR'S OFFICE, STOCKTON UNIVERSITY, GALLOWAY TOWNSHIP, ROBERT BLASKIEWICZ, JR., DETECTIVE SERGEANT MICHAEL MATTEOLI, All Defendants sued Individually and in official capacity. <br> Defendants | CASE NO. 1:22-cv-01989-KMW-SAK <br><br> **NOTICE OF MOTION** |

**PLEASE TAKE NOTICE** that, on a date and at a time to be set by the Court, or as soon thereafter as counsel can be heard, Plaintiff Marc Stephens will move for an order to Dismiss Defendant's Motion to dismiss the complaint.

**Dated: July 22, 2022**

Respectfully submitted,

S// Marc Stephens
Marc A. Stephens
Plaintiff, pro se

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARC A. STEPHENS, <br> Plaintiff, <br><br> v. <br><br> GURBIR S. GREWAL, ATTORNEY GENERAL, STATE OF NEW JERSEY, ATLANTIC COUNTY PROSECUTOR'S OFFICE, STOCKTON UNIVERSITY, GALLOWAY TOWNSHIP, ROBERT BLASKIEWICZ, JR., DETECTIVE SERGEANT MICHAEL MATTEOLI, All Defendants sued Individually and in official capacity. <br> Defendants | CASE NO. 1:22-cv-01989-KMW-SAK <br><br> **CERTIFICATE OF SERVICE** |

I hereby certify that:

1.  A copy of the within Motions were filed within the time prescribed by the Rules of Court.

2.  I, the undersigned, mailed to Attorneys for the State, by the court's electronic submission, email & regular mail, a true copy of the within Brief and Motion.

**I hereby certify that the statements made by me in this document are true. I am aware that if any are willfully false, I am subject to punishment.**

**Dated: July 22, 2022**

Respectfully submitted,

S// Marc Stephens
Marc A. Stephens
Plaintiff, pro se

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

MARC A. STEPHENS,
Plaintiff,

v.

GURBIR S. GREWAL, ATTORNEY
GENERAL, STATE OF NEW JERSEY,
ATLANTIC COUNTY PROSECUTOR'S
OFFICE, STOCKTON UNIVERSITY,
GALLOWAY TOWNSHIP, ROBERT
BLASKIEWICZ, JR., DETECTIVE
SERGEANT MICHAEL MATTEOLI, All
Defendants sued Individually and in
official capacity.
Defendants

CASE NO. 1:22-cv-01989-KMW-SAK

**PLAINTIFF'S RESPONSE TO
THE ATTORNEY GENERAL,
PROSECUTOR, AND MATTEOLI
DEFENDANT'S MOTION TO DISMISS**

## INTRODUCTION

The Atlantic County Prosecutor's office, New Jersey Attorney General, Detective

Matteoli, and Robert Blaskiewics of Stockton University, in violation of 18 U.S. Code § 242, 42

U.S.C. § 1983, and the New Jersey Civil Rights Act ("NJCRA"), all conspired to create "fake"

social media and blog accounts pretending to be Marc Stephens, filed "false" complaints, and

submitted "fabricated" evidence to a grand jury against Plaintiff Marc Stephens, in an attempt to

suppress the videos, in Stephens' possession, of Blaskiewics and his "Skeptics Society" members

engaging in criminal and pedophile activity.  Stephens **won** the criminal case and is now suing

the defendants in civil court.  The Defendants filed a Motion to Dismiss the complaint, and argue

that although they violated Marc Stephens rights, they are "Immune" under the Eleventh

Amendment from any liability.  Stephens argues that under common law, and the United States

Constitution, the State Defendants are **not** immune from liability when intentionally violating

common law and constitutional rights.

## STANDARD OF REVIEW

"Pro se litigant's pleadings are not to be held to the same high standards of perfection as lawyers", Haines v. Kerner 404 U.S. 519 (1972) at 521. Cruz v. Beto, 405 U.S. 319,322 (1972).

For a plaintiff to prevail against an individually named defendant under a §1983 claim, the plaintiff must establish each of the following elements: 1) that the conduct complained of was committed by a person acting under the color of state law; 2) that this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States; and 3) that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff. See Adickes v. S.H. Kress and Co., 398 U.S. 144 (1970); Powell v. Ridge, 189 F.3d 387, 400 (3d. Cir. 1999) (overruled on other grounds by Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009)); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d. Cir. 1994); L.S. v. Mount Olive Bd. of Educ., 765 F. Supp. 2d 648, 656 (D.N.J. 2011).

"To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction". Thompson v. Clark, 142 S. Ct. 1332 - Supreme Court 2022 at 1335.

