

*State of New Jersey*

| | | |
|---|---|---|
| Philip D. Murphy<br>*Governor* | OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>DIVISION OF LAW | ANDREW J. PLATKIN<br>*Acting Attorney General* |
| Sheila Y. Oliver<br>*Lt. Governor* | PO Box 116<br>Trenton, NJ 08625 | MICHAEL T.G. LONG<br>*Director* |

August 8, 2022

**<u>VIA CM/ECF eFile</u>**
Hon. Karen M. Williams, U.S.D.J.
U.S. District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Street, 4A
Camden, New Jersey 08101

           **Re: <u>Stephens v. Grewal, et als.</u>**
                **CIVIL ACTION NO. 22-cv-01989**

Dear Clerk:

This office represents Defendants Gurbir S. Grewal, the Atlantic County Prosecutor's Office, and Michael Mattioli ("Moving Defendants") in the above referenced matter. Moving Defendants filed a motion to dismiss Plaintiff's Complaint on July 12, 2022 (ECF 16). Plaintiff recently filed opposition to the motion on July 25, 2022 (ECF 17). Kindly accept this letter in lieu of a more formal Brief in reply to Plaintiff's opposition.

Please note that this reply will not reiterate every argument made in our original Brief. We continue to assert and rely on all of those arguments in addition to the arguments, and cited case law, of the other named Defendants.



25 Market Street, Trenton, NJ 08625 • TELEPHONE: (609) 777.4872 • FAX: (609) 633.8702
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

**POINT I: Moving Defendants Are Not Considered "Persons" Amendable to Suit Under Either §1983 or NJCRA.**

**a. 42 U.S.C. § 1983**

42 U.S.C. § 1983 provides that "[e]very person" who subjects any citizen to the "deprivation of any rights, privileges, or immunities" secured by the laws "shall be liable to the party injured."  42 U.S.C. § 1983 (emphasis added).  Thus, to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States committed by a "person" acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Courts have held that county prosecutors' offices and their employees acting in their official capacities are "arms" of the State when engaged in their law enforcement and investigative roles and, in that capacity, are not "persons" amenable to suit under § 1983. *See Henry v. Essex County Prosecutor's Office*, 2017 WL 1243146, at *3 (D.N.J. Feb. 24, 2017) (dismissing Essex County Prosecutor's Office under § 1983 and NJCRA); *Evans v. City of Newark*, 2016 WL 2742862, at *9-10 (D.N.J. May 10, 2016) (holding that the Essex County Prosecutor's Office is not a "person" amenable to suit and dismissing the § 1983 claim against it); *Moncalvo v. City of Plainfield*, 2016 U.S. Dist. LEXIS 156157 *6 fn.1 (D.N.J. 2016) (noting that it could grant the Union County Prosecutor's Office's motion to dismiss on the ground that it is not an entity that can be sued under § 1983). *Cf. Wright v. State*, 169 N.J. 422, 450 (2001) (holding that when county prosecutors act in their law enforcement capacity, they are "agents" of the State).

**b. NJCRA**

In interpreting the NJCRA as analogous to § 1983, the United States Court of

Appeals for the Third Circuit has held that state officials sued in their official capacity

were not "persons" under the NJCRA.  *Didiano v. Balicki*, 488 F. App'x 634, 637-39 (3d

Cir. 2012).

**POINT II: Detective Michael Mattioli Enjoys Absolute Witness Immunity.**

It is well-settled that a witness in a judicial proceeding enjoys an absolute

immunity from suit for his words and actions relevant to the judicial proceedings.

*Briscoe v. Lahue*, 460 U.S. 325, 342 (1983).  In support of absolute witness immunity, the

United States Supreme Court has reasoned that this immunity is necessary to preserve

the judicial process; otherwise, the fear of retaliatory litigation could act to deprive the

court of critical evidence.  *Rehberg v. Paulk*, 566 U.S. 356, 367 (2012).

In *Hepting*, the Third Circuit extended this immunity to pretrial witness

statements, reasoning:

> Witnesses at trial are afforded absolute immunity to
> encourage complete disclosure in judicial proceedings. . . .
> The interest in complete disclosure is no less diminished at
> the pretrial stage . . . .  The tools of the judicial process are
> no less present to ferret out the truth at these times.  In
> addition, the criminal defendant enjoys the immediate right
> at all stages of the judicial process to submit his or her own
> evidence and to cross-examine the witnesses. [*Williams v.
> Hepting*, 844 F.2d 138, 142 (3d Cir. 1988)]

In the present matter, all of the above policy reasons counsel in favor of

extending witness immunity to Mattioli. A detective like Mattioli is uniquely situated because he conducts criminal investigations but also testifies regarding what he saw and read during those investigations. Thus, he acts both as an investigator and as a witness. Therefore, witness immunity is available for detectives that would be testifying in a judicial system. *Briscoe v. Lahue*, 460 U.S. 325, 326 (1983) ("[a] police officer witness performs the same functions as any other witness). Here, Defendant Mattioli testified to the grand jury by explained the emails that were sent to Professor Blaskiewicz, after Professor Blaskiewicz filed a criminal complaint against Plaintiff. ECF 1-2 p. a47. Therefore, Plaintiff's claims should be dismissed with prejudice on the basis of absolute witness immunity.

### POINT III: Qualified Immunity Bars Plaintiff's Claims Against Detective Mattioli and Former AG Grewal in their Individual Capacity.

