UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARC A. STEPHENS,<br>Plaintiff,<br><br>v.<br><br>GURBIR S. GREWAL, ATTORNEY GENERAL, STATE OF NEW JERSEY, ATLANTIC COUNTY PROSECUTOR'S OFFICE, STOCKTON UNIVERSITY, GALLOWAY TOWNSHIP, ROBERT BLASKIEWICZ, JR., DETECTIVE SERGEANT MICHAEL MATTEOLI, All Defendants sued Individually and in official capacity.<br>Defendants | CASE NO. 1:22-cv-01989-KMW-SAK<br><br>**PLAINTIFFS FIRST MOTION FOR RECONSIDERATION** |

**PLAINTIFF'S FIRST MOTION FOR RECONSIDERATION**

On May 15, 2023, Judge Karen Williams abused her discretion and erroneously dismissed parts of Plaintiff's Civil Complaint against the Defendants as discussed below.

**STANDARD OF REVIEW**

Pro se litigant's pleadings are not to be held to the same high standards of perfection as lawyers, Haines v. Kerner 404 U.S. 519 (1972) at 521; Cruz v. Beto, 405 U.S. 319,322 (1972). "[F]ederal courts have a **constitutional obligation** to safeguard personal liberties and to **uphold federal law**." Stone v. Powell, 428 US 465 - Supreme Court 1976 at 526.

If a litigant wishes to bring additional information to the Court's attention the Court should, in the interest of justice (and in the exercise of sound discretion), consider the evidence" 1) the Court has expressed its decision based upon a **palpably incorrect or irrational basis**, or 2) it is obvious that the Court either did not consider, or **failed to appreciate** the significance of probative, competent evidence. Cummings v. Bahr, 295 N.J.Super. 374, 384, 685 A.2d 60 (App.Div.1996) D'Atria v. D'Atria, 242 N.J. Super. [392,] 401 (Ch. Div. 1990). It is necessary to correct a **clear error of law** or prevent manifest injustice.'" Bermingham v. Sony Corp. of Am., 820 F. Supp. 834, 856 (D.N.J. 1993), Harsco Corp. v. Zlotnicki, 779 F. 2d 906 - Court of Appeals, 3rd Circuit 1985. "Reconsideration is the appropriate means of bringing to

the court's attention **manifest errors of fact or law**. See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) at 909, Max's Seafood Cafe V. Quinteros176 F.3d 669, 678 (3d Cir. 1999) at 678. Pursuant to the Supreme Court of the United States in Marshall v. Jerrico, Inc., 446 US 238 - Supreme Court 1980 at 242, "The neutrality requirement helps to guarantee that life, liberty, or property will **not** be taken on the basis of an **erroneous or distorted conception of the facts or the law**." Marbury v. Madison, 5 US 137 - Supreme Court 1803 at 177.

## LEGAL ARGUMENT

**1. THE COURT ABUSED ITS DISCRETION BY DISMISSING THE CASE AND SHOULD HAVE ALLOWED THE CASE TO MOVE TO DISCOVERY BECAUSE PLAINTIFF IDENTIFIED DEFENDANTS WHO WERE ACTING UNDER THE COLOR OF STATE LAW**

**ERROR OF FACT AND LAW #1**: The court's opinion at ECF 22, page 11, paragraph 3, states, **"To prevail on a claim under 1983, the plaintiff must prove that his constitutional rights were violated by someone acting under the color of state law"**.

