

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

*State of New Jersey*
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 116
TRENTON, NJ 08625-0116

MATTHEW J. PLATKIN
*Attorney General*

MICHAEL T.G. LONG
*Director*

June 20, 2023

**VIA ECF**
The Honorable Karen M. Williams, U.S.D.J.
The Honorable Matthew J. Skahill, U.S.M.J.
Mitchell H. Cohen Building and U.S. Courthouse
4th and Cooper Streets, Court Room 4A
Camden, NJ 08101

      Re:   <u>Marc A. Stephens v. Gubir S. Grewal, et al.</u>
             Civil Action No. 1:22-cv-01989

Dear Judge Williams,

      This office represents Gurbir S. Grewal, former New Jersey Attorney General ("AG Grewal"), Atlantic County Prosecutor's Office ("APCO"), and Detective Sergeant Michael Mattioli (collectively, the "Prosecutor Defendants") in the above-referenced matter. The Prosecutor Defendants submit this letter brief in opposition to Plaintiff's motion for reconsideration of the Court's Order dated May 15, 2023.

      Plaintiff's motion asserts several reasons as to why the Court erred in dismissing the complaint against the Prosecutor Defendants with prejudice. However, the standard for reconsideration is high and Plaintiff's moving papers fail to meet this burden. Further, Plaintiff has not overcome the Prosecutor Defendants' previously asserted



legal defenses which this Court has ruled upon and accepted in part, dismissing the Complaint with prejudice as to the Prosecutor Defendants.

I.     **Reconsideration Standard.**

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure See United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). A motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). Id. In the District of New Jersey, Local Civil 7.1(i) permits a party to seek reconsideration by the Court of matters which the party "believes the Judge or Magistrate Judge has overlooked" when it ruled on the motion. See L. Civ. R. 7.1(i). "The standard for reconsideration is high, and reconsideration is to be granted only sparingly." United States v. Jones, 158 F.R.D. 309, 314 (D.N.J 1994).

The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued the order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where it overlooked a factual or legal issue that may alter the disposition of the matter. See Compaction Sys. Corp., 88 F. Supp. 2d at 345. Sys. Corp., 88 F. Supp. 2d at 345. Reconsideration motions

should not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment. NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515 (D.N.J. 1996). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).

II. **LEGAL ARGUMENT.**

   A. **Plaintiff fails to vault the high motion for reconsideration standard.**

Plaintiff claims Detective Mattioli is [*sic*] employed by the ACPO, therefore he was acting under color of law and further discovery would reveal fabricated evidence was presented to the grand jury and the solicitation of false testimony is not entitled to "absolute immunity." See ECF No. 24. Plaintiff also claims AG Grewal is responsible for overseeing "the prosecutors and state statutes" and a cause of action was sufficiently plead as to AG Grewal. Id. Plaintiff also asserts that he filed a timely tort notice, however, no tort notice has been attached to his pleading. Id.

Plaintiff's motion fails to demonstrate an intervening change in the controlling law, the availability of new evidence that was not available when the court issued its Order dated May 15, 2023 or that there exists a need to correct a clear error of law or fact or to prevent manifest injustice. Plaintiff's motion is simply an attempt to re-litigate

old matters, i.e., the Court's decision to dismiss the Complaint as to the Prosecutor Defendants.

As mentioned, this proverbial "second bite" is not permitted and Plaintiff has failed to demonstrate a viable basis for reconsideration of the Court's Order dated May 15, 2023. This Court correctly dismissed the Prosecutor Defendants and the Court should deny Plaintiff's motion for reconsideration.

### B.  Plaintiff has not overcome that the ACPO and Detective Mattioli are not "persons" for the purposes of §1983 or the NJCRA.

The Court dismissed the complaint as to the ACPO and Detective Mattioli, in his official capacity, because the actions alleged were connected to their performance of official duties while prosecuting the State case against Plaintiff. See ECF No. 22. Officials acting in their "official capacity" are not "persons" for purposes of §1983 or NJCRA and therefore cannot be held liable for violations thereunder in their official capacities. See Will v. Mich. Dept' of State Police, 491 U.S. 58, 71 (1989). As discussed in more detail below, Detective Mattioli enjoys absolute witness immunity and Plaintiff has not plead any other ACPO employee in his or her official or personal capacity. As such, Plaintiff's motion does not overcome this legal defense and the Court correctly dismissed the Complaint with prejudice as to the ACPO and Detective Mattioli in his official capacity and the Court should deny Plaintiff's motion for reconsideration.

