Case 1:22-cv-01989-KMW-MJS   Document 27   Filed 06/20/23   Page 1 of 4 PageID: 291



| | **State of New Jersey** | |
|---|---|---|
| PHILIP D. MURPHY<br>*Governor* | OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>DIVISION OF LAW<br>25 MARKET STREET<br>PO BOX 112<br>TRENTON, NJ 08625-0112 | MATTHEW J. PLATKIN<br>*Attorney General* |
| SHEILA Y. OLIVER<br>*Lt. Governor* | | MICHAEL T.G. LONG<br>*Director* |

June 20, 2023

**via CM/ECF Filing:**
The Honorable Karen M. Williams, U.S.D.J.
United States District Court of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

   Re: **Marc A. Stephens v. Gurbir S. Grewal,** *et al.*
      **1:22-cv-01989-KMW-MJS**

Dear Judge Williams:

  On June 21, 2022, Defendants Stockton University and Robert Blaskiewicz, Jr. filed a motion to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6).  (ECF No. 9).  The Court issued its Opinion on May 15, 2023.  (ECF No. 22).  Plaintiff filed an motion for reconsideration on May 31, 2023.  (ECF No. 24).  Please accept this letter brief in opposition to Plaintiff's motion.

  Stockton University and Robert Blaskiewicz, Jr. rely upon and incorporate all arguments set forth in their motion to dismiss Plaintiff's complaint that Plaintiff failed to satisfy the requirements to prevail on § 1983 claims and on tort claims.

  With regard to Defendants Stockton University and Robert Blaskiewicz, Jr., the Court dismissed the § 1983 claims for failing to allege any actions taken using state power, or under color of state law.  With regard to the various tort claims, the Court found that Plaintiff had failed to comply with the New Jersey Tort Claims Act, necessitating dismissal.  Both aspects of the decision were correct.

  Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996).  Courts in this Circuit have identified three general scenarios where reconsideration should be granted:  (1) when there has



HUGHES JUSTICE COMPLEX • TELEPHONE: (609) 376-2440 • FAX: (609) 777-3607
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). In addition, Local Rule 7.1(i) requires such a motion to specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." Plaintiff's motion fails to identify any basis for reconsideration.

### Plaintiff's Motion is Untimely

Pursuant to the Local Rules for the District of New Jersey, "Unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge." Local Rule 7.1(i). The Court's Order and Opinion were issued on May 15, 2023. Thus, any motion for reconsideration would need to be filed by May 29, 2023. Exhibit A to Plaintiff's motion (the envelope presumably enclosing the motion to be filed) is dated May 30, 2023. Therefore, Plaintiff's motion, even if filing is considered simultaneous with mailing, is untimely. Plaintiff has not identified any applicable rules or statutes that would provide an alternate time period for filing of this motion. As such, the motion for reconsideration should be denied.

### § 1983 Claims

In its May 15, 2023 Opinion, the Court correctly noted the absence of any facts suggesting that Blaskiewicz was acting under color of state law, utilizing the powers of his position, when he allegedly harassed the Plaintiff. The Court wrote:

> Here the Court finds a similar lack of connection between Defendant Blaskiewicz's role as a professor and the alleged conduct. The Complaint is devoid of any allegations that Defendant Blaskiewicz engaged in any of the alleged behavior while performing, or in connection with, his role at the University… [T]here are no facts in the Complaint to even suggest that Defendant Blaskiewicz utilized any of his State-given powers as a university professor to engage in the alleged conduct. [Docket No. 22, Op. page 12].

In his motion for reconsideration, Plaintiff again argues that there is a connection between Blaskiewicz's alleged acts and Stockton University without a showing of such a connection. (ECF No. 24). Plaintiff's only argument is a suggestion that Blaskiewicz may have written blog posts or sent harassing emails during a work day. However, this still fails to show any action taken "under color of state law." The mere fact that someone engages in personal activity during a 9 a.m.-5 p.m. work day does not transform purely personal activities into state action. Rather, to

plead a claim under § 1983, a plaintiff must allege that they were harmed through actions that were taken under color of state law. As the Court's opinion noted, "Generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Traynor v. Billhimer*, No. 21-7463, 2023 U.S. Dist. LEXIS 31270, *17 (quoting *Willson v. Yerke*, 604 Fed. Appx. 149, 150 n.4 (3d Cir. 2015)). Even if Plaintiff's allegations were true (and they are denied), Defendant Blaskiewicz would not be acting in his official capacity as a professor, nor exercising his professorial responsibilities to Stockton, when engaging in online harassment or filing a police report. To use the language of the Court's opinion, Plaintiff still fails to show that Blaskiewicz "utilized any of his State-given powers as a university professor to engage in the alleged conduct." Further, it is also worth noting that nothing in the Complaint even supports Plaintiff's allegation that any allegedly harassing activities occurred during a work day.

### Tort Claims

Plaintiff also did not satisfy the statutory requirement of properly filing a timely Tort Claims Notice per N.J.S.A. 59:8-3. Plaintiff did not file a Tort Claims Notice within the requisite time period thus Plaintiff is prohibited from proceeding on his tort claims. Plaintiff argues that he satisfied the Tort Claims Act requirements by sending an email attempting to serve this Civil Complaint. However, the Court already considered and rejected this argument. The Court already ruled that Plaintiff's April 5, 2022 email does not satisfy the standards of the Tort Claims Act. See Docket No. 22, Op. page 19 ("Simply titling an email 'Notice of Tort and Civil Complaint' to one Defendant while attempting to improperly serve them a complaint is not sufficient to demonstrate that Plaintiff intended to file an NJTCA claim.") Plaintiff has presented no intervening change in law, or overlooked evidence to justify revisiting this decision.

### Conclusion

For the foregoing reasons, and as set forth previously, Plaintiff's motion for reconsideration against Stockton University and Robert Blaskiewicz, Jr. should be denied.

                Respectfully,

                MATTHEW J. PLATKIN
                ATTORNEY GENERAL OF NEW JERSEY

By:   */s/ Rachel B. Kristol*
       Rachel B. Kristol
       Deputy Attorney General

June 20, 2023
Page 4

cc: Marc A. Stephens, Pro Se Plaintiff (via U.S. Mail)
All Counsel of Record (via CM/ECF)