UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MARC A. STEPHENS, <br><br> Plaintiff, <br><br> v. <br><br> GURBIR S. GREWAL, ATTORNEY GENERAL, STATE OF NEW JERSEY, et.al., <br><br> Defendants. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br><br> No. 22-01989 (KMW-MJS) <br><br> **MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** having come before the Court by way of the Motion for Reconsideration filed by *pro se* plaintiff Marc A. Stephens ("Plaintiff") concerning the Court's May 15, 2023 Opinion and Order (ECF Nos. 22, 23), which (1) granted the Motions to Dismiss of Defendant Galloway Township[1], and (2) granted in part and denied in part the Motions to Dismiss filed on behalf of Prosecutor Defendants and University Defendants. Prosecutor Defendants and University Defendants oppose the Motion for Reconsideration (ECF Nos. 26, 27).[2]

Motions for reconsideration, though not expressly recognized under the Federal Rules of Civil Procedure, are generally treated as either (1) motions to alter or amend judgment under Rule 59(e), or (2) motions for relief from judgment under Rule 60(b). *See Rich v. State*, 294 F. Supp. 3d 266, 277 (D.N.J. 2018). Further, "[t]he scope of a motion for reconsideration [under Rule 59(e)]

---

[1] In Plaintiff's motion it appears that he is not requesting reconsideration as to the Galloway Township Defendants and instead limits his motion to the Court's rulings related to the University Defendants and the Prosecutor Defendants. Consequently, the Court limits its analysis to the dismissal of the claims related to University Defendants and Prosecutor Defendants.

[2] The Court notes that Defendant Galloway Township also provided a letter in opposition to Plaintiff's motion for Reconsideration to preserve its position that Plaintiff's motion does not support reconsideration of the dismissal of Galloway Township (ECF No. 25).

1

. . . is extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Similarly, Rule 60(b) motions are not the appropriate vehicle to reargue issues "that the court has already considered and decided." *Jones v. Lagana*, No. 12-5823, 2016 WL 4154677, at *1 (D.N.J. Aug. 3, 2016) (internal quotation marks omitted)).

To prevail on his Motion for Reconsideration under Rule 59(e), Plaintiff must demonstrate either "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Plaintiff has only invoked the third prong, which requires him to show that the Court, in granting the motions to dismiss, overlooked either (1) a dispositive factual matter; or (2) a controlling decision of law. *See Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001).

Here, Plaintiff claims that the Court's Opinion is "palpably incorrect or irrational ... a clear error of law" and that "reconsideration is the appropriate means of bringing to the court's attention manifest errors of fact or law." (ECF no. 24 at 1-2). However, to support what he believes are errors of "fact and law," Plaintiff simply points to his Complaint and argues that the Court "overlooked" certain facts therein. For example, all of the approximately 18 factual citations noted in Plaintiff's Motion simply refer the Court to allegations in the Complaint. *See* (ECF No. 24 at 3) (showing all citations referring to facts in the Complaint). As demonstrated by the Opinion, the Court considered all of the factual allegations in the light most favorable to Plaintiff, as required, and determined that the Complaint as it related to Plaintiff's § 1983 claims, his claims against

2

Defendant Mattioli, and his New Jersey Tort Claims Act claims, did not contain sufficient factual matter, even accepted as true, to state a plausible claim for relief. *See* (ECF No. 22 at 13-15, 19-20). To be clear, the Court has thoroughly reviewed and considered Plaintiff's Complaint and his responses to the Defendants' Motions to Dismiss and determined that the Complaint lacked sufficient facts to support the claims he raised. In other words, although Plaintiff provides a very detailed factual account of the circumstances that led him to file his Complaint, and with the Court construing the Complaint liberally, the facts set forth in the Complaint simply do not sufficiently plead viable causes of action pursuant to § 1983, or to support Plaintiff's claims against Defendant Mattioli, or to state a claim pursuant the New Jersey Tort Claims Act. It is not the Court's role to identify alternative causes of action for a party among the morass of minutiae in a complaint, even if a plaintiff is *pro se*. That task belongs to the litigant.

Plaintiff additionally argues that this Court misapplied the law when it dismissed claims against Defendant Matteoli, citing *Halsey v. Pfeiffer*, 750 F.3d 273, 279 (3d Cir. 2014), to hold that "[a] police officer who fabricates evidence against a criminal defendant to obtain his conviction **violates** the defendant's constitutional right to due process of law." (ECF No. 24 at 7) (emphasis in original). However, Plaintiff points to the wrong case law for the circumstances at hand. While *Halsey* is a Third Circuit case that applies to fabricated testimony given by a police officer that obtains a conviction,[3] here, the Court dismissed Plaintiff's claims pursuant to the

---

[3] *Halsey* warns against utilizing its holdings beyond its intended scope: "In reaching our result, we hasten to add that courts in this Circuit should not permit a criminal defendant who later brings a civil action against state actors who had been involved in his prosecution to use this opinion beyond the scope of our holding. Thus, a civil plaintiff alleging that he had been convicted in a criminal prosecution in which the prosecutor used fabricated evidence should not be permitted to survive a motion for summary judgment or for judgment as a matter of law unless he can demonstrate that the record supports a conclusion that the allegedly fabricated evidence was so significant that it could have affected the outcome of the criminal case. Moreover, testimony that is incorrect or simply disputed should not be treated as fabricated merely because it turns out to have been wrong. Therefore, for example, a witness's misidentification should not be regarded as a fabrication in the absence of persuasive evidence supporting a conclusion that the proponents of the evidence were aware that the identification was incorrect, and thus, in effect, offered the evidence in bad faith." *Halsey*, 750 F.3d at 295.

Supreme Court's holding that a police officer's *grand jury testimony* is absolutely protected. *Rehberg v. Paulk*, 566 U.S. 356, 368-69 (2012) (holding that there is no reason "to distinguish law enforcement witnesses from lay witnesses . . . For these reasons, we conclude that grand jury witnesses should enjoy the same immunity as witnesses at trial. This means that a grand jury witness has absolute immunity from any §1983 claim based on the witness' testimony."

Moreover, the Court's finding that Plaintiff's Complaint and his Responses to Defendants' Motions to Dismiss were deficient should not be construed as "oversight." *See Schiano v. MBNA Corp.*, No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006). It is obvious that Plaintiff disagrees with the Court's findings, however, "[m]ere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law . . . and should be dealt with through the normal appellate process," or in this case, proceed with discovery on the surviving claims at issue.[4] Thus,

**THE COURT HAVING CONSIDERED** Plaintiff's Motion for Reconsideration (ECF No. 24), Prosecutor Defendants' Opposition thereto (ECF No. 26), and University Defendants' Opposition thereto (ECF No. 27); and

**THE COURT FINDING** that Plaintiff's Motion improperly resubmits the same arguments he previously presented in his Responses to these Defendants' Motions to Dismiss (ECF Nos. 14, 17), all of which the Court considered prior to entering its May 15, 2023 Opinion and Order; and

---

[4] The Court notes that these claims were dismissed without prejudice and should Plaintiff uncover new evidence that would suggest plausible claims against Defendants Detective Sergeant Michael Matteoli, Robert Blaskiewicz, Jr., the Atlantic County Prosecutor's Office, or Attorney General Gurbir S. Grewal he is not precluded from seeking to amend his Complaint based on any newly discovered information.

**THE COURT FINDING** that Plaintiff has not demonstrated any additional grounds for relief under Rules 59(e) or 60(b);

**IT IS** this **29th day** of **December 2023,** hereby

**ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 24) is **DENIED**.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE