

PHILIP D. MURPHY
*Governor*

TAHESHA L. WAY
*Lt. Governor*

# State of New Jersey
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO Box 112
TRENTON, NJ 08625-0112

MATTHEW J. PLATKIN
*Attorney General*

MICHAEL T.G. LONG
*Director*

January 23, 2024

**Via ECF/CM Only**
Hon. Matthew J. Skahill, U.S.M.J.
Mitchell H. Cohen U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

**RE:  Stephens v. Grewal, et al.
Civil Action No. 1:22-CV-01989-KMW-MJS**

Dear Judge Skahill:

This office represents Defendants, Stockton University and Robert Blaskiewicz ("University Defendants"), in the above captioned matter. The University Defendants respectfully request that an initial conference be scheduled in order to discuss whether, based upon Stockton's assertion of sovereign immunity, there will be an opportunity to file a dispositive motion prior to completion of discovery in accordance with Local Rule 16.1(b)(1)(D) ("At . . . the initial conference, the Judge shall . . . enter a scheduling order which may include . . . date for filing of dispositive motions after due consideration whether such motions may be brought at an early stage of proceedings (i.e., before completion of fact discovery or submission of experts' reports)).

As Your Honor will recall, the University Defendants filed a motion seeking dismissal of Plaintiff's claims on several grounds, including sovereign immunity. In an opinion dated May 15, 2023, the Court granted in part and denied in part University Defendants' motion, finding that Stockton was not entitled to sovereign immunity because it had not sufficiently established the first of the *Fitchik* factors concerning funding.



HUGHES JUSTICE COMPLEX • TELEPHONE: (609) 376-2440 • FAX: (609) 777-3607
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

The University Defendants respectfully request that, to the extent that this matter is to proceed to the discovery phase, then discovery should be initially limited to the issue of whether Stockton is entitled to sovereign immunity. This request is consistent with federal precedent, which makes it clear that when a party raises a potential immunity from suit, discovery should not proceed. *See, e.g., Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982) (in qualified immunity context, stating that "[u]ntil th[e] threshold immunity question is resolved, discovery should not be allowed," because bare allegations should not suffice to subject government defendant to the "burdens of broad-reaching discovery" that can be "peculiarly disruptive to effective government.").

These same principles have also been applied to instances where government defendants, like Stockton, have raised sovereign immunity as a defense. *See, e.g., Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143-45 (1993) ("[T]he value to the States of their Eleventh Amendment immunity, like the benefit conferred by qualified immunity to individual officials, is for the most part lost as litigation proceeds past motion practice."); *Univ. of Texas v. Vratil*, 96 F.3d 1337, 1340 (10th Cir. 1996) ("Eleventh Amendment immunity entitles a state not only to protection from liability, but also from suit, the burden of discovery, as a party, within the suit."); *Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 534 (5th Cir. 1992) (observing the "tensions between permitting discovery to substantiate exceptions to sovereign immunity and protecting a sovereign's claim to immunity from discovery); *Wright v. New Jersey/Dep't of Educ.*, 115 F. Supp. 3d 490, 498 n.2 (D.N.J. 2015) ("The Court is also hesitant to grant discovery where the party seeking discovery is attempting to disprove the applicability of an immunity-derived bar to suit, since immunity is intended to shield a government defendant from the burdens of defending the suit, including burdens of discovery."); *In re Papandreou*, 139 F.3d 247, 253 (D.C. Cir. 1998) ("[A] district court authorizing discovery . . . must proceed with circumspection, lest the evaluation of the immunity itself encroach unduly on the benefits the immunity was to ensure.").

As the above-cited authority makes clear, if full discovery were to take place, then Stockton's Eleventh Amendment immunity defense, and all the associated benefits of the defense, would be lost. As it appears that Stockton only remains a party in this case due to the need for additional facts to establish the *Fitchik* factors, limited discovery on that issue is appropriate because it will not defeat the purpose of the immunity, but also allow the

appropriate record to be built on the issue, thus potentially removing the need for a lengthy and burdensome discovery period.

    Therefore, the University Defendants respectfully request that the initial discovery phase of this matter be limited to the issue of sovereign immunity, and permit the University Defendants to brief the issue in the appropriate dispositive motion after said limited discovery is completed.

    If Your Honor has any questions or concerns, please do not hesitate to contact me at any time.

    Respectfully submitted,

    MATTHEW J. PLATKIN
    ATTORNEY GENERAL OF NEW JERSEY

By:  */s/ Peter M. Draper*
    Peter M. Draper
    Deputy Attorney General
    Assistant Section Chief

    */s/ Rachel B. Kristol*
    Rachel B. Kristol
    Deputy Attorney General

CC:  All counsel of record (via eCourts only)