UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARC A. STEPHENS,<br>Plaintiff,<br><br>v.<br><br>GURBIR S. GREWAL, ATTORNEY GENERAL, STATE OF NEW JERSEY, ATLANTIC COUNTY PROSECUTOR'S OFFICE, STOCKTON UNIVERSITY, GALLOWAY TOWNSHIP, ROBERT BLASKIEWICZ, JR., DETECTIVE SERGEANT MICHAEL MATTEOLI, All Defendants sued Individually and in official capacity.<br>Defendants | CASE NO. 1:22-cv-01989-KMW-SAK<br><br>**PLAINTIFF MARC STEPHENS RESPONSE TO DEFENDANT ROBERT BLASKIEWICZ AND STOCKTON UNIVERSITY ASSERTION OF SOVEREIGN IMMUNITY** |

1. **THIS CASE IS NOT A SUIT AGAINST THE STATE ITSELF AND THE FACT THAT STOCKTON UNIVERSITY DERIVES SOME OF ITS INCOME FROM THE STATE DOES NOT MEAN THAT IT IS ENTITLED TO PARTAKE OF THE STATE'S IMMUNITY**

    Stockton is seeking the opportunity to file a dispositive motion prior to completion of discovery in accordance with Local Rule 16.1(b)(1)(D) and sovereign immunity.  Stockton University's money **does not** come predominantly from the state.  "[t]he fact that an entity derives some of its income from the state **does not** mean that it is entitled to partake of the state's immunity. Fitchik v. New Jersey Transit Rail Operations, Inc., 873 F. 2d 655 - Court of Appeals, 3rd Circuit 1989 at 660.  What is significant is whether the money that pays the fine will come from the state treasury rather than the agency's funds, or (alternatively) whether the state must reimburse the agency and thus effectively pay the debt.  "[A]lthough New Jersey might appropriate funds to [Stockton] to meet any shortfall caused by judgments against [Stockton], such voluntary payments by a state **do not** trigger sovereign immunity". Fitchik v. New Jersey Transit Rail Operations, Inc., 873 F. 2d 655 - Court of Appeals, 3rd Circuit 1989 at 661.  "[a] judgment against [Stockton] is not a judgment against the state". Kovats v. Rutgers, The State University, 822 F. 2d 1303 - Court of Appeals, 3rd Circuit 1987 at 1308.

2. **STOCKTON UNIVERSITY AND ROBERT BLASKIEWICZ LOSE OR WAIVE ALL SOVERIEGN IMMUNITY WHEN THERE IS AN ABUSE AND VIOLATION OF COMMON LAW AND CONSTITUTIONAL RIGHTS AND FULL DISCOVERY SHOULD BE GRANTED.**

    The State, and all citizens, enjoy "Sovereign Immunity".  The Bill of Rights give all citizens "Immunity" from civil and criminal charges, except when **abusing** those right.  Under the first amendment citizens are "immune" from suit under freedom of speech, except when **abusing** that right, for example, as in the case of defamation by slander or libel.  Under

the second amendment, Citizens are "Immune" from suit or criminal charges if they kill in self defense.  Any person that **abuse** that right by killing in cold blood will lose "immunity".

Defendants Robert Blaskiewicz and Stockton University **abused** their rights to "immunity" when they **intentionally** violated Plaintiff Marc Stephens common law and constitutional right to due process, right to privacy, and right to trial when defendants participated in hacking plaintiffs computers, bank accounts, credit cards, sending death threats, defaming plaintiff by telling multiple third parties that he committed a crime, creating social media sites posing as Plaintiff, creating and submitting false evidence, filing false police reports, and filing a false criminal complaint, which led to the criminal indictment and prosecution of Plaintiff Marc Stephens.

Stockton University is the employer of Defendant Robert Blaskiewicz.  Under **Title 10 - Civil Rights, N.J.S.A. § 10: 5-5(e)**; "Employer" includes **all persons** as defined in subsection a. of this section unless otherwise specifically exempt under another section of P.L.1945, c.169 (C.10:5-1 et seq.), and **includes the State**, any political or civil subdivision thereof, and all public officers, agencies, boards, or bodies.  Under **N.J.S.A. § 10:1-12(a)**, "Employer" includes **any individual**, partnership, association, **corporation**, business trust, legal representative or any organized group of persons acting directly or indirectly in the interest of an employer in its relations to employees. "**[E]very person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, **shall be liable** to the party injured in an action at law, suit in equity, or other proper proceeding for redress." Brandon v. Holt, 469 US 464 - Supreme Court 1985.  "We therefore hold that government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not **violate clearly established statutory or constitutional rights** of which a reasonable person would have known". See Procunier v. Navarette, 434 U. S. 555, 565 (1978); Wood v. Strickland, 420 U. S., at 322. Harlow v. Fitzgerald, 457 US 800 - Supreme Court 1982 at 818.

