

# State of New Jersey

| | | |
|---|---|---|
| PHILIP D. MURPHY<br>*Governor* | OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>DIVISION OF LAW<br>25 MARKET STREET<br>PO Box 112<br>TRENTON, NJ 08625-0112 | MATTHEW J. PLATKIN<br>*Attorney General* |
| TAHESHA L. WAY<br>*Lt. Governor* | | MICHAEL T.G. LONG<br>*Director* |

April 2, 2024

**Via ECF/CM Only**
Hon. Matthew J. Skahill, U.S.M.J.
Mitchell H. Cohen U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

> **RE:  Stephens v. Grewal, et al.**
>     **Civil Action No. 1:22-CV-01989-KMW-MJS**
>     **Response to Plaintiff's March 25, 2024 Letter**

Dear Judge Skahill:

This office represents Stockton University in the above captioned matter. As per Judge Williams' May 15, 2023 Opinion, Robert Blaskiewicz has been dismissed from the case. (ECF. No. 22). I write in response to the letter submitted by Plaintiff on March 25, 2024, wherein he objects to limiting discovery solely to the issue of sovereign immunity. (ECF No. 37).

At the outset, it is important to note that Plaintiff does not challenge plethora of cases which Stockton submitted in its January 23, 2024 letter – all of which support that full discovery should not proceed until the issue of sovereign immunity is resolved. (ECF No. 30). Rather, Plaintiff advances certain arguments for why sovereign immunity is inapplicable, specifically: (a) that Stockton has waived said immunity; and (b) that an application of the *Fitchik* factors reveals Stockton is not entitled to immunity.

While Stockton is not necessarily interested in litigating this issue by letter, and having made a good faith effort to discuss and resolve this topic with Plaintiff prior to this submission, Stockton would be remiss if it did not briefly reply to Plaintiff's arguments in advance of the next status conference.



With respect to Plaintiff's contention that Stockton has waived sovereign immunity, such is incorrect. As the Court is aware, there are three ways in which a state (or an arm of the State, such as Stockton) may waive sovereign immunity: (1) consent; (2) by state statute or by state Constitution; or (3) by acceptance of federal funds through a federal program. *See Pennsylvania Fed'n of Sportsmen's Clubs, Inc. v. Hess,* 297 F.3d 310, 323 (3d Cir. 2002); *MCI Telecomm. Corp. v. Bell Atl.-Pennsylvania,* 271 F.3d 491, 503 (3d Cir. 2001). Here, none of those circumstances are present to demonstrate any such waiver, and thus, Stockton has not waived its entitlement to sovereign immunity and is permitted to advance such an argument.

As to Plaintiff's argument that Stockton University is not entitled to sovereign immunity pursuant to the *Fitchik* factors, while this Court has initially denied Stockton's motion to dismiss on such grounds, it did so without prejudice. *See* ECF No. 23 (". . . the Court denies University Defendants' . . . Motion[] to Dismiss regarding the applicability of Eleventh Amendment Immunity without prejudice[.]"). As such, not only is Stockton free to continue to assert (and is in fact affirmatively asserting) that it is entitled to said immunity as a defense to Plaintiff's lawsuit, but it is clear that further discovery (and eventual motion briefing) on the limited issue of whether Stockton can satisfy the *Fitchik* factors is needed before any conclusions can be reached.

The balance of Plaintiff's letter, while confusing at times, appears to re-argue many of the issues that this Court has already addressed via the initial motions to dismiss and in denying Plaintiff's motion for reconsideration. To the extent, Plaintiff is raising a new argument, then Stockton expressly reserves the right to address that argument after sovereign immunity discovery is completed.

In short, Plaintiff's March 25th letter only further emphasizes why limited discovery on the issue of sovereign immunity is necessary. Limiting discovery to that issue is not only consistent with the case law in both this circuit and others,[1] but nothing in Plaintiff's letter suggests that the Court should take

---

[1] While it is not necessary to rehash the holdings of the numerous cases Stockton cited in its January 23rd letter, it is worth repeating that limiting discovery to the issue of sovereign immunity is appropriate because permitting full discovery on all issues will defeat the purpose of the immunity, i.e., immunity for suit and associated discovery.

a different approach in this matter. Accordingly, it is respectfully submitted that the Court limit discovery on this matter to the issue of sovereign immunity only and permit Stockton to file the appropriate motion when said discovery is completed.

Finally, as noted at the beginning of this letter, on April 2nd, the undersigned attempted to meet and confer with Plaintiff on this topic in hopes of finalizing a joint discovery plan in advance of the upcoming status conference on April 10th. During my telephone call with Plaintiff, however, he advised that he was confused about the case and mentioned possibly pursuing an appeal. Based upon these representations, if Plaintiff intends to file an appeal, then it is respectively submitted that this matter, including discovery, be stayed until the appellate process is completed.

We appreciate the Court's attention to this matter.

    Respectfully submitted,

    MATTHEW J. PLATKIN
    ATTORNEY GENERAL OF NEW JERSEY

By: */s/ Rachel B. Kristol*
    Rachel B. Kristol
    Deputy Attorney General

cc: Marc Stephens, *Pro Se* (via ECF/CM and U.S. Mail).