UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

MARC A. STEPHENS,

    Plaintiff,

   v.

GURBIR S. GREWAL, et al.,

    Defendants.

Civil No. 22-1989 (KMW/MJS)

<u>O R D E R</u>

This matter having come before the Court on the letter filed by defendant Stockton University ("the University") requesting that discovery in this matter initially be limited to the issue of the University's claim of sovereign immunity [ECF No. 30]; and

**WHEREAS,** the Court having previously held a conference on March 19, 2024, at which the Court noted its receipt of the University's letter and directed plaintiff Marc A. Stephens ("Plaintiff") to file a letter on the docket responding to the University's request by March 26, 2024 [ECF No. 36]; and

**WHEREAS**, in accordance with the Court's directive, Plaintiff filed a letter response on the docket on March 25, 2024, in which he opposed any limit to discovery at this time [ECF No. 37]; and

**WHEREAS,** the Court has also received and reviewed the reply letter filed by the University, in which the University additionally noted its attempts to meet and confer with Plaintiff

in an ultimately unsuccessful effort to reach a mutually agreeable schedule for discovery [ECF No. 38]; and

**WHEREAS**, "Magistrate Judges are given wide discretion to manage cases and limit discovery in appropriate circumstances," Forrest v. Corzine, 757 F. Supp. 2d 473, 477 (D.N.J. 2010), and "may, for good cause, issue an order . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters," Fed. R. Civ. P. 26(c)(1)(D); and

**WHEREAS**, "[s]tate sovereign immunity is a jurisdictional bar which deprives federal courts of subject matter jurisdiction," Wright v. State of New Jersey/Dep't of Educ., 115 F. Supp. 3d 490, 494 (D.N.J. 2015); and

**WHEREAS**, "[i]t is fundamental that federal courts must have subject matter jurisdiction before reaching the merits of a case," GBForefront, L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29, 34 (3d Cir. 2018), and a valid objection to the Court's subject-matter jurisdiction may result in the dismissal of the entire complaint, Gonzalez v. Thaler, 565 U.S. 134, 141 (2012); and

**WHEREAS**, federal courts have "wide discretion in resolving jurisdictional factual disputes," Wright, 115 F. Supp. 3d at 497, and where a party has raised a challenge to the court's subject matter jurisdiction, courts have frequently limited discovery to jurisdictional issues before allowing discovery on the merits, see, e.g., Marchionda v. Embassy Suites, Inc., 122 F. Supp. 3d

208, 211-12 (D.N.J. 2015); Cooper v. Se. Pa. Transp. Auth., 548 F.3d 296, 297 (3d Cir. 2008); Rowan Univ. v. Factory Mut. Ins. Co., Civ. No. 21-8992, 2021 WL 4947374, at *1 (D.N.J. Oct. 25, 2021); accord Davis v. United States, 196 F. Supp. 3d 106, 121-22 (D.D.C. 2016)(holding that discovery would be "strictly limited to jurisdictional issues" in FTCA claim "to avoid burdening a sovereign who may be immune from suit"); and

**WHEREAS,** the Court having held a conference on the record with Plaintiff and counsel for the University on April 10, 2024, to discuss the above issues and set a case management schedule,

**IT IS** on this **10th day** of **April 2024,**

**ORDERED** that the University's request to limit initial discovery to the issue of sovereign immunity [ECF No. 30] is **GRANTED.** Discovery shall be limited at this time to the issue of whether defendant Stockton University is an arm of the State of New Jersey for Eleventh Amendment purposes, and is therefore immune from suit. This period of jurisdictional discovery shall be completed by no later than **June 10, 2024**; and it is further

**ORDERED** that dispositive motions following this period of limited discovery shall be filed by no later than **June 24, 2024.**

s/ Matthew J. Skahill
MATTHEW J. SKAHILL
United States Magistrate Judge

cc:  Hon. Karen M. Williams
     United States District Judge

3