**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MARC A. STEPHENS, | HONORABLE KAREN M. WILLIAMS |
| Plaintiff, | |
| v. | Civil Action<br>No. 22-01989 (KMW-MJS) |
| GURBIR S. GREWAL, ATTORNEY GENERAL, STATE OF NEW JERSEY, *et al.*, | **OPINION** |
| Defendants. | |

APPEARANCES:

MARC A. STEPHENS
271 ROSEMONT PL
ENGLEWOOD, NJ 07631

*Appearing Pro Se*

CATHERINE B. DERENZE, ESQ.
SUSANA CRUZ HODGE, ESQ.
VICTOR A. AFANADOR, ESQ.
LITE DEPALMA GREENBERG & AFANADOR, LLC
570 BROAD STREET, STE 1201
NEWARK, NJ 07102

*Counsel for Stockton University*

**WILLIAMS, District Judge:**

**I.    INTRODUCTION**

This case arises out of Plaintiff Marc Stephen's retention as a cyber security expert to investigate a "cyber-attack" on the Burzynski Clinic, his identification of the alleged perpetrators of the cyber-attack, and their responses to same, which culminated in the dismissal of *State of New Jersey v. Marc Stephens*, (the "State case"), where Plaintiff was indicted on one count of fourth-

degree cyber-harassment. No. 18-09-01567-1, (N.J. Super. Ct. App. Div. Jan. 5, 2022); *see also* (ECF No. 1 at Ex. 32). Plaintiff filed the instant Complaint alleging that Defendant Stockton University harmed him by:

- violating his Due Process rights under 42 U.S.C. §1983, the Fifth and Fourteenth Amendments under the United States Constitution, the New Jersey Civil Rights Act, and Article I of the New Jersey Constitution;

- engaging in malicious prosecution, intentional infliction of emotional distress, and defamation of character;

- filing frivolous claims and utilizing false evidence against him; and

- that the Defendant engaged in negligent hiring and arguing for the application of *respondeat superior* to redress the insufficient training and supervision of its employee.

Defendant moved to dismiss Plaintiff's Complaint in its entirety on June 21, 2022 (ECF No. 9). The Court previously denied Defendant's motion for failure to address all of the required *Fitchik* factors (ECF No. 22). Now Defendant has filed a new Motion to Dismiss (ECF No. 42), which is unopposed by Plaintiff, and due to the reasons set forth in the Opinion below, will be **GRANTED**.

## II. BACKGROUND

The Court will only recite the facts of the Complaint necessary to resolve the motions at issue. According to the Complaint, on November 22, 2011, Plaintiff was hired by the Burzynski Clinic as a consultant to investigate an "online attack" on the clinic. (ECF No. 1 at ¶12). Plaintiff alleges that Professor Blaskiewicz, an employee of Defendant, was part of a group called the "Skeptics Society" who allegedly took part in the attack on the clinic and upon Plaintiff's discovery

of their involvement, they sent death threats to Plaintiff and various of his family members. Plaintiff describes making numerous complaints to several local police departments, the FBI, and filing lawsuits against Professor Blaskiewicz and others allegedly in the Skeptics Society from 2011 through 2017. *Id.* at ¶¶13-36.

On February 10, 2017, Prosecutors filed a criminal complaint claiming Plaintiff engaged in cyber harassment against Professor Blaskiewicz. *Id.* at ¶¶38-39. Plaintiff alleges that Professor Blaskiewicz fabricated social media accounts pretending to be Plaintiff to build this case, and that the Atlantic County Prosecutor's Office and Detective Mattioli, using the allegedly fake media accounts as evidence, provided false testimony to a grand jury. *Id.* at ¶¶40-42. On September 18, 2018, Plaintiff was indicted by the Grand Jury on charges of cyber harassment and threatening physical harm against Professor Blaskiewicz. *Id.* at ¶43. Plaintiff was unaware of this case at the time and because he did not respond to the summons it became a felony warrant which allegedly caused the denial of Plaintiff's passport in 2020. *Id.* at ¶¶44-45. Ultimately, on January 5, 2022, a Judge dismissed the indictment and the Prosecutor declined to re-try the case. *Id.* at ¶¶48-49. Plaintiff intends to hold Defendant accountable for the actions of its employee, Professor Blaskiewicz.

### III. LEGAL STANDARDS

#### A. Motion to Dismiss 12(b)(1)

Under Rule 12(b)(1), a defendant may seek dismissal of a complaint based on a court's lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "At issue in a Rule 12(b)(1) motion is the court's 'very power to hear the case.'" *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized

by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison*, 5 U.S. 137, 1 Cranch (5 U.S.) 137, 173-180 (1803)).

When considering a Rule 12(b)(1) motion challenging subject matter jurisdiction, "[a] district court has to first determine . . . whether [the] motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357-58 (3d Cir. 2014) (citing *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)). As the Third Circuit explained in *Constitution Part of Pennsylvania v. Aichele*:

> A facial attack, as the adjective indicates, is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties, or because some other jurisdictional defect is present. Such an attack can occur before the moving party has filed an answer or otherwise contested the factual allegations of the complaint.