In ruling on this motion to dismiss, the Court must accept the facts presented in the complaint in the light most favorable to [Plaintiff Marc Stephens] and "accept all of the allegations as true." ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994). In considering whether a complaint should have been dismissed for failure to state a claim upon which relief can be granted, the court must consider only those facts alleged in the complaint and accept all of the allegations as true. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). Unless the plaintiff can prove no set of facts in support of the claim that would entitle him to relief, the complaint **should not** be dismissed. Conley v. Gibson, 355 U.S.

41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); D.P. Enters., Inc. v. Bucks County Community College, 725 F.2d 943, 944 (3d Cir.1984).

When reviewing a complaint, a court should consider not only the allegations contained in the complaint itself but **also the exhibits** attached to it which the complaint incorporates pursuant to Federal Rule of Civil Procedure 10(c). See Fed.R.Civ.P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); cf. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1993) (holding that a court may also consider an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document"), cert. denied, ___ U.S. ___, 114 S.Ct. 687, 126 L.Ed.2d 655 (1994).   ALA, Inc. v. CCAIR, Inc., 29 F. 3d 855 - Court of Appeals, 3rd Circuit 1994 at 859.

"[T]he decision to dismiss a complaint **should not** be entered lightly because it "forecloses inquiry into the merits." Schaedler v. Reading Eagle Publ'n, Inc., 370 F.2d 795, 798 (3d Cir. 1967).  We also note that it is an abuse of discretion to dismiss an entire complaint if it contains some claims that satisfy Rule 8. See Frazier v. Se. Pa. Transp. Auth., 785 92*92 F.2d 65, 68 (3d Cir. 1986), abrogated on other grounds by Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) and Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (reversing the dismissal of the entire complaint as "broad and conclusory" where the complaint set forth four claims with adequate specificity). Garrett v. Wexford Health, 938 F. 3d 69 - Court of Appeals, 3rd Circuit 2019 at 91-92.

"[P]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).  This already liberal standard is "even more pronounced" where a plaintiff files the complaint without the assistance of counsel. Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081

(2007) (per curiam); <u>Alston v. Parker</u>, 363 F.3d 229, 234 (3d Cir. 2004); Schaedler, 370 F.2d at 798.

Courts are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints. Wright & Miller, supra, § 1217.  This practice is driven by an understanding that a court must make reasonable allowances to protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training. See <u>Higgs v. Att'y Gen</u>., 655 F.3d 333,339 (3d Cir. 2011). <u>Garrett v. Wexford Health</u>, 938 F. 3d 69 - Court of Appeals, 3rd Circuit 2019 at 92.

"[A] statement of a claim may be "plain" even if it does not include every name, date, and location of the incidents at issue. See Frazier, 785 F.2d at 68 ("While plaintiffs may be expected to know the injuries they allegedly have suffered, it is not reasonable to expect them to be familiar at the complaint stage with the full range of the defendants' practices under challenge."); see also Harnage, 916 F.3d at 142 ("[T]he failure to allege specific dates does not necessarily run afoul of Rule 8, especially where ... the plaintiff lacks ready access to his medical records.").

Missing details or superfluous material do not necessarily render a complaint unintelligible.  Indeed, even if it is vague, repetitious, or contains extraneous information, a pro se complaint's language will ordinarily be "plain" if it presents cognizable legal claims to which a defendant can respond on the merits.  Alston, 363 F.3d at 234; <u>Bethea v. Reid</u>, 445 F.2d 1163, 1165 (3d Cir. 1971); see also Ruby Foods, 269 F.3d at 820 (pro se complaint, though prolix, "appears to state a claim that would withstand challenge under Fed. R. Civ. P. 12(b)(6)"); Simmons, 49 F.3d at 87-88 (concluding that "[t]hough perhaps some details [were] lacking" and "extraneous details" were included, "it [was] evident that defendants understood the nature of Simmons's claims" based on their response to it). <u>Garrett v. Wexford Health</u>, 938 F. 3d 69 - Court of Appeals, 3rd Circuit 2019 at 93-94.

"[T]o survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must set forth enough factual allegations to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

A facially plausible claim is one that permits a reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). When assessing the merits of a Rule 12(b)(6) motion, we accept as true all factual allegations in the complaint and view those facts in the light most favorable to the non-moving party. Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint[,] and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Doe v. University of Sciences, 961 F. 3d 203 - Court of Appeals, 3rd Circuit 2020 at 208.