Plaintiff's § 1983 claims would also be dismissed based on qualified immunity. "Qualified immunity shields government officials from liability for civil damages 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Dancy v. Collier*, No. 07-4329, 266 Fed. Appx. 102 (3d Cir. 2008), quoting *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

Accordingly, and given the secrecy of the grand jury proceeding, the plaintiff could not simply allege that defendants made false statements to the grand jury as such assertions are "speculative" and "threadbare." *Id.* at 119 (*citing Connelly*, 809 F.3d at 790; *see also Oliver v. Roquet*, 858 F.3d 180, 192 (3d Cir. 2017) ("a plaintiff's allegations must

be enough to raise a right to relief above the speculative level, and must reflect more than a sheer possibility that a defendant has acted unlawfully"). Thus, the court held that such allegations related to the grand jury proceedings must be excluded from the plausibility analysis. *Id.* at 119.

Here, Plaintiff cannot properly allege that the detective knowingly violated a "clearly established right" while he investigating a criminal complaint filed by a citizen and testified to the emails in a grand jury trial.

### POINT IV: Plaintiff's Tort Claims are Barred Because He Has Not Alleged Compliance with the Mandatory Notice Provision of the TCA.

Lastly, Plaintiff's tort claims, Counts II through IX, must be dismissed for Plaintiff's failure to comply with the New Jersey Tort Claims Act ("TCA"). The TCA requires all state law tort actions brought against a public entity or a public employee to be preceded by providing the public entity or public employee with notice of one's claims. *See* N.J. Stat .Ann. 59:8-3. The TCA dictates that notice must be filed within 90 days of a claim's accrual or the claimant will be "forever barred" from recovering against the public entity or public employee. *See* N.J. Stat. Ann. 59:8-8. New Jersey courts have commented on the "harshness" of the 90-day requirement and concluded that the purpose of the deadline is to "compel a claimant to expose his intention and information early in the process in order to permit the public entity to undertake an investigation while witnesses are available and the facts are fresh." *D.D. v. Univ. of Med. & Dentistry of N.J.*, 61 A.3d 906, 915 (quoting *Lutz v. Twp. of Gloucester*, 380 A.2d 280

(N.J. Sup. Ct. App. Div. 1977)).   The TCA provides for limited relief from the strict 90-day statutory deadline, if a claimant can show extraordinary circumstances that prevented the timely filing of notice, but a motion seeking such relief must be filed within one year after the accrual of the cause of action.   *See* N.J. Stat. Ann. 59:8-9.

Given that the Complaint says that the dismissal occurred on January 5, 2022, he was required to file a notice of claim within 90 days of that date, which would be April 5, 2022, or file a motion for a late notice of claim.

Under the New Jersey Tort Claims Act, a plaintiff may not bring suit against a public entity or public employee unless the plaintiff presented the public entity or public employee with a pre-suit notification of the claim.  N.J.S.A. 59:8-3.  Here, Plaintiff claims that he sent a tort claim notice by email. ECF 17 Ex. C & D. However, after review of the email, Plaintiff simply sent a copy of the civil complaint and not a tort claim notice. As courts have previously determined, the claim must be in writing, *Velez v. City of Jersey City*, 817 A.2d 409, 417 (N.J. Super. Ct. App. Div. 2003), aff'd., 180 N.J. 284 (2004), and the filing of a Complaint is not a substitute for the Tort Claims Act's notice requirements. *Guzman v. City of Perth Amboy*, 518 A.2d 758, 760 (N.J. Super. Ct. App. Div. 1986).

Plaintiff also asserts that the Moving Defendants' motion should be denied because he has up to one year to file a notice of claim. However, in order to do so, Plaintiff must comply with N.J.S.A. 59:8-9 by filing a notice of claim within 90 days, in discretion of a judge of the Superior Court. Accordingly, Plaintiff is required to file an

application before a judge of the Superior Court of New Jersey and demonstrate extraordinary circumstances for his failure to file a notice of claim within the 90 day statutory time frame. *See O'Neil v City of Newark*, 701 A.2d 717, 720 (N.J. Super. Ct. App. Div. 1997).

Here, Plaintiff has taken no steps to comply with N.J.S.A. 59:8-9 and has failed to articulate any rationale that would suggest, let alone establish, extraordinary circumstances. Instead, Plaintiff contends that his "carelessness and negligence" in failing to comply with the statute should be excused since he is a pro se litigant. Carelessness and negligence however do not constitute exceptional circumstances. *See Zois v New Jersey Sports Exposition Authority*, 670 A.2d 92, 93-4 (N.J. Super. Ct. App. Div. 1996).

Next, Plaintiff suggests that he has substantially complied with the Tort Claims Act's notice requirements and as such, his claims should not be dismissed. However, in order to avail oneself of the doctrine of substantial compliance, a Tort Claims Notice must actually be in writing and timely filed. *D.D. v. Univ. of Med. & Dentistry of N.J.*, 213 N.J. 130, 158-59 (2013). It is only under those circumstance that a plaintiff may argue that he or she substantially complied with the notice requirement albeit by providing something less that the complete information called for by the public entity. Id. Since Plaintiff has failed to timely file a written notice of claim, he may not therefore invoke the doctrine of substantial compliance.

## **CONCLUSION**

For all of the foregoing reasons, as well as those expressed in their original motion, Moving Defendants respectfully request that their motion to dismiss Plaintiff's Complaint in the within matter be granted.