Plaintiff Marc Stephens was **banned** from communicating with Stockton University and threatened with arrest, case #: I-2017-01548, Cynthia Parker, Chief of Police, **ECF 1-2, page 39**. So, Stephens did not contact Stockton defendants, including the Stockton campus Police, for the documents used at the Grand Jury Hearing. The Prosecutor never provided the documents to Plaintiff during the court hearings and stated that there was "no discovery". Plaintiff Marc Stephens was going to request the documents prepared by Stockton defendants during discovery of this case. In addition, Stephens wanted to **add parties** such as the Stockton Police officers who filed fabricated police reports and who never served Stephens with the summon or complaint causing a Felony Warrant to be issued, notice there is **no officer's name** on the summons, Police case#: 2017-15161, **ECF 1-2, page 43.**

The court abused its discretion by dismissing the case and should have allowed the case to move to discovery because defendant Detective Mattoli is employed by the Atlantic County Prosecutor's office and was acting under color of law. In addition, during discovery Plaintiff could have later added to the complaint Assistant Prosecutors for the Atlantic County Prosecutor's office in the Grand Jury and litigation unit Lynn Heyes and Paige Jedlicka who both were acting under color of law when they presented fabricated evidence to the grand jury.

2. **DEFENDANT BLASKIEWICZ DURING WORKING HOURS AT STOCKTON UNIVERSITY, ENGAGED IN HARASSING PLAINTIFF MARC STEPHENS VIA HIS BLOGS AND CONSPIRED WITH THE STOCKTON UNIVERSITY STAFF AND CAMPUS POLICE TO WILLFULLY FILE A FABRICATED POLICE REPORT AGAINST PLAINTIFF MARC STEPHENS**

**ERROR OF FACT AND LAW #2**:   The court's opinion at ECF 22, page 12, paragraph 2, states, "Here, the Court finds a similar lack of connection between Defendant Blaskiewicz's role as a professor and the alleged conduct"   The Complaint is devoid of any allegations that Defendant Blaskiewicz engaged in any of the alleged behavior while performing, or in connection with, his role at the University".   However, there are no facts in the Complaint to even suggest that Defendant Blaskiewicz utilized any of the State-given powers as a university professor to engage in the alleged conduct".

The court overlooked the fact that Defendant Robert Blaskiewicz, during working hours at Stockton University, engaged in harassing Plaintiff Marc Stephens via his blogs, **ECF 1-2, page 13-14 and 17-21**, contacted the Stockton Campus police to file a fabricated police report and criminal complaint against Plaintiff Marc Stephens accusing him of crimes, which caused the Chief of Police to Ban Plaintiff from the University Campus, **ECF 1-2, page 39**, which later led to criminal charges being filed against the Plaintiffs, a felony warrant, and his passport being revoked. **ECF 1, page 9-10**.   Defendants Blaskiewicz, the university police, university staff, detective Michael Matteoli, and prosecutors Lynn Heyes and Paige Jedlicka all conspired and worked together to file a fabricated police report and criminal complaint against Plaintiff Marc Stephens without investigating who owned the social media account, or email address, despite Plaintiff filing a police report in February 2014, **ECF 1-2, page 23-24**, stating Blaskiewicz Skeptics Organization was behind **hacking his emails** and creating fake accounts **three years before** Blaskiewicz filed a complaint in February 2017, "[T]he Skeptics change the wording in emails, hack computers, murder, and post false information on the internet to cover up their crimes", **ECF 1-2, page 35**.   Blaskiewicz Skeptics Organization was also confirmed by police in California and Texas to be hacking websites, **ECF 1-2, page 8**.

The court abused its discretion because the Complaint has enough information to connect Defendant Blaskiewicz of engaging in activity to harass and attack Plaintiff Marc Stephens during working hours at Stockton University.   "[A] statement of a claim may be "plain" even if it **does not** include every name, date, and location of the incidents at issue. See Frazier, 785 F.2d at 68 ("While plaintiffs may be expected to know the injuries they allegedly have suffered, it is