### C. Plaintiff has not overcome that Detective Mattioli enjoys Absolute Witness Immunity.

Plaintiff's contention that the Court abused its discretion in dismissing the claims against Detective Mattioli, and in turn the ACPO, lacks merit. See ECF No. 24. Acting "under color of law" does not overcome Detective Mattioli's absolute witness immunity. Id. As the Court's opinion stated, grand jury witnesses, including law enforcement witnesses, are entitled to absolute immunity from any claim based on their testimony. See Rehberg v. Paulk, U.S. 356, 367 (2012). The solicitation of even false testimony from witnesses in grand jury proceedings, as well as the use of false testimony, is "absolutely protected." See Kulwicki v. Dawson, 969 F.2d 1454, 1465 (3d Cie. 1992).

Plaintiff alleges Detective Mattioli reviewed fabricated social media accounts and provided false testimony about these accounts to the grand jury. See ECF No. 1 at ¶40. Because grand jury witnesses, including law enforcement witnesses, are entitled to absolute immunity from any claims based on their testimony, all claims against Detective Mattioli relating to his testimony must be dismissed. Detective Mattioli enjoys absolute witness immunity and Plaintiff's complaint fails to contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Plaintiff's motion does not overcome this legal defense and the Court correctly dismissed the Complaint with prejudice as to Detective Mattioli in his personal capacity and the Court should deny Plaintiff's motion for reconsideration.

### D. Plaintiff has not overcome his burden in demonstrating AG Grewal had personal involvement in this alleged wrongdoing.

As stated in the Court's opinion, to state a claim against an individual government defendant in a civil rights action, a complaint must allege how the defendant had personal involvement in the wrongdoing. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). The requirement of personal involvement is required even where a plaintiff tries to hold a defendant accountable under respondent superior or supervisory liability. Sasi v. Murray, 822 Fed. App'x 47, 48 (3d Cir. 2020). A defendant cannot be held liable "simply because of his position as the head of [an agency]." Id.

Plaintiff's contention that the Court abused its discretion in dismissing all claims against AG Grewal because he was responsible for overseeing all prosecutors and state statutes lacks merit. Plaintiff fails to demonstrate whatsoever that AG Grewal had personal involvement in the underlying State prosecution. The Complaint does not provide any information as to the time or place, or any facts to demonstrating that AG Grewal participated, or even was aware of, the alleged conduct to demonstrate his personal involvement. Id. Therefore, Plaintiff's motion does not overcome that the Court correctly dismissed the Complaint with prejudice as to AG Grewal and the Court should deny Plaintiff's motion for reconsideration.

**E.    Plaintiff has not overcome that all claims concerning the New Jersey Tort Claims Act ("TCA") must be dismissed.**

Plaintiff's motion for reconsideration implies that he timely filed a tort claim notice by sending a copy of the Complaint and Exhibits on April 4, 2022. See ECF No. 24. However, this does not comport with N.J.S.A. 59:8-3 nor the other relevant TCA sections concerning presentation of a claim to a public entity. Prosecutor Defendants' continue to rely upon their arguments in ECF No. 16 on this issue, as Plaintiff has failed to overcome them. Plaintiff has continued to provide proof that he timely presented a tort notice to the Prosecutor Defendants. Therefore, the Court correctly dismissed the Complaint with prejudice as to the Prosecutor Defendants for any claims arising under the TCA and the Court should deny Plaintiff's motion for reconsideration.

        Respectfully yours,

        MATTHEW J. PLATKIN
        ATTORNEY GENERAL OF NEW JERSEY

        /s/   Thomas Sindel
        Thomas Sindel
        Deputy Attorney General
        Attorney ID: 340392021

cc: Marc A. Stephens, Pro se Plaintiff
All Counsel of Record (via CM/ECF)