Under the "abrogation doctrine", if a plaintiff can demonstrate that the government's action was done in **bad faith**, the plaintiff **can** receive damages **despite sovereign immunity**.  Typically, if a party can demonstrate that the government **intentionally** acted wrongly with the sole purpose of causing damages, that party **can** recover for injury or economic losses. "Sovereign immunity **does not** exempt the State from a challenge based on **violation of the federal or state constitutions**, because any other rule self-evidently would make constitutional law subservient to the State's will.  Moreover, neither the common law nor a state statute can supersede a provision of the federal or state constitutions." Department of Revenue v. Kuhnlein, 646 So. 2d 717 - Fla: Supreme Court 1994 at 721.   In Fitzpatrick v. Bitzer, 427 U.S. 445 (1976), the Supreme Court ruled that Congress may abrogate state immunity from suit under Section 5 of the Fourteenth Amendment.  In Central Virginia Community College v. Katz, 546 U.S. 356 (2006), the Court ruled Article I, Section 8, Clause 4 of the Constitution abrogated state immunity in bankruptcy cases.  In Lapides v. Board of Regents of University System of Georgia, 535 U.S. 613 (2002), the Supreme Court ruled that when a state invokes a federal court's removal jurisdiction, it waives the Eleventh Amendment in the removed case.

**3. WHERE RIGHTS SECURED BY THE CONSTITUTION ARE INVOLVED, THERE CAN BE <u>NO RULE MAKING OR LEGISLATION</u> AND NOT ALLOWING FULL DISCOVERY VIOLATES PLAINTIFF MARC STEPHENS COMMON LAW AND CONSTITUTIONAL RIGHT TO PRIVACY, RIGHT TO DUE PROCESS, AND RIGHT TO TRIAL**

Robert Blaskiewicz and Stockton University are requesting that discovery should be initially limited to the issue of whether Stockton is entitled to sovereign immunity. Fitzpatrick holds that the Fourteenth Amendment **prevails** in a clash with the Eleventh Amendment. In Fitzpatrick itself, the Court dealt with only one provision of the Fourteenth Amendment, section 5. But if state sovereign immunity **does not** limit section 5, then neither should it limit section 1 — or any other provision of the Fourteenth Amendment. Thus, when a state deprives a person of property without just compensation or refuses to refund tax monies unlawfully exacted, **due process demands a remedy** — state sovereign immunity notwithstanding. Rights for which the Fourteenth Amendment itself provides a cause of action **cannot** be shielded from the courts. <u>Fitzpatrick v. Bitzer</u>, 427 U.S. 445, 453 (1976). "**[W]here rights** secured by the Constitution are involved, there can be **no rule making or legislation** which would abrogate them." <u>Miranda v. Arizona</u>, 384 US 436 at 491. "**[N]o right** granted or secured by the Constitution of the United States can be **impaired or destroyed** by a state enactment". <u>Connolly v. Union Sewer Pipe Co.</u>, 184 US 540 at 558.

**Right to Due Process:** The 5th and 14th Amendment of the Constitution of the United States reads, "No person shall be deprived of life, liberty, or property, without due process of law". "At its core, the right to due process reflects a fundamental value in our American constitutional system", <u>Boddie v. Connecticut</u>, 401 US 371 - Supreme Court 1971 at 374. The United States Supreme Court held that due process is violated "[I]f a practice or **rule** offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental", <u>Snyder v. Massachusetts</u>, 291 U.S. 97 (1934).

**Right to Trial:** The seventh Amendment to the Constitution of the United States reads, "[I]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved", <u>Colgrove v. Battin</u>, 413 US 149 - Supreme Court 1973 at 152. "[T]he Seventh Amendment, which was included in the Bill of Rights in 1791 and which has not since been repealed in the only manner provided by the Constitution for repeal of its provisions". <u>Parklane Hosiery Co. v. Shore</u>, 439 US 322 - Supreme Court 1979 at 338. "[a] provision of the Bill of Rights that protects a right that is fundamental from an American perspective **applies equally** to the Federal Government and the States. See Duncan, 391 U.S., at 149, and n. 14, 88 S.Ct. 1444". <u>McDonald v. City of Chicago, Ill.</u>, 130 S. Ct. 3020 - Supreme Court 2010 at 3050. The court is "free to regulate the procedure of its courts in accordance with its own conception of policy and fairness **unless** in so doing it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental". Twining v. New Jersey, 211 U.S. 78, 106, 111, 112; Rogers v. Peck, 199 U.S. 425, 434; Maxwell v. Dow, 176 U.S. 581, 604; Hurtado v. California, 110 U.S. 516; Frank v. Mangum, 237 U.S. 309, 326; <u>Powell v. Alabama</u>, 287 U.S. 45, 67.

**4. DEFENDANT ROBERT BLASKIEWICZ IS SUED AS AN INDIVIDUAL AND FULL DISCOVERY SHOULD BE ALLOWED AGAINST HIM**

Robert Blaskiewicz is also being sued as an "individual" for intentional infliction of emotional distress, see complaint 6th cause of action, defamation, see complaint 8th cause of action, malicious use of process, see complaint 9th cause of action. These activity were conducted both on and off the campus of Stockton University, which demands full discovery.

## **CONCLUSION**

The court will be setting a dangerous precedent which states that state actors are allowed to make death threats, harass, defame, hack phones, computers, bank accounts, file false police reports, and even commit murder, all by hiding behind "Sovereign Immunity". Full discovery should be allowed in this case.

Respectfully submitted,

S// Marc Stephens
Marc A. Stephens
Plaintiff, pro se