*Id.* at 358 (citing *Mortensen*, 549 F.2d at 891). On the other hand, a factual attack "is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.*

The Third Circuit has held that, although Eleventh Amendment immunity is not, strictly speaking, a matter of subject-matter jurisdiction, it nonetheless analyzes the jurisdictional aspects of sovereign immunity under the scope of a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction." *See Wilson v. N.J. Dep't of Corrs.*, No. 16-7915, 2017 U.S. Dist. LEXIS 170321 at *5, *8-9 (D.N.J. Oct. 13, 2017) (citing *CNA v. United States*, 535 F.3d 132, 140 (3d Cir. 2008)). Therefore, in the context of the motion at bar raising Eleventh Amendment immunity as

4

a defense, the Court will review the pleading under a facial attack analysis. "'[T]he court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" *Id.* (quoting *In re Schering Plough Corp.*, 678 F.3d at 243). "[A] facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party." *Id.* (citation omitted).

## IV. DISCUSSION

At the outset, the Court acknowledges that when determining the sufficiency of a *pro se* complaint, the Court must be mindful of accepting its factual allegations as true. *See James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012). A *pro se* plaintiff's complaint must be construed liberally, but this does not absolve a *pro se* plaintiff from complying with the Federal Rules of Civil Procedure. *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) ("a pro se complaint . . . must be held to 'less stringent standards than formal pleadings drafted by lawyers;' . . . but we nonetheless review the pleading to ensure that it has 'sufficient factual matter; accepted as true; to state a claim to relief that is plausible on [its] face.'").

### A. Eleventh Amendment Immunity

Because Defendant raises the issue that "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction," the Court will first address the Eleventh Amendment defense asserted by Defendant. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 (3d Cir. 1996).

Generally, the Eleventh Amendment can extend to State agencies acting as "arms of the state,"[1] and may further extend to individual State officials when they are sued for damages. *Brady v. Office of the Cty. Prosecutor*, No. 19-16348, 2020 WL 5088634 at *3 (D.N.J. Aug. 28, 2020). The Third Circuit has a three-factor test (collectively called the "*Fitchik* factors") to determine whether an entity is an arm of the State for Eleventh Amendment purposes, which requires a court to review: 1) the source of the entity's funding ("the funding factor"), 2) the State law status of the entity ("the status factor"), and 3) the level of autonomy the entity has from the State ("the autonomy factor"). *See Bowers v. NCAA*, 475 F.3d 524, 545-46 (3d Cir. 2007). The Court notes that in Defendant's previous briefing, it properly asserted that it satisfied the status and autonomy factors, but it failed to provide sufficient facts related to the funding factor. *See* Opinion at 10.

The funding factor "hinges" on whether the payment of the judgment would come from the State. *Maliandi v. Montclair State Univ.*, 845 F.3d 77, 86 (3d Cir. 2016). To this end, three subfactors to consider are whether the State has a legal obligation to pay a money judgment if it is entered against the entity, if the entity has alternative sources of funding, or if there are any specific statutory provisions that immunize the State (and, subsequently, the entity) from liability for money judgments. *Id.*

While an entity does not need to meet all three factors for immunity to apply, the Court is required to consider each of the factors equally when determining whether an entity is entitled to immunity. *See Bowers v. NCAA*, 475 F.3d at 549. Further, the Court is responsible to balance the factors after a highly fact intensive review. *See id.* at 546; *see also Maliandi*, 845 F.3d at 84.

---

[1] "Arms of the State" are defined as entities that, by their very nature, are so intertwined with the State that any suit against them renders the State the real, substantial party in interest. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

Here, Defendant provides sufficient facts to demonstrate that the status factor weighs in favor of immunity, namely that Defendant is not separately incorporated from the state of New Jersey, that it was represented by the State Attorney General's Office, is immune from all state taxation, and has the power of eminent domain. *See* Mot. to Dismiss at 7-8; Hodge Decl. at Exs. B, C; *see also* N.J.S.A. 18A:64-6(1). Defendant also notes that it is a state employer, and that its employees participate in the State's health benefit and pension programs. *Id.* at 8-9; *see also* N.J.S.A. 18A:66-170,-171. Defendant also provides facts sufficient to demonstrate that the autonomy factor weighs in favor of immunity such as: the Governor appoints the Board of Trustees, with advice and consent of the Senate, who in turn appoints the President and all other College officers and employees. *Id.* at 10; *see also* N.J.S.A. 18A:64-3, N.J.S.A. 18A:64-6(g), (i). The time and content of Board meetings are dictated by statute and the Board is entitled to expense reimbursement. *Id.*; *see also* N.J.S.A. 18A:64-4, -5.

Finally, Defendant provides facts regarding the funding factor: whether a judgment would be paid from the State treasury. *See Bowers*, 475 F.3d at 546-47. Here, Defendant provides that the New Jersey State Legislature annually appropriates funds to Defendant for its budget, and if a judgment were to be issued against Defendant in this case, the monies used for that purpose would come from the New Jersey State Treasury. *See* Mot. to Dismiss at 12-13; Hodge Decl. at Ex. C; *see also* THE STATE OF NEW JERSEY ANNUAL COMPREHENSIVE FINANCIAL REPORT, June 30, 2023 at 58, http://www.nj.gov/treasury/omb/publications/23fr/NJFRFY2023Complete.pdf. The Court finds that the third factor weighs in favor of immunity.

Given that all three *Fitchik* factors weigh in favor of immunity, the Court finds that Eleventh Amendment immunity applies to Defendant. Therefore, the Court no longer has subject matter jurisdiction and this case must be dismissed.

## V.    CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss, (ECF No. 42), will be **GRANTED with prejudice**. An order consistent with this Opinion will be entered.

December 12, 2024

KAREN M. WILLIAMS, U.S.D.J.