### PLAINTIFF'S OBJECTIONS TO DEFENDANT'S FACTUAL STATEMENTS

1. The Defendants state in their motion to dismiss, page 9, **"the court determined that the ACPO Defendants made a prima facie case that Plaintiff committed one count of fourth-degree cyber harassment, Plaintiff's language was protected by the First Amendment of the United States Constitution and Article I, paragraph 6 of the New Jersey Constitution, and the matter was dismissed"**.

The court determined that the prosecutor **did not** present any evidence of cyber harassment. The email submitted by the prosecutor did not contain any threats from Marc Stephens, which is why the case was dismissed. The prosecutor is smart enough to know that, if Marc Stephens' speech is protected, it is then **impossible** to obtain probable cause and submit a "fabricated" complaint and "false" evidence to a grand jury for cyber harassment. "[O]fficers of the court have **no immunity**, when violating a Constitutional right, from liability. For they are

deemed to know the law." Owen v. Independence, 100 S.CT. 1398, 445 US 622.  The

prosecutor's office, Attorney General, Detective Matteoli, and Robert Blaskiewics, in violation

of 18 U.S. Code § 242 - Deprivation of rights under color of law, all conspired to file false

charges against Marc Stephens, in an attempt to suppress the videos, in Stephens' possession, of

Blaskiewics and his "Skeptics Society" members engaging in criminal and pedophile activity.

As Judge Pamela D'Arcy stated in her opinion, "The defendant threatened to release an

apparently incriminating video about the victim", **ECF 1-2, page 62**.

2.  The Defendants state in their motion to dismiss, page 9, **"Plaintiff's complaint seems to
be comprised of many baseless conspiracy theories and alleged cyber-attacks that Professor
Blackiewicz, and his members known as the "Skeptic Society," allegedly orchestrated on
Plaintiff and members of his family"**.

The Attorney General, without any investigation, states Plaintiff's complaint is

"Baseless" "Conspiracy Theories" despite the fact defendant Robert Blaskiewicz and his

pedophile organization **admits**, in writing, that they are harassing, hacking, and attacking

Plaintiff Marc Stephens and Dr. Burzynski.  Blaskiewicz and his skeptics "Admit" to placing a

death threat at Plaintiff's mother house in Englewood, New Jersey, **ECF 1-2, page 7**.

Blaskiewicz and his "skeptics" left a "death threat" and "hacked" a website according to police,

**ECF 1-2, page 8**.  Blaskiewicz and his skeptics "Admit" to "mob like" attacks against Marc

Stephens, **ECF 1-2, page 9**, and "Admit" they are Pedophiles, **ECF 1-2, page 10**,

3.  The Defendants state in their motion to dismiss, page 11, **"Mattioli testified of the
interactions that Plaintiff and Professor Blackiewicz had through emails and blog posts"**.

Marc Stephens **never** communicated with Blaskiewicz via a blog.  The Defendants

created a fake account and fabricated the blog communications, which the court states Mattioli

never describe the communication in the blog, **ECF 1-2, page 59, paragraph #4**.

## LEGAL ARGUMENT

### POINT I

**THE ELEVENTH AMENDMENT SOVEREIGN IMMUNITY <u>DOES NOT</u> BAR ALL CLAIMS AGAINST THE MOVING DEFENDANTS.**

"[T]his suit is not one against the State of New Jersey within the meaning of the Eleventh Amendment". "[N]o man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the Government, from the highest to the lowest, are creatures of the law, and are bound to obey it." <u>Tindal v. Wesley,</u> 167 US 204 - Supreme Court 1897 at 217.

In the Summons and Complaint, it states, "All defendants <u>sued individually</u> and in official capacity". **ECF 1-3**. If a plaintiff can demonstrate that the government's action was done in bad faith, the plaintiff can receive damages despite sovereign immunity. Typically, if a party can demonstrate that the government intentionally acted wrongly with the sole purpose of causing damages, that party can recover for injury or economic losses. Under the "abrogation doctrine", while Congress cannot use its Article I powers to subject states to lawsuits in either federal courts, <u>Seminole Tribe v. Florida,</u> or a fortiori its own courts, Alden, supra, it can abrogate a state's sovereign immunity pursuant to the powers granted to it by §5 of the Fourteenth Amendment, and thus subject them to lawsuits. Seminole, supra; <u>Fitzpatrick v. Bitzer.</u> The "stripping doctrine" permits a state official who used his or her position to act illegally to be sued in his or her individual capacity. A state is not a "person" under section 1983, but a city is a person under the law (<u>Will v. Michigan Department of State Police,</u> 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 [1989]). Similarly, **state officials** sued in their official capacities are not deemed persons under section 1983, but if sued in their personal capacities, they are considered to be **persons**. Thus, if a plaintiff wants to bring a section 1983 claim against a state official, she or he must name the defendants in their "personal capacity", and not in their professional capacity. "Every person who, under color of any statute, ordinance, regulation, custom, or usage,