not reasonable to expect them to be familiar at the complaint stage with the full range of the defendants' practices under challenge."); see also Harnage, 916 F.3d at 142 ("[T]he failure to allege specific dates **does not** necessarily run afoul of Rule 8, especially where ... the plaintiff lacks ready access to his medical records."). Missing details or superfluous material **do not** necessarily render a complaint unintelligible. Indeed, even if it is vague, repetitious, or contains extraneous information, a pro se complaint's language will ordinarily be "plain" if it presents cognizable legal claims to which a defendant can respond on the merits. Alston, 363 F.3d at 234; Bethea v. Reid, 445 F.2d 1163, 1165 (3d Cir. 1971); see also Ruby Foods, 269 F.3d at 820 (pro se complaint, though prolix, "appears to state a claim that would withstand challenge under Fed. R. Civ. P. 12(b)(6)"); Simmons, 49 F.3d at 87-88 (concluding that "[t]hough perhaps some details [were] lacking" and "extraneous details" were included, "it [was] evident that defendants understood the nature of Simmons's claims" based on their response to it). Garrett v. Wexford Health, 938 F. 3d 69 - Court of Appeals, 3rd Circuit 2019 at 93-94.

### 3. PLAINTIFF DID NOT HAVE TO LIST EVERY NAME OF THE PROSECUTOR'S OFFICE BECAUSE DEFENDANT MATTEOLI IS EMPLOYED BY THE PROSECUTOR'S OFFICE IN THE GRAND JURY AND LITIGATION UNIT

**ERROR OF FACT AND LAW #3**: The court's opinion at ECF 22, page 13, paragraph 1, states, **"However, officials acting in their "official capacity" are not "persons" for the purposes of 1983 or the NJCRA and therefore cannot be held liable for violations thereunder in their official capacities". Therefore, the Court will dismiss Plaintiff's claims against Defendant Atlantic County Prosecutor's Office because the Prosecutor's Office is not a "person" pursuant to 1983, and Plaintiff has not identified any individual Prosecutor to be sued in their personal capacity".**

The court abused its discretion by dismissing the case and should have allowed the case to move to discovery because defendant Detective Matteoli is employed by the Atlantic County Prosecutor's office and was acting under color of law, **ECF 1-2, page 47**. In addition, during discovery Plaintiff could have later added to the complaint Assistance Prosecutors for the Atlantic County Prosecutor's office in the Grand Jury and litigation unit Lynn Heyes and Paige Jedlicka who both were acting under color of law when they presented fabricated evidence to the grand jury. "[A] statement of a claim may be "plain" even if it **does not include every name, date, and location** of the incidents at issue. See Frazier, 785 F.2d at 68 ("While plaintiffs may be

expected to know the injuries they allegedly have suffered, it is not reasonable to expect them to be familiar at the complaint stage with the full range of the defendants' practices under challenge."); see also Harnage, 916 F.3d at 142 ("[T]he failure to allege specific dates **does not** necessarily run afoul of Rule 8, especially where ... the plaintiff lacks ready access to his medical records."). Missing details or superfluous material **do not** necessarily render a complaint unintelligible. Indeed, even if it is vague, repetitious, or contains extraneous information, a pro se complaint's language will ordinarily be "plain" if it presents cognizable legal claims to which a defendant can respond on the merits. Alston, 363 F.3d at 234; Bethea v. Reid, 445 F.2d 1163, 1165 (3d Cir. 1971

### 4. THE COURT ABUSED ITS DISCRETION BY DISMISSING ALL CLAIMS AGAINST ATTORNEY GENERAL GREWAL WHO IS RESPONSIBLE FOR OVERSEEING THE PROSECUTORS AND STATUTES AND CODES

**ERROR OF FACT AND LAW #4**: The court's opinion at ECF 22, page 13, footnote #4 states, **"Here, Plaintiff fails to provide any facts whatsoever to show how Defendant Attorney General Grewal was involved in the underlying State case. The Complaint does not provide any information as to the time or place, or any facts to demonstrate that Defendant Attorney General Grewal participated in, or was even aware of, the alleged conduct to demonstrate his personal involvement. Therefore, the Court must dismiss all claims against Defendant Attorney General Grewal for failure to state a claim pursuant to Fed. R. Civ. P. 8(a)"**.