of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, **shall be liable** to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Brandon v. Holt, 469 US 464 - Supreme Court 1985.  "We therefore hold that government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or **constitutional rights** of which a reasonable person would have known". See Procunier v. Navarette, 434 U. S. 555, 565 (1978); Wood v. Strickland, 420 U. S., at 322. Harlow v. Fitzgerald, 457 US 800 - Supreme Court 1982 at 818.  "Officers of the court have **no immunity**, when violating a **Constitutional right**, from liability. For they are deemed to know the law." Owen v. Independence, 100 S.C.T. 1398, 445 US 622.

## POINT II

**ALL CIVIL RIGHTS CLAIMS AGAINST THE PROSECUTOR DEFENDANTS SHOULD NOT BE DISMISSED BECAUSE OFFICERS OF THE COURT HAVE NO IMMUNITY WHEN VIOLATING CONSTITUTIONAL RIGHTS.**

As discussed in Point I, "Officers of the court have **no immunity**, when violating a Constitutional right, from liability. For they are deemed to know the law." Owen v. Independence, 100 S.C.T. 1398, 445 US 622.  "A government employee can be sued in his or her personal or official capacity, or both.  Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (quoting Monell v. New York City Department of Social Services , 436 U.S. 658, 690, n.55). [T]he phrase 'acting in their official capacities' is best understood as a reference to the capacity in which the **state officer** is sued, not the capacity in which the officer inflicts the alleged injury. Hafer v. Melo, 502 U.S. 21 (1991).  In "official capacity" suits, the government agency must comply with the injunction or pay the damage award.  In personal capacity suits, the employee is liable, although agency indemnification is the usual practice.  However, the fact that the official

was on the job when he or she deprived the plaintiff of federal rights **does not shield** the government agent from personal liability and convert the action into an "official capacity" suit.

"[S]ince Ex parte Young, 209 U. S. 123 (1908), it has been settled that the Eleventh Amendment provides **no shield for a state official** confronted by a claim that he had deprived another of a federal right under the color of state law. Ex parte Young teaches that when a state officer acts under a state law in a manner violative of the Federal Constitution, he "comes into conflict with the superior authority of that Constitution, and he is in that case **stripped** of his official or representative character and is subjected in his **person** to the consequences of his individual conduct.  The State has **no power** to impart to him **any immunity from responsibility** to the supreme authority of the United States." Scheuer v. Rhodes, 416 US 232 - Supreme Court 1974 at 237.  "[T]he prosecutor of the pleas and his assistants are charged with the obligation to act in due accordance with the law in the discharge of their public duties, particularly by initiating such a proceeding by filing a complaint in a proper manner as established by the prevailing practice".  "[I]f the presumption is overcome by convincing proof that they acted in excess of and distinct from their required official duty for personal reasons of their own, then for such acts **they are civilly liable**". Earl v. Winne, 101 A. 2d 535 - NJ: Supreme Court 1953 at 134.

### POINT III

## DETECTIVE MICHAEL MATTIOLI DOES NOT ENJOYS ABSOLUTE WITNESS IMMUNITY FOR FABRICATING EVIDENCE TO A GRAND JURY

Pursuant to Scheuer v. Rhodes, 416 US 232 - Supreme Court 1974, in which the Court held that plaintiffs were **not** barred by the Eleventh Amendment or other immunity doctrines from suing the governor and other officials of a state alleging that they deprived plaintiffs of federal rights under color of state law and seeking damages, when it was clear that plaintiffs were seeking to impose individual and personal liability on the officials.  The purpose of §1983 was to provide a remedy for State action aimed at depriving persons of rights protected by the

Constitution and Federal Laws. Popow v. City of Margate, 476 F.Supp. 1237, 1243 (D.N.J. 1979). "A police officer who fabricates evidence against a criminal defendant to obtain his conviction violates the defendant's constitutional right to due process of law". Halsey v. Pfeiffer, 750 F. 3d 273 - Court of Appeals, 3rd Circuit 2014 at 279.