The court abused its discretion by dismissing all claims against Attorney General Grewal who is responsible for overseeing the prosecutors and state statutes. "[T]he decision to dismiss a complaint **should not** be entered lightly because it "forecloses inquiry into the merits." Schaedler v. Reading Eagle Publ'n, Inc., 370 F.2d 795, 798 (3d Cir. 1967). We also note that it is an **abuse of discretion** to dismiss an entire complaint if it contains some claims that satisfy Rule 8. See Frazier v. Se. Pa. Transp. Auth., 785 92*92 F.2d 65, 68 (3d Cir. 1986), abrogated on other grounds by Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) and Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (reversing the dismissal of the entire complaint as "broad and conclusory" where the complaint set forth four claims with adequate specificity). Garrett v. Wexford Health, 938 F. 3d 69 - Court of Appeals, 3rd Circuit 2019 at 91-92.

"[P]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). This already liberal standard is "even more pronounced" where a plaintiff files the complaint without the assistance of counsel. Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam); Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004); Schaedler, 370 F.2d at 798. Courts are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints. Wright & Miller, supra, § 1217. This practice is driven by an understanding that a court must make reasonable allowances to protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training. See Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011). Garrett v. Wexford Health, 938 F. 3d 69 - Court of Appeals, 3rd Circuit 2019 at 92.

"[A] statement of a claim may be "plain" even if it **does not include every name, date, and location** of the incidents at issue. See Frazier, 785 F.2d at 68 ("While plaintiffs may be expected to know the injuries they allegedly have suffered, it is not reasonable to expect them to be familiar at the complaint stage with the full range of the defendants' practices under challenge."); see also Harnage, 916 F.3d at 142 ("[T]he failure to allege specific dates **does not** necessarily run afoul of Rule 8, especially where ... the plaintiff lacks ready access to his medical records."). Missing details or superfluous material **do not** necessarily render a complaint unintelligible. Indeed, even if it is vague, repetitious, or contains extraneous information, a pro se complaint's language will ordinarily be "plain" if it presents cognizable legal claims to which a defendant can respond on the merits. Alston, 363 F.3d at 234; Bethea v. Reid, 445 F.2d 1163, 1165 (3d Cir. 1971); see also Ruby Foods, 269 F.3d at 820 (pro se complaint, though prolix, "appears to state a claim that would withstand challenge under Fed. R. Civ. P. 12(b)(6)"); Simmons, 49 F.3d at 87-88 (concluding that "[t]hough perhaps some details [were] lacking" and "extraneous details" were included, "it [was] evident that defendants understood the nature of Simmons's claims" based on their response to it). Garrett v. Wexford Health, 938 F. 3d 69 - Court of Appeals, 3rd Circuit 2019 at 93-94.

5. **THE SOLICITATION OF FALSE TESTIMONY FROM WITNESSES IN GRAND JURY PROCEEDINGS, AS WELL AS THE USE OF FALSE TESTIMONY IN CONNECTION WITH FURTHER PROSECUTION IS NOT "ABSOLUTELY PROTECTED" OR ENTITLED TO "ABSOLUTE IMMUNITY" WHEN VIOLATING COMMON LAW AND CONSTITUTIONAL RIGHTS**

**ERROR OF FACT AND LAW #5**:  The court's opinion at ECF 22, page 14, paragraph 2, states, **"Further, grand jury witnesses —including law enforcement witnesses—are entitled to absolute immunity from any claim based on their testimony.  The solicitation of even false testimony from witnesses in grand jury proceedings, as well as the use of false testimony in connection with further prosecution, is "absolutely protected".  Because grand jury witnesses, including law enforcement witnesses, are entitled to absolute immunity from any claims based on their testimony, all claims related to Defendant Detective Mattioli's testimony must be dismissed"**.