"It is settled law that "officers who conceal and misrepresent material facts to the district attorney are not insulated from a § 1983 claim for malicious prosecution simply because the prosecutor, grand jury, trial court, and appellate court all act independently to facilitate erroneous convictions." Pierce, 359 F.3d at 1292; see also Ricciuti, 124 F.3d at 130; Jones v. City of Chicago, 856 F.2d 985, 994 (7th Cir.1988). If the officers influenced or participated in the decision to institute criminal proceedings, they **can be liable** for malicious prosecution. Sykes v. Anderson, 625 F.3d 294, 308-09, 317 (6th Cir.2010)". Halsey v. Pfeiffer, 750 F. 3d 273 - Court of Appeals, 3rd Circuit 2014 at 297-298. "A police officer's fabrication and forwarding to prosecutors of known false evidence works an unacceptable `corruption of the truth-seeking function of the trial process.'" Id. (quoting, inter alia, United States v. Agurs, 427 U.S. 97, 104, 96 S.Ct. 2392, 2397, 49 L.Ed.2d 342 (1976)). "Falsification of evidence, like other "bad-faith conduct," can be "probative of a **lack of probable cause**." Peterson v. Bernardi, 719 F.Supp.2d 419, 428 (D.N.J.2010). But that view is reconcilable with a conclusion that there is an independent falsification claim for "[c]ertain wrongs affect more than a single right and, accordingly, can implicate more than one of the Constitution's commands." Soldal v. Cook Cnty., 506 U.S. 56, 70, 113 S.Ct. 538, 548, 121 L.Ed.2d 450 (1992); see also Gregory v. City of Louisville, 444 F.3d 725, 750-54 (6th Cir.2006) (reversing district court's conclusion that one factual premise could not form the bases of separate claims of constitutional violations under section 1983), Halsey v. Pfeiffer, Court of Appeals, 3rd Circuit 2014 at 293. "If a defendant has been convicted at a trial at which the prosecution has used fabricated evidence, the defendant has a stand-alone claim under section 1983 based on the Fourteenth Amendment if there is a

reasonable likelihood that, without the use of that evidence, the defendant would not have been convicted", Halsey v. Pfeiffer, Court of Appeals, 3rd Circuit 2014 at 294-295.

"It has been an axiomatic principle of our justice system that "those charged with upholding the law are prohibited from deliberately fabricating evidence and framing individuals for crimes they did not commit." Limone v. Condon, 372 F.3d 39, 45 (1st Cir.2004). "Reasonable officers should have known that if they could not withhold exculpatory evidence from a defendant, they certainly could not fabricate inculpatory evidence against a suspect or defendant", Halsey v. Pfeiffer, Court of Appeals, 3rd Circuit 2014 at 296. "If fabricated evidence is used as a basis for a criminal charge that would not have been filed without its use the defendant certainly has suffered an injury". Halsey v. Pfeiffer, Court of Appeals, 3rd Circuit 2014, at 309 footnote 19. The United States Supreme Court has made it "clear that procedural regularity notwithstanding, the **Due Process Clause is violated** by the knowing use of perjured testimony or the deliberate suppression of evidence favorable to the accused." (Albright v. Oliver (1994) 510 U.S. 266, 299 [127 L.Ed.2d 114, 114 S.Ct. 807] (dis. opn. of Stevens, J.).)

"[B]y barring certain government actions regardless of the fairness of the procedures used to implement them ... [the due process clause] serves to prevent governmental power from being `used for purposes of oppression.' " (Daniels v. Williams (1986) 474 U.S. 327, 331 [88 L.Ed.2d 662, 106 S.Ct. 662]; cf. Collins v. Harker Heights (1992) 503 U.S. 115, 127, fn. 10 [117 L.Ed.2d 261, 112 S.Ct. 1061] [due process clause was intended to protect individual from arbitrary exercise of government powers].) "[I]f such be the law of this country, it sanctions a **tyranny** which has no existence in...any other government which has a just claim to well-regulated liberty and the protection of personal rights". Tindal v. Wesley, 167 US 204 - Supreme Court 1897 at 217.

**POINT IV**

**QUALIFIED IMMUNITY <u>DOES NOT</u> BAR PLAINTIFF MARC STEPHENS' CLAIMS AGAINST DETECTIVE MICHAEL MATTIOLI AND FORMER AG GURBIR GREWAL IN THEIR INDIVIDUAL CAPACITY**

The doctrine of qualified immunity shields government officials from civil liability so long as "their conduct ***does not violate*** clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Santini v. Fuentes</u>, 795 F.3d 410, 417 (3d Cir. 2015) (quotation marks omitted) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "The standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." <u>Smith v. Twp. of Clinton</u>, 791 Fed. Appx. 363, 366 (3d Cir. 2019). The doctrine of qualified immunity "balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." <u>Pearson v. Callahan</u>, 555 U.S. 223, 231 (2009). Under this doctrine, government officials are immune from liability for civil damages as long as their conduct "**does not violate** clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); <u>Kelly v. Borough of Carlisle</u>, 622 F.3d 248, 253 (3d Cir. 2010). Qualified immunity **will not**, however, act as a shield for "the official who knows or **should know** he is acting outside the law." <u>Butz v. Economou</u>, 438 U.S. 478, 506-07 (1978). In each case, the government's interests must be balanced against the citizens' interest in vindicating their constitutional rights, as well as the public interest in holding officials accountable "when they exercise power irresponsibly." Pearson, 555 U.S. at 231.