Plaintiff explains in detail how the defendants filed fabricated evidence against him, **ECF 1, page 9-12**.  The court overlooked Plaintiff argument in the Complaint that Officers are **not** absolutely protected or immune, **ECF 1, page 16, #66**.  The court erroneously used a **2012** case titled, Rehberg v. Paulk, 566 U.S. 356, 367 (2012) to dismiss the claims against Defendant Detective Mattioli.  But in **2014**, the 3rd circuit and The United States Supreme Court has made it "clear that procedural regularity notwithstanding, the Due Process Clause **is violated** by the knowing use of **perjured testimony** or the deliberate suppression of evidence favorable to the accused." (Albright v. Oliver (1994) 510 U.S. 266, 299 [127 L.Ed.2d 114, 114 S.Ct. 807] (dis. opn. of Stevens, J.).)  "A police officer who fabricates evidence against a criminal defendant to obtain his conviction **violates** the defendant's constitutional right to due process of law". **Halsey v. Pfeiffer, 750 F. 3d 273 - Court of Appeals, 3rd Cir 2014 at 279**.

6. **DETECTIVE MATTIOLI TESTIFIED THAT HE WAS AND INVOLVED WITH THE INITIAL INVESTIGATION WHICH LED TO FABRICATED CRIMINAL CHARGES BEING FILED AGAINST PLAINTIFF MARC STEPHENS**

**ERROR OF FACT AND LAW #6**:  The court's opinion at ECF 22, page 14, paragraph 2, states, **"Regarding Plaintiff's other allegations against Defendant Detective Mattioli, it is unclear from the Complaint whether, and to what extent, Defendant Detective Mattioli had participated in the underlying investigation, (aside from reviewing the materials provided by Defendant Blaskiewicz for purposes of his grand jury testimony), and whether he was involved in the decision to institute the criminal proceedings against Plaintiff.  The Complaint makes broad, general allegations related to Defendants and does not assert any specific facts about Defendant Detective Mattioli's actions for the Court to assess.  Because a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation[s]," Plaintiff's remaining claims against Defendant Detective Mattioli must be dismissed"**.

Defendant detective Matteoli **testified** that he is responsible with overseeing the case and was involved with the initial investigation which led to criminal charges being filed against plaintiff Marc Stephens, **ECF 1-2, page 47**. Defendant detective Matteoli did not conduct an investigation of the social media accounts, or email, to see if it was actually owned by Plaintiff Marc Stephens. Matteoli testified he **did not** review the entire file. Yet, he also testified that he is "responsible to oversee…those task that all files are investigated and were appropriately prosecuted…correct", **ECF 1-2, page 47**. The email that stated, "If anyone touch or make death threats against my family and/or close friends, I will retaliate", was sent to the **Local Police**. Blaskiewicz is not included in the email. **ECF 1-2, page 34**. Yet, detective Matteoli testified that Plaintiff sent the email to Defendant Blaskiewicz, **ECF 1-2, page 50**. Marc also states via email for Blaskiewicz to stop hacking his email, **ECF 1-2, page 36**. In addition, Plaintiff was never served the summons and complaint, **ECF 1-2, page 43**.

Police officers <u>are not</u> absolutely immune from§ 1983 suits for damages for giving allegedly perjured testimony. In 1986, the United States Supreme Court stated, "Qualified immunity **does not** protect police officers who are "**plainly incompetent** or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L. Ed.2d 271, 278 (1986). The Court intentionally usurped the jury's role by weighing the evidence and making credibility determinations when the Court granted the Motion to Dismiss which is equivalent to a summary judgment. "[A]t the summary judgment stage of proceedings, courts **do not** "weigh the evidence or make credibility determinations," but, instead, **leave that task to the fact-finder**". Petruzzi's IGA Supermarkets v. Darling-Delaware Co., 998 F.2d 1224, 1230 (3d Cir. 1993) at 1230. "The court must draw all reasonable inferences in favor of the nonmoving party, and it **may not** make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

### 7. PLAINTIFF MARC STEPHENS TIMELY FILED HIS NOTICE OF TORT WITHIN THE 90 DAYS

**ERROR OF FACT AND LAW #7**:  The court's opinion at ECF 22, page 17, paragraph 1, states, "**All claims concerning the New Jersey Tort Claims Act ("NJTCA") must be dismissed**". The caselaw clearly establishes that "a claimnant will be forever barred' from recovery against a public employee or entity if she fails to file the claim with the public entity within 90 days of accrual".