The qualified immunity claim is traditionally analyzed in two steps. First, the court must decide whether the facts alleged, taken light most favorable to the plaintiff, makes out the violation of a constitutional right. Saucier v. Katz, 533 U.S. 194, 121 (2001). Next, the court must examine whether the right at issue was "clearly established" such that a reasonable official would have

known that his conduct was unlawful.  The Supreme Court held in Pearson that the two prong

Saucier sequence should "no longer be regarded as mandatory."

"The law in this Circuit was also clear that an officer who ignores a realistic opportunity

to intervene on another officer's actions violates an individual's constitutional rights". Smith v.

Mensinger, 293 F.3d 641, 650-51 (3d Cir. 2002).  "Qualified immunity does not protect police

officers who are "plainly incompetent or those who knowingly violate the law." Malley v.

Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L. Ed.2d 271, 278 (1986).

The common law has never granted police officers an absolute and unqualified immunity

Pierson v. Ray, 386 US 547 - Supreme Court 1967, at 555.  "Although qualified immunity is a

question of law determined by the Court, when qualified immunity depends on disputed issues of

fact, those issues must be determined by the jury."  Monteiro v. City of Elizabeth, 436 F.3d 397,

405 (3d Cir. 2006).

**POINT V**

**PLAINTIFF'S TORT CLAIMS ARE NOT BARRED BECAUSE HE HAS ALLEGED
COMPLIANCE WITH THE MANDATORY NOTICE PROVISION OF THE TCA**

On **January 5, 2022**, the court heard oral arguments from both the Prosecutor and Plaintiff

Marc Stephens.  The Judge issued an Opinion, and ruled in favor of Stephens, dismissing the

indictment, see plaintiff's complaint **EXHIBIT 32 (a55-60)**.  The court warned Marc Stephens

that the prosecutor could still file charges against him and retry the case.  On **January 27, 2022**,

the prosecutor confirmed that they **will not** be re-trying the case against Marc Stephens,

**EXHIBIT 33 (a61)**.  On **March 3, 2022**, Marc Stephens contacted the defendants for their

Notice of Tort Claim form, attached hereto as **EXHIBIT A.**  On **April 5, 2022**, Marc Stephens

forwarded a Notice of Tort claim to the Stockton defendants legal counsel Ellen Bailey via mail

and email, in which she confirmed receipt, **EXHIBIT B**.  The Attorney General Defendants

claimed they did not receive it, and advised Plaintiff to forward the notice of tort or complaint to

email address NJAG.ElectronicService.CivilMatters@law.njoag.gov, attached hereto as

**EXHIBIT C and D.**  Marc Stephens requested for "Waiver of Service", which gives defendant more time to investigate the claims.

**B. Marc Stephens has up to 1 year to file a Notice of Tort Claim**

N.J.S.A. 59:8–9 permits the filing of a motion for leave to file a late notice.  This motion may be granted if the claimant has shown "sufficient reasons constituting extraordinary circumstances for his failure to file notice of claim" within the statutory period of ninety days, and "that the public entity or the public employee has not been substantially prejudiced thereby." Plaintiff still has not received the **Final Judgment** and Order from the court.

**C.  Marc Stephens is proceeding as Pro Se and carelessness and negligence may be excusable**

Stephens filed his notice of tort **on time**.  Even if he didn't, "[C]arelessness may be excusable when attributable to an honest mistake that is compatible with due diligence and reasonable prudence." Housing Authority of Town of Morristown *v. Little*, 135 N.J. 274, 284 (N.J., 1994).  "At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights", United States v. Olano, 507 US 725 - Supreme Court 1993.  "[w]e have **never** been a judicial system that goes on total complete technicality", Bank v. Kim, 825 A. 2d 566 - NJ: Appellate Div. 2003 at 574.  Accordingly, this Court can and should excuse inadvertent failures to comply with the Court's rules when they result from the difficulties inherent in proceeding pro se. Cf. Schacht v. United States, 398 U.S. 58, 64 (1970) ("The procedural rules adopted by the Court for the orderly transaction of its business … can be relaxed by the Court in the exercise of its discretion when the ends of justice so require.").  "Our rules of procedure are based on the assumption that litigation is normally conducted by **lawyers**", McNeil v. United States, 508 US 106 - Supreme Court 1993 at 113.