The Court states the time of Plaintiff's accrual was **January 27, 2022**, ECF 22, page 18.  90 days to file a notice of tort would be on **April 27, 2022**.  The court also acknowledge that Plaintiff timely filed a notice of tort on **April 4, 2022** by sending the defendants a copy of the Complaint and Exhibits.  "On April 4, 2022, Plaintiff filed the instant Complaint", ECF 22, page 4, paragraph 1.  On **April 24, 2022**, the defendants received notice of tort, ECF 14, page 11.  Plaintiff Marc Stephens was never served by the court with an official final judgment or order dismissing the case, or documents stating the prosecutor would not be retrying the case, which the prosecutor said, "check with the court". ECF 1-2, page 63.  The prosecutor has 1 year to retry a case.  So, Plaintiff Marc Stephens had until **January 5, 2023**, to file his notice of tort.

NJSA 59:8-9, **does not** supersede Plaintiff's Marc Stephens **right to due process and right to trial**, ECF 14, page 5-6.  The court overlooked, or did not appreciate, Plaintiff's argument when he stated, "[W]here rights secured by the Constitution are involved, there can be **no rule making or legislation** which would abrogate them." Miranda v. Arizona, 384 US 436 at 491. "No right granted or secured by the Constitution of the United States can be **impaired or destroyed** by a state enactment". Connolly v. Union Sewer Pipe Co., 184 US 540 at 558.  There is no federal statute of limitation for violations of constitutional rights.   Substantial Compliance, "is a doctrine based on justice and fairness, designed to avoid technical rejection of legitimate claims. Zamel, supra, 56 N.J. at 6, 264 A.2d 201", Galik v. Clara Maass Med. Center, 771 A. 2d 1141 - NJ: Supreme Court 2001 at 1148-49.  Indeed, the Legislature **did not** intend "to `create a **minefield of hyper-technicalities** in order to doom innocent litigants possessing meritorious claims.'" Ryan, supra, 203 N.J. at 51, 999 A.2d 427 (quotation omitted), Ryan v. Renny, 999 A. 2d 427 - NJ: Supreme Court 2010 at 435-436.

"[w]e have **never** been a judicial system that goes on **total complete technicality**", <u>Bank v. Kim</u>, 825 A. 2d 566 - NJ: Appellate Div. 2003 at 574. Accordingly, this Court can and <u>should excuse inadvertent failures</u> to comply with the Court's rules when they result from the difficulties inherent in **proceeding pro se**. Cf. <u>Schacht v. United States</u>, 398 U.S. 58, 64 (1970) ("The procedural rules adopted by the Court for the orderly transaction of its business ... can be relaxed by the Court in the exercise of its discretion when the ends of justice so require."). "Our rules of procedure are based on the assumption that litigation is normally **conducted by lawyers**", <u>McNeil v. United States</u>, 508 US 106 - Supreme Court 1993 at 113.

"A right deemed fundamental carries with it an implicit and inherent recognition of its necessity to a free people. States have no compelling (or even legitimate) interest in depriving people of their constitutional rights, and the State cannot point to the impact of its practice – the suppression of constitutional rights – as its interest". **See Simon & Schuster, Inc. v. N.Y. State Crime Victims Bd., 502 U.S. 105, 120 (1991).**

## CONCLUSION

The court should not dismiss any claims against defendants and should set a discovery schedule so that Plaintiff can obtain the testimony via interrogatories and request for admissions.

I certify that this request is being sent to you on the date below.

**Dated: May 30, 2023**


Respectfully submitted,

S// Marc Stephens
Marc A. Stephens
Plaintiff, pro se
Marcstephens3@gmail.com