**D. Plaintiff substantially complied with the state statues, and the court should not dismiss the case base on technicalities.**

N.J.S.A. 59:8-4 is "designed to provide the public entity with sufficient information to enable it promptly to evaluate its liability and potential exposure and, if it chooses, to correct a defective condition and also to engage in settlement negotiations prior to the commencement of suit." Newberry v. Twp. of Pemberton, 319 N.J. Super. 671, 675 (App. Div. 1999). Substantial Compliance, "is a doctrine based on justice and fairness, designed to avoid technical rejection of legitimate claims. Zamel, supra, 56 N.J. at 6, 264 A.2d 201", Galik v. Clara Maass Med. Center, 771 A. 2d 1141 - NJ: Supreme Court 2001 at 1148-49. Indeed, the Legislature did not intend "to `create a minefield of hyper-technicalities in order to doom innocent litigants possessing meritorious claims.'" Ryan, supra, 203 N.J. at 51, 999 A.2d 427 (quotation omitted), Ryan v. Renny, 999 A. 2d 427 - NJ: Supreme Court 2010 at 435-436.

**E.  State Statutes do not supersede common law and constitutional rights to due process and right to trial.**

"Where rights secured by the Constitution are involved, there can be no rule making or legislation which would abrogate them." Miranda v. Arizona, 384 US 436 at 491. No right granted or secured by the Constitution of the United States can be impaired or destroyed by a state enactment". Connolly v. Union Sewer Pipe Co., 184 US 540 at 558.

Right to Due Process: The 5th and 14th Amendment of the Constitution of the United States reads, "No person shall be deprived of life, liberty, or property, without due process of law". "At its core, the right to due process reflects a fundamental value in our American constitutional system", Boddie v. Connecticut, 401 US 371 - Supreme Court 1971 at 374. The United States Supreme Court held that due process is violated "if a practice **or rule** offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental", Snyder v. Massachusetts, 291 U.S. 97 (1934).

**Right to Trial**: The seventh Amendment to the Constitution of the United States reads, "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved", Colgrove v. Battin, 413 US 149 - Supreme Court 1973 at 152. "The Seventh Amendment, which was included in the Bill of Rights in 1791 and which has not since been repealed in the only manner provided by the Constitution for repeal of its provisions". Parklane Hosiery Co. v. Shore, 439 US 322 - Supreme Court 1979 at 338.  "a provision of the Bill of Rights that protects a right that is fundamental from an American perspective applies equally to the Federal Government **and the States**. See Duncan, 391 U.S., at 149, and n. 14, 88 S.Ct. 1444". McDonald v. City of Chicago, Ill., 130 S. Ct. 3020 - Supreme Court 2010 at 3050. The court is "free to regulate the procedure of its courts in accordance with its own conception of policy and fairness **unless** in so doing it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as **fundamental**". Twining v. New Jersey, 211 U.S. 78, 106, 111, 112; Rogers v. Peck, 199 U.S. 425, 434; Maxwell v. Dow, 176 U.S. 581, 604; Hurtado v. California, 110 U.S. 516; Frank v. Mangum, 237 U.S. 309, 326; Powell v. Alabama, 287 U.S. 45, 67.

**F.  The defendants will not be prejudice and can request for more time to investigate the Plaintiff's claims**

"Prejudice involves impairment of defendant's ability to defend on the merits, rather than foregoing such a procedural or technical advantage." National Union Fire Ins. Co. v. Barney Assoc., 130 F.R.D. 291, 294 (S.D.N.Y. 1990)." US v. Kushner, Dist. Court, D. New Jersey 2018.

## CONCLUSION

The Plaintiff is respectfully asking the court to dismiss defendants motion, and set a discovery schedule.

Dated: **July 22, 2022**

Respectfully submitted,

S// Marc Stephens
Marc A. Stephens
Plaintiff, pro se

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED
2022 JUL 25  A 11: 08

# EXHIBIT A

 Gmail

**Marc Stephens <marcstephens3@gmail.com>**

---

### Notice of Tort and Civil Complaint

**Marc Stephens <marcstephens3@gmail.com>**                                              Tue, Apr 5, 2022 at 11:57 AM
To: "Bailey, Ellen" <Ellen.Bailey@stockton.edu>

Good Morning,

Attached please find a courtesy copy of my **civil complaint and exhibits** filed with the District Court in Newark.  Once the complaint is on the docket, I will forward a stamped copy and serve the Summons and Complaint.

Regards,

Marc Stephens
Plaintiff, pro se

---

**2 attachments**

**Civil Complaint - Cyber 4-4-22.pdf**
293K

**0 EXHIBITS 4-4-22.pdf**
25173K

# EXHIBIT B

 Gmail

Marc Stephens <marcstephens3@gmail.com>

---

**Notice of Tort and Civil Complaint**

---

**Bailey, Ellen** <Ellen.Bailey@stockton.edu>
To: Marc Stephens <marcstephens3@gmail.com>

Tue, Apr 5, 2022 at 3:13 PM

Good afternoon Marc Stephens:

Formal service of the complaint should be made to the Stockton University Office of General Counsel, 101 Vera King Farris Dr., West Quad 110, Galloway, NJ 08205. Please note that the University ban prohibiting you from entering onto University property remains in effect.

Thank you.

---

Ellen D. Bailey, Esq.

Deputy General Counsel

Stockton University Office of General Counsel

T: 609-626-5571 | F: 609-626-3843

ellen.bailey@stockton.edu

# EXHIBIT C

 **Gmail**

Marc Stephens <marcstephens3@gmail.com>

---

### SUMMONS AND COMPLAINT: Marc Stephens vs GREWAL et al - Case No: 1:22-cv-01989-KMW-SAK

---

**Marc Stephens** <marcstephens3@gmail.com>                                          Fri, Apr 22, 2022 at 3:44 PM
To: Kelli Danieli <KDanieli@gtnj.org>, "Bailey, Ellen" <ellen.bailey@stockton.edu>, Paige Jedlicka <jedlicka_p@acpo.org>, Robert.Blaskiewicz@stockton.edu, NJAG.ElectronicService.CivilMatters@law.njoag.gov

**To Defendants:** NJ Attorney General, Stockton University, Robert Blaskiewicz, Jr., Galloway Township, Detective Sergeant Michael Matteoli, Atlantic County Prosecutor.

Attached please find a copy of:

1. the Summons and Complaint
2. Exhibits
3. First request to waive service

Regards,

Marc Stephens
Plaintiff, pro se

---

**4 attachments**

📄 **Summons FILED 4-19-22.pdf**
471K

📄 **Civil Complaint - FILED 4-4-22.pdf**
11701K

📄 **0 EXHIBITS FILED 4-4-22_compressed.pdf**
7663K

📄 **First request to waive service 4-22-22.pdf**
193K

# EXHIBIT D

 Gmail

Marc Stephens <marcstephens3@gmail.com>

---

**SUMMONS AND COMPLAINT: Marc Stephens vs GREWAL et al - Case No: 1:22-cv-01989-KMW-SAK**

NJAG.ElectronicService.CivilMatters
<NJAG.ElectronicService.CivilMatters@law.njoag.gov>
To: Marc Stephens <marcstephens3@gmail.com>

Sun, Apr 24, 2022 at 10:17 PM

*Your matter was received.*
*For review*


*Ellen Seitz*
*Agency Service Representative*

---

**From:** Marc Stephens <marcstephens3@gmail.com>
**Sent:** Friday, April 22, 2022 6:20 PM
**To:** Blaskiewicz, Robert <Robert.Blaskiewicz@stockton.edu>
**Cc:** Bailey, Ellen <Ellen.Bailey@stockton.edu>; Kelli Danieli <KDanieli@gtnj.org>; Paige Jedlicka <jedlicka_p@acpo.org>; NJAG.ElectronicService.CivilMatters <NJAG.ElectronicService.CivilMatters@law.njoag.gov>
**Subject:** [EXTERNAL] Re: SUMMONS AND COMPLAINT: Marc Stephens vs GREWAL et al - Case No: 1:22-cv-01989-KMW-SAK

[Quoted text hidden]

CONFIDENTIALITY NOTICE The information contained in this communication from the Office of the New Jersey Attorney General is privileged and confidential and is intended for the sole use of the persons or entities who are the addressees. If you are not an intended recipient of this e-mail, the dissemination, distribution, copying or use of the information it contains is strictly prohibited. If you have received this communication in error, please immediately contact the Office of the Attorney General at (609) 292-4925 to arrange for the return of this information.

MARC STEPHENS
(201) 598-6268
271 ROSEMONT PL
ENGLEWOOD NJ 07631

**RECEIVED**

LBS       1 OF 1
SHP WT: 1 LBS
DATE: 25 JUL 2022

JUL 2 5 2022

SHIP CLERK OFFICE
TO: MARTIN LUTHER KING US COURTHOUSE
    50 WALNUT ST                    M
    WILLIAM T. WALSH, CLERK

NEWARK  NJ 02102-3551

## NJ 071 0-02

**UPS GROUND**
TRACKING #: 1Z 443 5Y8 03 6800 3566

BILLING: P/P

XRAYED